UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

WHITNEY INFORMATION NETWORK,
INC., a Colorado corporation, and RUSS
WHITNEY, an individual,          CASE NO. 2:04-cv-47-FtM-29-SPC

    Plaintiffs,

vs.

XCENTRIC VENTURES, LLC,
an Arizona limited liability company;
BADBUSINESSBUREAU.ORG,
an Arizona limited liability company; and
ED MAGEDSON, an individual,

    Defendants.
_____/

### DEFENDANTS' MOTION TO DISMISS COMPLAINT
### FOR LACK OF PERSONAL JURISDICTION
### WITH SUPPORTING MEMORANDUM OF LAW

Defendants XCENTRIC VENTURES, LLC, an Arizona limited liability company ("Xcentric"); BADBUSINESSBUREAU.ORG, an Arizona limited liability company ("BBB"); and ED MAGEDSON, an individual ("Magedson"), (collectively "Defendants"), through their undersigned counsel and pursuant to Rule 12(b)(2), Fed.R.Civ.P., Fla. Stat. §48.193(1) and Rule 3.01 of the Local Rules of the United States District Court for the Middle District of Florida, file this motion and supporting memorandum of law to dismiss the Complaint filed in this action by Plaintiffs WHITNEY INFORMATION NETWORK, INC., a Colorado corporation ("WINI"), and RUSS WHITNEY, an individual ("Whitney") (collectively "Plaintiffs"). As set forth



Dockets.Justia.com

below in the supporting memorandum of law, this Court lacks personal jurisdiction over all Defendants and as such all claims against Defendants should be dismissed for lack of personal jurisdiction.

**MEMORANDUM OF LAW**

I.   **INTRODUCTION.**

This Court may not properly exercise personal jurisdiction over non-resident Defendants Xcentric, BBB and Magedson because the exercise of personal jurisdiction is not proper under Florida's long-arm statute and Defendants Xcentric, BBB and Magedson, each non-resident Defendants, lack sufficient minimum contacts such that the exercise of personal jurisdiction over these Defendants would violate constitutional due process guarantees.

In their Complaint, Plaintiffs allege in conclusory fashion, without any specific factual allegation, that Defendants are subject to the jurisdiction of this Court because they each allegedly (1) "Operate[], conduct[], engage[] in or carr[y] on a business or business ventures within this state through [] Internet websites" (Complaint, ¶¶ 5(a), 6(a) and 7(a)); (2) "Infringed upon Plaintiffs (sic) trademarks in violation of 15 U.S.C. §1114 and 15 U.S.C. §1125 and published and continue[] to publish infringing marks in Florida" (Complaint, ¶¶ 5(b), 6(b) and 7(b)); (3) "committed and continue[] to commit a tort in Florida by publishing false and defamatory information on [their] websites about Plaintiffs, directed at Florida and causing injury in Florida that give rise to a potential claim cognizable in Florida" (Complaint, ¶¶ 5(c), 6(c) and 7(c)). In addition, Plaintiffs allege that the Court has personal jurisdiction over Defendants as they allegedly

"infringed on Plaintiffs' trademarks by intentionally publishing Plaintiffs' trademarks in Florida on their Internet website." (Complaint at ¶ 8). Plaintiffs further claim that "Defendants' use of Plaintiffs' trademarks is for interstate commercial activity and such use is a substantial aspect of Defendants' conduct giving rise to Plaintiffs' claims" (Complaint at ¶8); that Defendants "published defamatory information and clearly directed said information at a corporation in Florida, via their Internet websites . . . [and thereby allegedly caused] harm [which] has occurred and will continue to occur in Florida" (Complaint ¶¶10, 11), the alleged infringement and alleged publication is causing injury in Florida (Complaint at ¶12). Moreover, Plaintiffs allege in conclusory fashion that "Defendants engaged in and continue to engage in substantial activity within the State of Florida by, *inter alia,* engaging in and continuing to engage in solicitation or service activities within the State of Florida." (Complaint at ¶13).[1]

While Plaintiffs have attempted to track portions of Florida's long-arm statute in the Complaint's conclusory jurisdictional allegations, the Complaint fails to allege facts sufficient to warrant the exercise of personal jurisdiction over Defendants Xcentric, BBB and Magedson.. Simply stated, the allegations in the Complaint are insufficient to confer personal jurisdiction over the Defendants in Florida because none of the Defendants have any connection to the State of Florida. Moreover, these allegations ignore the fact that the exercise of personal jurisdiction is prohibited by the Due Process Clause of the United States Constitution. As such, Plaintiffs have failed to meet their burden of alleging a

---

[1]   Paragraphs 10-13 are found within the "Venue" and not jurisdictional allegations of the Complaint.

cognizable basis for the exercise of this Court's personal jurisdiction over the Defendants. Accordingly, the Defendants' Motion to Dismiss for Lack of Personal Jurisdiction must be granted in it entirety.

## II.   THE COMPLAINT MUST BE DISMISSED PURSUANT TO RULE 12(b)(2), FED.R.CIV.P.

Under Florida law, Plaintiffs bear the burden of proving personal jurisdiction. *Meterlogic, Inc. v. Copier Solutions, Inc.*, 126 F. Supp.2d 1346, 1352 (S.D. Fla. 2000) *citing Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996). Plaintiffs' "burden in alleging personal jurisdiction is to set forth sufficient material facts to establish [a] basis for exercise of such jurisdiction." *Future Tech. Today, Inc. v OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000). The Complaint fails to set forth sufficient material facts to establish a basis for the exercise of personal jurisdiction under the well-established precedent of this Court.

This Court must conduct a two-part analysis in evaluating the sufficiency of the facts set forth by Plaintiff in their attempt to show this Court has personal jurisdiction. First, the plaintiff must show that the nonresident defendant has purposefully established "minimum contacts" with Florida. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945); *Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 105, 107 S.Ct. 1026, 1028, 94 L.Ed.2d 92, 100 (1987); *Future Technology Today, Inc. v. OSF Healthcare Systems*, 218 F.3d 1247, 1249 (11th Cir. 2000)(*citing, Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623 (11th Cir. 1996)). That is, this Court must consider whether the Florida long-arm statute provides a statutory basis for jurisdiction. *Cable/Home Communication Corp. v Network Prods.,*

*Inc.*, 902 F.2d 829, 855 (11th Cir. 1990). The Supreme Court of the United States has long recognized that an essential goal of the minimum contacts test is to protect the nonresident defendant. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 100 S.Ct. 559, 564, 62 L.Ed.2d 490, 498 (1980). This goal requires this Court to determine whether the nonresident defendant has purposely availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528, 541-42 (1985). The "minimum contacts" aspect of due process can be satisfied by either finding general jurisdiction or specific jurisdiction." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8, 104 S.Ct. 1868, 1872 n.8, 80 L.Ed.2d 404, 411 n.8 (1984); *World-Wide Volkswagen*, 444 U.S. at 293-94, 100 S.Ct. at 565-66, 62 L.Ed.2d at 498-99. Section 48.193(1), Florida Statutes sets forth the possible bases for the assertion of *specific* jurisdiction[2] over a non-resident defendant, while section 48.193(2), Florida Statutes provides the foundation for the assertion of *general* jurisdiction. Second, this Court must consider and determine separately whether Plaintiffs showed that the "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" e.g. that it does not violate the due process clause of the Fourteenth Amendment and related precedent. *International Shoe*, 326 U.S. at 316, 66 S.Ct. at 158, 90 L.Ed. at 102; *Cable/Home*, 902 F.2d at 855; *Future Technology*,

---

[2]  Specific jurisdiction exists when a defendant's contacts with the forum state are directly related to the causes of action asserted, whereas general jurisdiction exists when a defendant's contacts are so systematic within the forum that the claims asserted need not be related to the defendant's contacts with the forum state. *Madara*, 916 F.2d at 1516 n.7.

*supra, citing Sculptchair*, 94 F.3d at 626; *International Shoe v. Washington*, 326 U.S. 310 (1945).

Here, Plaintiffs' allegations satisfy neither Florida's Long Arm Statute nor the applicable Constitutional requirements. The facts alleged in the Complaint are wholly deficient when measured against the requirements of the Florida long-arm statute and the due process clause. Consequently, this action must be dismissed for lack of personal jurisdiction. *Madara*, 916 F.2d at 1514.

**A.   The Court Lacks Any Basis To Exercise Specific Jurisdiction Over Defendants Pursuant to Florida Statute Section 48.193(1).**

When specific jurisdiction is asserted, the minimum contacts analysis focuses on the relationship among the defendant, the forum and the litigation. *Helicopteros*, 466 U.S. at 414, 104 S.Ct. at 1872, 80 L.Ed.2d at 410-11. Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, a plaintiff must meet the "fair warning" requirement by establishing the defendant has purposefully availed itself of the privilege of conducting activities within the forum state, thereby "invoking the benefits and protection of its laws," and the litigation results from alleged injuries that "arise out of or relate to" those activities. *Burger King*, 471 U.S. at 472 - 74, 105 S.Ct. at 2182 - 83, 85 L.Ed.2d at 540-41 (citations omitted). Isolated contacts by a nonresident defendant with the forum state or its residents are not sufficient for a court to assume personal jurisdiction over that nonresident defendant. *Burger King Corp.*, 471 U.S. at 475 n. 18, 105 S.Ct. at 2184 n. 18, 85 L.Ed.2d at 543 n. 18. Ultimately, the defendant's connection with the forum state must be of such a nature that

the defendant should reasonably anticipate being haled into court in that state. *Burger King Corp., supra.*

In order for this Court to exercise specific personal jurisdiction over Defendants pursuant to Florida's long-arm statute, Plaintiffs must assert facts to support the exercise of jurisdiction under one of the categories set forth in section 48.193(1), Florida Statutes. *Future Tech. Today, Inc. v. OSF Healthcare Sys.,* 218 F.3d 1247, 1249 (11th Cir. 2000). Plaintiffs fail to invoke any specific provision of section 48.193(1) in their Complaint. However, based upon the conclusory allegations of the Complaint, there are only three conceivable subsections of section 48.193(1) that Plaintiffs may attempt to rely on to establish specific personal jurisdiction (1)(a), 1(b) and (1)(f). Neither provides a basis for the assertion of personal jurisdiction over Defendants Xcentric, BBB and Magedson because all of Plaintiff's jurisdictional allegations are merely conclusory statements and the few allegations that attempt to invoke facts are not a sufficient basis for the exercise of personal jurisdiction. Florida's Long-Arm Statute, Fla. Stat § 48.193, provides in relevant part that:

> (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
>
> (a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
>
> (b) Committing a tortious act within this state.
>
> . . .

> (f) Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:
>
> 1. The defendant was engaged in solicitation or service activities within this state; or
>
> 2. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.
>
> ...

Fla. Stat. § 48.193(1)(a), (b) and (f).

The plain facts surrounding the Defendants and their business clearly establish that this Court does not have personal jurisdiction over the Defendants under any of these bases.

**1.     This Court Does Not Have Jurisdiction Under Section 48.193(1)(a), Fla. Stat.**

Defendants do not operate, conduct, engage in, or carry on a business or business venture in this state or have an office or agency in this state. The allegation that Defendants' alleged Internet website or anything "published" on that website, somehow confer personal jurisdiction over Defendants, is wrong and this very argument was rejected by this Court in a recent decision. In *Miller v. Berman*, 289 F.Supp.2d 1327 (M.D. Fla. 2003), the Middle District held that similar allegations against a web site operator were insufficient to confer personal jurisdiction under Florida's Long-Arm Statute.

Specifically, in *Miller*, the plaintiff alleged that the defendants were liable for negligent misrepresentation, breach of warranty, and false advertising. *Id.* at 1329. In that case, Berman was president of TMC Corporation which operated as a broker of new

and used catamarans. *Id.* TMC advertised its services and yachts in magazines and on its website that it maintained in Pennsylvania. *Id.* Plaintiff, a Florida resident, saw an ad for a used F-41 Cougar Marine Catamaran on the website and contacted the defendant via an e-mail, expressing his interest in the catamaran. *Id.* Subsequent e-mails and telephone calls ensued between the plaintiff in Florida and the defendant. *Id.* These contacts culminated in defendant ultimately determining that the F-41 was not an appropriate vessel for the plaintiff, and therefore, defendant referred plaintiff to a catamaran builder in South Africa. *Id.* at 1329-1330.

The Middle District of Florida held in *Miller* that the defendants could not be subject to personal jurisdiction in Florida under Section 48.193(1)(a) of Florida's Long-Arm because defendants "did not operate, conduct, engage in, or carry on a business or business venture in the State of Florida. *Id.* at 1332. The Court rejected the argument that the website and web-based advertising constituted transacting business in Florida. Moreover, the court distinguished the case of *Obermaier v. Kenneth Copeland Evangelistic Assoc., Inc.,* 208 F. Supp.2d 1288, 1291 (M.D. Fla. 2002), where the court had found jurisdiction over a website operator, on the basis that in *Obermaier*, the website was used to solicit money in the form of contributions from Florida residents. *Id.*

Here, the Defendants have even less contact with Florida than the *Miller* defendants.

Defendant, Xcentric, is an Arizona limited liability company which neither transacts any business, nor maintains any offices, or agents or employees within the State of Florida. (Magedson Aff. at ¶ 7).

Defendant, Badbusinessbureau.org, was an Arizona Corporation that never even published its Articles of Incorporation and was administratively dissolved. It has no involvement in the website at issue and it has never transacted business in the State of Florida or anywhere else. (Id. at ¶ 10).

Defendant, Ed Magedson, is an individual who resides in Arizona. Further, he has never resided in the State of Florida and has not been in the State of Florida since 1973, during which time he operated a flower business. (Id. at ¶ 2-3). Mr. Magedson sold his flower business in or about 1974, and has neither owned any assets, nor maintained any offices in the State of Florida since that time. (Id. at ¶ 4).

Defendant Xcentric's operation of a website does not constitute operating, conducting, engaging in, or carrying on a business or business venture in Florida. None of the Defendants have an office or agency in this state. As such, Section 48.193(1)(a), Florida Statutes does not confer personal jurisdiction over the Defendants.

### 2. This Court Does Not Have Jurisdiction Under Sections 48.193(1)(b) or (f), Fla. Stat.

In that Defendants have not committed any torts within or having an effect within the State of Florida, this Court lacks "tort-based" jurisdiction over the Defendants. *Miller, supra* (no tort-based jurisdiction over the defendants under Sections 48.193(b) or (f)).

In *Miller*, this court applied the "sliding scale approach" first enunciated by *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119 (W.D. PA 1997). The Zippo sliding scale analysis consists of three levels: (1) where the defendant conducts business over the Internet through its active website; (2) where the defendant maintains

an interactive website; and (3) where the defendant maintains a passive website. *Id.* The first Category [Level 1] consists of situations where a defendant clearly does business over the Internet and personal jurisdiction is proper. *Id.* Websites in this category are interactive and allow for a transaction between the user and the website owner. *Id.* The second Category [Level 2] is occupied by interactive websites where a user can exchange information with the host computer and personal jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the website. *Id.* The final Category [Level 3] consists of situations where a defendant has posted information on a passive Internet website which is accessible to users in foreign jurisdictions and personal jurisdiction is improper. *Id.*

The *Miller* Court held that the website at issue in hat case was a passive, Level 3 website, and therefore held that Florida did not have personal jurisdiction over the defendants. *Miller*, 289 F.Supp. at 1335-1336. The *Miller* Court reached this conclusion even though the record indicated that TMC clearly solicited business over the website, and that the plaintiff initiated his contact from Florida through that website.

In the instant case, Xcentric's operations are even more passive that the TMC website, and as such, fall squarely into the Level 3 Category. Xcentric operates a passive website which allows consumers the ability to post complaints against companies with which they have done business. (Magedson Aff. at ¶ 8). All of the acts complained of by Whitney relate to the passive data posted on the website. Therefore, such conduct is insufficient to give rise to Personal Jurisdiction under Florida's Long-Arm Statute.

### B. The Court Lacks Any Basis To Exercise General Jurisdiction Over Defendants Pursuant To Section 48.193(2), Fla. Stat.

A court may exercise general jurisdiction over a foreign defendant under section 48.193(2) of the Florida long-arm statute only if the foreign defendant is engaged in "continuous and systematic" and "extensive and pervasive" activity in Florida. Fla. Stat. § 48.193(2); *see generally Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408 (1984). While it is unclear whether Plaintiffs are attempting to assert that the Court may exercise general jurisdiction through the purported jurisdictional or venue allegations of the Complaint, it is quite clear that Plaintiffs have not alleged and cannot present any facts that Defendants have engaged in systematic and continuous business activity in Florida. *See* Discussion above and see generally Magedson Aff. More specifically, Plaintiffs cannot assert any facts that show that Defendants (1) are licensed or qualified to do business in Florida, (2) have an office or agency in Florida, (3) operate, conduct, engage in, or carry on a business or business venture in Florida, (4) have an office address or telephone number in Florida, (5) have appointed an agent for service in Florida, (6) pay taxes to the state, or (7) have a banking or other financial account in Florida. This Court lacks any basis to exercise general jurisdiction over Defendants pursuant to Section 48.193(2), Florida Statutes because the Defendants, all of whom are non-residents, have not been engaged in "continuous and systematic" and "extensive and pervasive" activity in Florida as required by the statute. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). When Plaintiffs' conclusory allegations are eliminated, it is clear that Plaintiffs have failed to

allege any facts to support their contention that this Court has personal jurisdiction over any Defendant.

### C. DUE PROCESS PREVENTS THIS COURT FROM EXERCISING JURISDICTION OVER THE DEFENDANTS.

Alternatively, even if this Court were to determine that Defendants' activities were sufficient to confer Personal Jurisdiction under Florida's Long-Arm Statute, this Court is still denied Personal Jurisdiction over the Defendants by the Due Process Clause of the United States Constitution.

> There are three considerations under the due process clause (1) purposeful availment of the forum state; (2) the cause of action arises out of the activities of which you purposefully availed yourself, i.e., the contacts must proximately result from actions by the defendant himself that create a 'substantial connection' with the forum state; and (3) reasonable forseeability that 'a defendant should reasonably anticipate being haled into court there.' (internal citations omitted).

*Future Technology*, 218 F.3d 1247, 1250-1251 (*citing, Burger King v. Rudzewicz*, 471 U.S. 462, 474 (1985)(*quoting, World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 297 (1980))). In essence, the Due Process Clause ensures that persons will have fair warning that a particular activity may subject them to the jurisdiction of a foreign sovereign. *Burger King*, 471 U.S. at 472.

Due Process mandates dismissal of this case. To begin, none of the Defendants' business activities have any direct or purposeful connection to Florida. Rather, the website operated by Xcentric has over 90,000 reports pertaining to a multitude of different jurisdictions. (Magedson Aff. at ¶ 9). While Plaintiff may claim that Defendants intentionally aimed their conduct at Plaintiff by defaming Plaintiff in Florida or using Plaintiff's trademark, the fact remains that Xcentric and its agents are not the

authors of the allegedly offending materials. Xcentric merely operates the website upon which consumers post their own complaints. Even if the consumer purposefully aimed its writings at a Florida resident, Xcentric did not.

None of the causes of action allege any specific conduct aimed at creating any "connection" to Florida. Rather, the allegations point to the content of a website – content which is the same whether it is viewed in Florida or any other place in the world.

Finally, based on the broad reach of the website, none of the Defendants can reasonably be characterized as anticipating that the content of a passive website could be the basis for them to be haled into court into each and every jurisdiction in which the website is viewed.

Accordingly, Due Process prevents this Court from having Personal Jurisdiction over the Defendants, and as such, the Complaint must be dismissed.

### III. CONCLUSION

Plaintiffs have not met their burden of alleging facts sufficient to confer personal jurisdiction and this Court must dismiss the non-resident Defendants from this case for lack of personal jurisdiction.

WHEREFORE, Defendants Xcentric Ventures, LLC, badbusinessbureau.org and Ed Magedson, respectfully request that the Complaint be dismissed in its entirety and that

CASE NO. **2:04-cv-47-FtM-29-SPC**

Defendants be granted any further relief that this Court deems just and proper.

Dated: June 28, 2004.

| | |
|---|---|
| Of Counsel:<br>**JABURG & WILK PC**<br><br>Maria Crimi Speth, Esq.<br>Arizona Bar No. 012574<br>3200 North Central Avenue<br>Suite 2000<br>Phoenix, Arizona 85012<br>Telephone: 602.248.1000<br>Facsimile: 602.248.0522<br>E-mail mcs@jaburgwilk.com<br><br>Jonathan P. Ibsen<br>7047 East Greenway Parkway<br>Suite 140<br>Scottsdale, AZ 85254<br>Telephone: 480.624.2777<br>Facsimile: 480.607.9483<br>E-mail: jpi@jaburgwilk.com<br><br>Attorneys for Defendants<br>Xcentric Ventures, LLC, ,<br>badbusinessbureau.org, and<br>Ed Magedson | **DUANE MORRIS LLP**<br><br>By: _/s/ James A. Weinkle_<br>James A. Weinkle<br>Florida Bar No. 710891<br>Trial Counsel<br>Wachovia Financial Center, Suite 3400<br>200 South Biscayne Boulevard<br>Miami, Florida 33131-5323<br>Telephone: 305.960-2200<br>Facsimile: 305.960-2201<br>E-Mail: JAWeinkle@duanemorris.com<br><br>Attorneys for Defendants<br>Xcentric Ventures, LLC,<br>badbusinessbureau.org, and<br>Ed Magedson |

CASE NO. **2:04-cv-47-FtM-29-SPC**

-16-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by facsimile and United States Mail on June 28, 2004 upon:

Scott W. Rothstein, Esq.
Alana D. Cappello, Esq.
Christina M. Kitterman, Esq.
ROTHSTEIN, ROSENFELDT,
DOLIN & PANCIER, P.A.
300 Las Olas Place
300 S.E. 2nd Street
Suite 860
Ft. Lauderdale, Florida  33301

E-mail: srothstein@rrdplaw.com
Telephone: 954.522.3456
Facsimile:  954.527.8663

By: _____
James A. Weinkle

MIA\131404.2