**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION**

**WHITNEY INFORMATION NETWORK, INC., a Colorado corporation, and RUSS WHITNEY, an individual,**

**CASE NO. 2:04-cv-47-FtM-29-SPC**

**Plaintiffs,**

**vs.**

**XCENTRIC VENTURES, LLC, an Arizona limited liability company; BADBUSINESSBUREAU.ORG, an Arizona limited liability company; and ED MAGEDSON, an individual,**

**Defendants.**

______________________________________/

**DEFENDANTS' UNOPPOSED MOTION, WITH SUPPORTING MEMORANDUM OF LAW, FOR LEAVE TO FILE REPLY TO PLAINTIFFS' OPPOSITION RESPONSE TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendants Xcentric Ventures, LLC, Badbusinessbureau.Org, and Ed Magedson (collectively, the "Defendants"), hereby move, pursuant to Rule 3.01 of the Rules of the United States District Court for the Middle District, for leave to file a reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction. As grounds in support of this unopposed motion, Defendants submit as follows:

**MEMORANDUM OF LAW**

## I. INTRODUCTION:

Pursuant to Local Rule 3.01 (b), Defendants respectfully request this Court's

10297-001/JPI/JPI/402055

Dockets.Justia.com

permission to file a Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (the "Opposition"), to address the facts and arguments raised in the Opposition, which were not alleged in the Complaint.

Simply put, in the Opposition, Plaintiffs have gone far beyond the issues raised in the Complaint. Plaintiffs have argued a different basis for jurisdiction, and alleged different facts to support such argument, than those set forth in the Complaint.

## II. ARGUMENT

Defendants should be given leave to file a Reply to Plaintiffs' Opposition because the Opposition raises different facts and different basis for jurisdiction than those raised in the Complaint. Specifically, Plaintiffs have alleged different transactions from those raised in the Complaint, asserted a new legal theory, relied upon alleged acts of an un-named party as the basis for jurisdiction, and relied upon facts not mentioned in the Complaint, which were first raised in the Affidavit of Scott Durkin.

For example, on page 3 of Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss Complaint for Lack of Personal Jurisdiction ("Plaintiffs' Memorandum at pg.__"), Plaintiffs' first raise the factual allegations that Defendants reviewed and "choose which complaint to publish on their websites." Moreover, such "allegations" are not supported by any sworn testimony to support such "facts." Plaintiffs' also allege for the first time, and without any support, that "Defendants use Plaintiffs' trademarks in the title of such stories in an effort to divert

Internet traffic to Defendants' website." (Id.)

Similarly, Plaintiffs' also attempt to bootstrap the actions of an un-named party to purportedly establish jurisdiction. Specifically, Plaintiffs' attempt to use the sales of books through the website "ripoffrevenge.com" as a new theory for asserting jurisdiction in Florida. However, ripoffrevenge.com is neither owned nor operated by any of the named Defendants. Rather, ripoffrevenge.com is operated by Consumer Media Publishing, Inc. – an entity which is not a party to this action, and whose acts clearly should not be imputed to the Defendants.

Further, Plaintiffs have first raised allegations in the Affidavit of Scott Durkin, sworn on August 9, 2004 ("Durkin Aff. at ¶ __") – five (5) days after the date of the Opposition – which must be addressed in Reply. Specifically, Plaintiffs have now asserted that Defendants website employs the use of "spiders" and "meta tags" to purposefully search and direct users to information on Florida Corporations. (Durkin Aff. ¶¶ 10, 11, 12, 13, 14).

Accordingly, Plaintiffs' have impermissibly used the Opposition as a vehicle to assert new and unsupported, facts, legal theories and un-named parties as a basis for this Court's alleged jurisdiction over this Action. Consequently, Defendants should be afforded the opportunity to Reply to such new allegations and theories.

## III. RULE 3.01(g) CERTIFICATION:

Defendants' local counsel has conferred with Plaintiffs' counsel and is authorized to report that Plaintiffs' counsel has stated Plaintiffs have no opposition to

leave being granted to Defendants to file a reply memorandum.

## IV. CONCLUSION:

Wherefore, Defendants respectfully request that this Court enter an order (a) granting Defendants leave to file a Reply, and (b) granting any such further relief it deems just and proper.

Dated: August 17, 2004.

Of Counsel:

**JABURG & WILK PC**

/s Jonathan P. Ibsen
Jonathan P. Ibsen
7047 East Greenway Parkway
Suite 140
Scottsdale, AZ 85254
Telephone: 480.624.2777
Facsimile: 480.607.9483
E-mail: jpi@jaburgwilk.com

Maria Crimi Speth, Esq.
Arizona Bar No. 012574
3200 North Central Avenue
Suite 2000
Phoenix, Arizona 85012
Telephone: 602.248.1000
Facsimile: 602.248.0522
E-mail mcs@jaburgwilk.com

Attorneys for Defendants
Xcentric Ventures, LLC, ,
badbusinessbureau.org, and
Ed Magedson

/s James A. Weinkle
James A. Weinkle
Florida Bar No. 710891
DUANE MORRIS LLP
Wachovia Financial Center, Suite 3400
200 South Biscayne Blvd.
Miami, Florida 33131
Telephone: 305.960-2200
Facsimile: 305.960-2201
JAWeinkle@duanemorris.com

Attorneys for Defendants
Xcentric Ventures, LLC,
badbusinessbureau.org, and
Ed Magedson

**CASE NO. 2:04-cv-47-FtM-29-SPC**

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2004, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following CM/ECF participants:

Scott W. Rothstein, Esq.
Alana D. Cappello, Esq.
Christina M. Kitterman, Esq.
ROTHSTEIN, ROSENFELDT, DOLIN & PANCIER, P.A.
300 Las Olas Place
300 S.E. 2nd Street
Suite 860
Ft. Lauderdale, Florida 33301

Telephone: 954.522.3456
Facsimile: 954.527.8663

I further certify that on August 17, 2004, I mailed the foregoing document and notice of electronic filing to the foregoing attorneys.

By: s/James A. Weinkle
James A. Weinkle