UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

WHITNEY INFORMATION NETWORK,
INC., et. al.,
    Plaintiffs,                               CASE NO. 2:04-cv-47-FtM-29-SPC
vs.

XCENTRIC VENTURES, LLC, et. al,
    Defendants.
_____/

### DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

Pursuant to this Court's Order, Defendants Xcentric Ventures, LLC, Badbusinessbureau.Org, and Ed Magedson (collectively, the "Defendants"), hereby file their Reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction ("Plaintiffs' Response").

Plaintiffs' Response contains the following unsupported factual assertions that are not alleged in the Complaint, not supported by affidavit, and are controverted by the affidavit of Ed Magedson (Exhibit "A"): (1) that Defendants review complaints and choose which to publish; (2) that Defendants do not provide an opportunity to rebut the postings; (3) that Defendants use Plaintiff's trademarks in the title of the stories in an effort to divert Internet traffic to Defendants' website; and (4) that Defendants sell the Rip-off Revenge guide.

Plaintiffs assert that there are uncontroverted jurisdictional allegations in Plaintiffs' Complaint. To the extent that the allegations listed on pages 7 and 8 of the Response are factual, rather than legal arguments, they either have been addressed in Mr. Magedson's previous affidavit or are addressed in the attached affidavit. To the extent they are legal contentions, they are addressed herein.

Plaintiffs argue that Defendants have committed a tortious act within the state of Florida because libel occurs wherever the offending material is circulated. Defendants, however, did not author the alleged libel. Xcentric operates the website, Ed Magedson was not involved in the postings at issue, and badbusinessbureau.org had no involvement at all. In order to find that Xcentric committed libel in Florida, this court would have to treat Xcentric as the speaker or publisher of the statement, which is prohibited by federal law.[1] Further, the very cases Plaintiffs cite on this point, *Achievers Unlimited* and *Madara* demonstrate that in order for the court to exercise jurisdiction in a libel case, the plaintiff must satisfy the due process clause in addition to the long arm statute and the due process clause requires a showing that the defendant purposefully availed itself of the privileges of doing business in the forum.

Plaintiff also relies on *Becker v. Hooshman,* in which the Court found jurisdiction over a woman who was alleged to have posted numerous statements on the Internet that "targeted Florida residents." There, the defendant did not file a controverting affidavit until ten (10) days after the motion was ruled on. Significantly, the *Becker* case was distinguished by the United States District Court for the Southern District of Florida in *Alternate Energy Corp.,* 2004 WL 1725701 (S.D. Fla. 2004). In *Alternate Energy,* defendant published a website where negative information about the plaintiff was posted. The court held that "merely posting information on the internet" does not satisfy due process minimum contacts, noting that there was no indication that the defendant "expressly aimed" its publication at Florida.

On page 11 of Plaintiffs' Response, in an attempt to satisfy the due process clause, Plaintiffs make the doubly incorrect statement that Defendants published the statements

---

[1] 47 U.S.C. §230 provides that "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." This statute, part of the Communications Decency Act, has been uniformly applied by courts to immunize website operators who allow others to post statements and to preempt state law.

"knowing that the bulk of the injury would be felt by Plaintiffs in Florida where Plaintiffs' business is based." First, the uncontroverted evidence is that Magedson, Xcentric, and badbusinessbureau.org knew nothing about Plaintiffs. Xcentric operated a website upon which over 90,000 postings have been made. The statements at issue were posted by third parties with no input by Defendants. It is baseless to assert that they knew where Plaintiffs resided or even that the postings had been made. Second, as discussed below, it is not accurate to say that the bulk of the injury was felt in Florida.

Plaintiffs argue that due process has been met because it is foreseeable that the web site would be viewed in Florida. Under that theory, there would be jurisdiction over Xcentric throughout the United States, and indeed throughout the world. That contention has been rejected by every court that has considered it. Plaintiffs argue that Defendants purposefully availed themselves of the privileges and benefits of doing business in Florida because the word "Florida" is one of the words in the metatags of the website operated by Xcentric. Plaintiffs fail to mention that the metatags that they are referring to are not linked to the stories posted by third parties about Plaintiffs and that Florida is one of twelve states listed. Metatags are chosen by independent contractor programmers based on the programmers' analysis of popular searches. Xcentric's only direction to the programmer is to use metatags that will increase traffic (from any source) to the website.

Because minimum contacts are lacking, Plaintiffs argue that the concept of "fair play and substantial justice" can permit jurisdiction "upon a lesser showing of minimum contacts than would otherwise be required" citing dicta in *Sun Bank v. E.F. Hutton*. The *Sun Bank* case stands alone in its misinterpretation of the fair play and substantial justice test. A defendant may avoid jurisdiction even where there are minimum contacts, where to do so would offend traditional notions of fair play and substantial justice. *Burger King Corp. v. Rudzewicz*. However, the

Supreme Court has made abundantly clear that the Courts may never dispense with the minimum contacts requirement. *Id.*

Plaintiffs also rely on the effects test set forth by the Supreme Court in *Calder v. Jones,* but *Calder* requires that the harm be particularized to the forum state. *Id.*, 465 U.S. at 789. Plaintiffs have failed to show that they suffered the brunt of injury in Florida. Plaintiff, a Colorado corporation, assumes that this court will find that its injury is in Florida because its principal place of business is in Florida. However, a corporation does not suffer harm in a particular geographic location. *Core-Vent Corp. v. Nobel Industries AB,* 11 F.3d 1482, 1486 (9th Cir.l993). Even if a corporation has its principal place of business in the forum state, it does not necessarily mean that harm to its reputation will be felt more strongly in that state. The majority of courts considering the issue hold that merely identifying the plaintiff's principal place of business is not enough without more to show that the plaintiff has suffered the brunt of an injury in the state. *See, e.g., Dole Food Co., Inc. v. Watts,* 303 F.3d 1104, 1112 (9th Cir. 2002); *IMO Industries, Inc. v. Kiekert AG,* 155 F.3d 254, 265 (3d Cir. 1998); *Far West Capital, Inc. v. Towne,* 46 F.3d 1071, 1079 (10th Cir. l995); *Dakota Indus., Inc. v. Dakota Sportswear, Inc.,* 946 F.2d 1384, 1391 (8th Cir.1991); *Southmark Corp. v. Life Investors, Inc.,* 851 F.2d 763, 773 (5th Cir. 1988) (the location of plaintiff's place of business is a "mere fortuity" when other minimum contacts are not established).

Here, Plaintiffs do business all over the country. Exhibit "E" of Plaintiffs' Response shows a list of reports posted about Plaintiffs on Rip-off Report. The authors are people who attended Plaintiffs' seminars in Arizona, Washington, California, Missouri, and Colorado. Plaintiffs' own website confirms that Plaintiffs do business all over the United States and in Canada. Indeed, they currently have seminars being held in four locations in Defendants' home state, Arizona. (Exhibit "B").

Plaintiffs argue that Defendants infringe their trademarks in Florida. However, a majority of courts agree that simply placing the name of trademark on a website is not enough to show that a defendant has intentionally targeted the forum state. *E.g., Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.,* 334 F.3d 390, 400 (4th Cir. 2003); *Toys "R" Us, Inc. v. Step Two, S.A.,* 318 F.3d 446, 454 (3d Cir.2003); *Rio Properties, Inc. v. Rio International Interlink,* 284 F.3d 1007, 1020 (9th Cir. 2002); *Neogen Corp.,* 282 F.3d at 890; *Panavision International,* 141 F.3d at 1322; *Bensusan Restaurant Corp. v. King,* 937 F.Supp. 295, 301 (S.D. N.Y.1996). To hold otherwise would subject millions of internet users to suit in the state of any company whose trademarked name they happen to mention on a website. Moreover, these Defendants did not even place the trademark on the website.

To establish specific jurisdiction, Plaintiffs' claims must arise out of the contact with the forum state. Plaintiffs allege (incorrectly) that Defendants sell books and allege that Defendants solicit donations and accept advertisements. However, those activities are not substantial and continuous contacts with Florida (See Magedson Affidavit) to establish general jurisdiction and the claims of this case do not arise out of those purported activities in order to establish specific jurisdiction.

WHEREFORE, Defendants Xcentric Ventures, LLC, badbusinessbureau.org and Ed Magedson, respectfully request that the Complaint be dismissed.

**Of Counsel:**

| | |
|---|---|
| **JABURG & WILK PC** | /s James A. Weinkle |
| | James A. Weinkle |
| /s Jonathan P. Ibsen | Florida Bar No. 710891 |
| Jonathan P. Ibsen | **DUANE MORRIS LLP** |
| 7047 East Greenway Parkway | Wachovia Financial Center, Suite 3400 |
| Suite 140 | 200 South Biscayne Blvd. |
| Scottsdale, AZ 85254 | Miami, Florida 33131 |
| Telephone: 480.624.2777 | Telephone: 305.960-2200 |
| Facsimile: 480.607.9483 | Facsimile: 305.960-2201 |

CASE NO. **2:04-cv-47-FtM-29-SPC**

| | |
|---|---|
| E-mail: jpi@jaburgwilk.com | JAWeinkle@duanemorris.com |
| /s Maria Crimi Speth | Attorneys for Defendants |
| Maria Crimi Speth, Esq. | Xcentric Ventures, LLC, |
| Arizona Bar No. 012574 | badbusinessbureau.org, and |
| 3200 North Central Avenue | Ed Magedson |
| Suite 2000 | |
| Phoenix, Arizona 85012 | |
| Telephone: 602.248.1000 | |
| Facsimile: 602.248.0522 | |
| E-mail  mcs@jaburgwilk.com | |

Attorneys for Defendants
Xcentric Ventures, LLC, ,
badbusinessbureau.org, and
Ed Magedson

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2004, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following CM/ECF participants:

Christina M. Kitterman, Esq.
ROTHSTEIN, ROSENFELDT, DOLIN & PANCIER, P.A.
300 Las Olas Place
300 S.E. 2nd Street
Suite 860
Ft. Lauderdale, Florida  33301
Telephone: 954.522.3456
Facsimile:   954.527.8663

I further certify that on August 26, 2004, I mailed the foregoing document and notice of electronic filing to:  Scott W. Rothstein, Esq., Alana D. Cappello, Esq., ROTHSTEIN, ROSENFELDT, DOLIN & PANCIER, P.A., 300 Las Olas Place, 300 S.E. 2nd Street, Suite 860, Ft. Lauderdale, Florida  33301.

By:   s/James A. Weinkle
James A. Weinkle

10297-001/MCS/MCS/402302