UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WHITNEY INFORMATION NETWORK, INC.
and RUSS WHITNEY,

                    Plaintiffs,

vs.                                    Case No.  2:04-cv-47-FtM-29SPC

XCENTRIC     VENTURES,     LLC;
BADBUSINESSBUREAU.ORG;    and    ED
MAGEDSON,

                    Defendants.
_____

## OPINION AND ORDER

_____This matter comes before the Court on Defendants' Motion to
Dismiss Complaint for Lack of Personal Jurisdiction with Supporting
Memorandum of Law (Doc. #6) filed on June 28, 2004.  Plaintiffs'
Memorandum of Law in Opposition to Defendants' Motion to Dismiss
Complaint for Lack of Personal Jurisdiction (Doc. #18) was filed on
August 5, 2004.  With the permission of the Court, defendants filed
a Reply (Doc. #23) on August 26, 2004.

### I.

After reviewing the Complaint and its exhibits, defendants'
Motion and Affidavit, plaintiffs' response and affidavit, and the
Reply and affidavit, the Court exercises its discretion and
determines that an evidentiary hearing is not warranted.  In this
circumstance, plaintiffs must establish a prima facie case of
personal jurisdiction over the nonresident defendants.  Meier v.
Sun Internat'l Hotels, Ltd., 288 F.3d 1264, 1268-69 (11th Cir.

2002).  "A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict." United States Sec. & Exch. Comm'n v. Carrillo, 115 F.3d 1540, 1542 (11th Cir. 1997), quoting Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990) (citations omitted).  Plaintiffs bear "the burden of proving 'by affidavit the basis upon which jurisdiction may be obtained' only if the defendant challenging jurisdiction files 'affidavits in support of his position.'" Posner v. Essex Ins. Co., Ltd, 178 F.3d 1209, 1214 (11th Cir. 1999), quoting Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla. 1989).

## II.

Plaintiffs filed a Complaint (Doc. #1) containing the following four counts: Count I – Federal Trademark Infringement; Count II – False Designation of Origin, False Description and False Representation under 15 U.S.C. § 1125(a); Count III – Common Law Trademark Infringement; and Count IV – Defamation Per Se of Business Reputation.  The Complaint sets forth the following allegations: Russ Whitney created Whitney Information Network, Inc., in 1996 "to provide post-secondary educational and training products and services in the areas of real estate investing, business development, financial investment and asset protection real estate  to students world-wide." (Doc. #1, ¶22). Plaintiffs created several websites to promote their products and allow potential students to register for training programs or purchase

educational materials. (Doc. #1, ¶32). Plaintiffs' websites are accessed by entering their Marks in any Internet search engine, which produces a list of search results. Included in the search results is one identifying Defendants' website, entitled "www.ripoffreport.com" (Doc. #1, ¶¶ 33, 35). The purpose of the defendants' website is to publish consumer complaints, which defendants actively solicit, and to imply that the company named in such complaint is 'ripping off' consumers. (Doc. #1, ¶¶ 37, 39). Defendants' website also advertises items for sale (Doc. #1, ¶ 42) and solicits donations from consumers. (Doc. #1, ¶ 43). While in "www.ripoffreport.com" a consumer can click on a link to a second website entitled "www.ripoffrevenge.com." At this website defendants sell either a service or do-it-yourself kits. (Doc. #1, ¶41). Defendants published more than a dozen false stories about the plaintiffs, and subjected the plaintiffs to false and defamatory articles. (Doc. #1, ¶¶44-46).

### III.

Defendants contend that the Complaint must be dismissed under FED. R. CIV. P. 12(b)(2) for lack of personal jurisdiction. (Doc. #6). The applicable legal standards for considering issues of personal jurisdiction have been summarized in <u>Nippon Credit Bank, Ltd. v. Matthews</u>, 291 F.3d 738, 746-48 (11th Cir. 2002), <u>Meier</u>, 288 F.3d at 1269, and <u>D.W. Mercer, Inc. v. Valley Fresh Produce, Inc.</u>, 146 F. Supp. 2d 1274, 1276 (M.D. Fla. 2001), and need not be

repeated here.  In brief, the Court first determines whether defendants' activities satisfy the Florida long-arm statute, and if so, whether the extension of jurisdiction comports with the due process requirements of the Fourteenth Amendment.  <u>Meier</u>, 288 F.3d at 1269.  Separate determinations must be made as to each defendant.

For purposes of the motion, plaintiffs assert that the Court has specific jurisdiction over defendants under the following portion of the Florida long-arm statute:

> (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
>
> . . .
>
> (b) committing a tortious act within this state.

Fla. Stat. § 48.193(1)(b). (Doc. #18, p. 9).  Defendants assert that their activities do not satisfy the Florida statute, and that the exercise of jurisdiction would offend due process.

The Florida Supreme Court has held that a defendant's physical presence in Florida is not required to commit a tortious act within the state.  Rather, "'committing a tortious act' in Florida under section 48.193(1)(b) can occur through the nonresident defendant's telephonic, electronic, or written communications into Florida" as long as the cause of action arises from the communications.  <u>Wendt</u>

v. Horowitz, 822 So.2d 1252, 1260 (Fla. 2002).  See also Acquadro
v. Bergeron, 851 So. 2d 665 (Fla. 2003).

Xcentric Ventures, LLC is an Arizona limited liability corporation whose principal place of business is in Arizona. Plaintiffs allege, and it has not been disputed by affidavit or declaration, that Xcentric published and continues to publish infringing marks in Florida on its websites, which are directed at Florida and cause injury in Florida.  (Doc. #1, ¶5(b), (c)).  The Affidavit of Mr. Magedson states that Xcentric "operates a website which allows consumers the ability to post complaints against companies with which they have done business," and that the website contains over 90,000 reports. (Doc. #7).   While Mr. Magedson's Affidavit also states that Xcentric does not transact any business, have any agents in Florida, or maintain any offices in Florida, this is not determinative under Fla. Stat. § 48.193(1)(b).  Its website "www.ripoffreport.com" allows consumers to target an individual state by inviting them to "Pick any state!" for information.  (Doc. #18, Exhibit A; Exhibit B).  The website promises to contact individual consumers with certain information (Doc. #18, Exhibit A, "We will contact you if a lawsuit is being considered or has been filed which you may want to be a party to"), e-mail victims to contact other victims and attorneys interested in pursuing class action lawsuits (Doc. #18, Exhibit A), and to put consumers in contact with the media (Doc. #18, Exhibit A).  The

website asserts that it has assisted, and continues to assist, many government agencies from around the country, and that many television stations "from all around the country" come to the Rip-off Report for information. (Doc. #18, Exhibit A). The website offers businesses the opportunity to file a rebuttal to any report it publishes (Doc. #18, Exhibit A). The website ran at least nine reports concerning plaintiffs' activities in Florida, and specifically solicited information from the named business in a "Rebuttal Box" on the website. (Doc. #18, Exhibit E). The website sold advertizing space, and solicited advertisers with reduced rates and a feature which allowed them to "Pick any state!" (Doc. #18, Exhibit C). In an example of its advertizing service, the website specifically referred to advertizing business in Florida and the presence of reports from Florida. (Doc. #18, Exhibit C). The website also solicited donations from all consumers (Doc. #18, Exhibit D). Scott Durkin's Affidavit states he accessed the website in Florida, and found meta tags key words in the website source code which included "Florida."

        Plaintiffs allege that badbusinessbureau.org published and continues to publish infringing marks in Florida, and has published information on its website about plaintiffs, directed at florida, and causing injury in Florida. (Doc. #1, ¶ 6(b), (c). According to the Affidavit of defendant Edward Magedson, defendant badbusinessbureau.org is an administratively dissolved Arizona

corporation which had "no involvement in the website at issue and it has never transacted business anywhere, including the state of Florida." (Doc. #7). Magedson's Affidavit is undermined by the fact that he gives no basis for his statements concerning badbusinessbureau.org. The exhibits submitted by plaintiffs (Doc. #18) clearly show that badbusinessbureau.org is listed on the masthead of ripoffreport.com, and is referred to throughout in connection with the Rip-off Reports.

Plaintiffs allege that defendant Ed Magedson published and continues to publish infringing marks in Florida on his websites, which are directed at Florida and cause injury in Florida. (Doc. #1, ¶7(b), (c)). Magedson's Affidavits do not dispute these allegations; and his second Affidavit states he is a member of Xcentric, and outlines some of its business practices. He concedes that Xcentric solicits donations, but asserts they have been minimal and can recall only one donation from Florida.

The Court concludes that the facts which are not disputed are sufficient to satisfy the Florida long-arm statute as to defendants Xcentric Ventures, LLC and Ed Magedson. The activity takes defendants' conduct beyond a mere passive website, and allows the Court to exercise personal jurisdiction. Toys "R" Us, Inc. V. Step Two, S.A., 318 F.3d 446 (3rd Cir. 2003) and cases cited therein; Northwest Healthcare Alliance, Inc. v. Healthgrades.Com, Inc., 50 Fed. Appx. 339 (9th Cir. 2002).

Finding the Florida long-arm statute requirement met, the Court must now determine if applying personal jurisdiction over the defendants would comport with the due process requirement of the Fourteenth Amendment.  Meier, 288 F.3d at 1269.  "Due process requires that a non-resident defendant have certain minimum contacts with the forum so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice.  Meier, 288 F.3d at 1274 (citing Int'l Shoe v. Washington, 326 U.S. 310, 316 (1945)).  The Eleventh Circuit follows a three-part test to decide if the minimum contacts requirement is satisfied:

> First, the contacts must be related to the plaintiff's cause of action . . . .  Second, the contacts must involve some act by which the defendant purposefully avails itself of the forum.  Third, the defendant's contacts with the forum must be such that the defendant should reasonably anticipate being haled into court there.

Posner, 178 F.3d at 1220.

The Court concludes that the plaintiffs have satisfied all three requirements for minimum contacts in their Complaint.  The defendants' contacts with the forum state relate to the causes of action in the Complaint.  As discussed above, the defendants' activities were "purposefully directed" at the state of Florida.  The websites focus on various companies from different states, and appear to allow consumers to target their search to a specific state or subject.  This allowed individuals to target Florida only.

Moreover, the websites solicit funds from consumers to support the defendants, and the defendants sell products to assist consumers in prevailing in their disputes with companies.  One posted comment stated:

> "Russ Whitney Lied about the 3 day seminar ripoff Cape Coral Florida"; "Russ Whitney of Whitney Education Group, Inc. High pressure sales tactics.  Seminars 'we pay for' are actually infomercials.  Keep you on the phone until you upgrade your package"; "also Ripped of & sucked in by the fast talking Russ Whitney" and Russ Whitney ripoff, dishonest, fraudulent, no service. ripped off and scammed screwed others too ripped off and scammed Cape Coral Florida"; and "Stay away from Russ Whitney - This Guy is Crooked[.]"

(Doc. #1, Exhibit G).  These comments targeted a Florida resident and a Florida corporation, and concerned a Florida community.  The website also solicited a rebuttal from the Florida plaintiffs.  As a result of the defendants' contacts with Florida, they should anticipate being sued for any defamatory statements published on their websites.  Therefore, because the defendant possess at least minimum contacts with this forum, the due process requirement is satisfied.

For these reasons, the Court concludes that the defendants are subject to personal jurisdiction, and the defendant's motion to dismiss will be denied.

Accordingly, it is now

**ORDERED:**

Defendants' Motion to Dismiss Complaint for Lack of Personal

Jurisdiction with Supporting Memorandum of Law (Doc. #6) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __8th__ day of September, 2004.


_John E. Steele_
JOHN E. STEELE
United States District Judge



Copies:
DCLC