## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

Case No. 2:04-cv-47-FtM-33SPC (LAG)

WHITNEY INFORMATION
NETWORK, INC., a Colorado corporation,
and RUSS WHITNEY, an individual,

      Plaintiffs,

v.

XCENTRIC VENTURES, LLC., an
Arizona limited liability company;
BADBUSINESSBUREAU.ORG, an
Arizona limited liability company; and
ED MAGEDSON, an individual,

      Defendants.

_____/

### PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' SECOND MOTION TO DISMISS – FAILURE TO STATE A CLAIM WITH SUPPORTING MEMORANDUM OF LAW

      Plaintiffs, WHITNEY INFORMATION NETWORK, INC. and RUSS WHITNEY, by and through their undersigned counsel, pursuant to Rule 12(f), Fed.R.Civ.P., file this, their Motion to Strike Defendants' Second Motion to Dismiss for Failure to State a Claim, and state:

      1.    On or about January 22, 2004, Plaintiffs filed a Complaint against Defendants for: I) Federal Trademark Infringement; II) False Designation of Origin, False Description and False Representation under 15 U.S.C. § 1125(a); III) Common Law Trademark Infringement; and IV) Defamation per se of Business Reputation.

1

2. On or about June 28, 2004, Defendants filed their Motion to Dismiss Complaint for Lack of Personal Jurisdiction with Supporting Memorandum of Law pursuant to Rule 12(b)(2), Fed.R.Civ.P.

3. On or about September 8, 2004, this Court entered an Order denying Defendant's Motion to Dismiss.

4. Subsequently, Defendants filed a Second Motion to Dismiss for Failure to State a Claim pursuant to Rule 12(b)(6), Fed.R.Civ.P., claiming that Plaintiffs failed to state a claim upon which relief could be granted.

5. Defendants' second motion to dismiss based on the Rule 12(b)(6) defense for failure to state a claim was available to Defendants at the time Defendants filed their first motion to dismiss however they omitted this defense from their first motion.

6. Defendants were required to raise their defense for failure to state a claim when they made a motion to dismiss for lack of personal jurisdiction. See Rule 12(g), Fed.R.Civ.P.

7. Pursuant to Rule 12(h)(2), the only proper way for Defendants to be able to raise the defense of failure to state a claim after they had already filed their original motion to dismiss would be to raise it in their answer, a motion for judgment on the pleadings or at the trial on the merits. Rule 12(h)(2), Fed.R.Civ.P.

8. Defendants have not properly raised the defense of failure to state a claim as it was not included in their first motion to dismiss and it was not raised in an answer, motion for judgment on the pleadings or at trial.

ROTHSTEIN ROSENFELDT
300 Las Olas Place, 300 SE 2nd Street, Suite 860, Fort Lauderdale, Florida 33301

9. Therefore, Defendants' Second Motion to Dismiss based on failure to state a claim is improper and should be stricken pursuant to Rule 12(f), Fed.R.Civ.P.

10. Plaintiffs' counsel conferred with Defendants' counsel pursuant to Local Rule 3.01(g), M.D.Fla. L.R., to attempt to resolve this matter before filing a motion to strike Defendants' Second Motion to Dismiss; however, Defendants disagreed with Plaintiffs' counsel and refused to withdraw their second motion to dismiss.

WHEREFORE, based on the foregoing, Plaintiffs, WHITNEY INFORMATION NETWORK, INC. and RUSS WHITNEY, respectfully request that this Court enter an Order Granting Plaintiffs' Motion to Strike Defendants' Second Motion to Dismiss for Failure to State a Claim, and strike such motion from the Court's docket, require that Defendants file their Answer to the Complaint and for any such further relief this Court deems just and proper.

## MEMORANDUM OF LAW

Pursuant to Rule 12(g), "a party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party. If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, **the party shall not thereafter make a motion based on the defense or objection so omitted**, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated." Rule 12(g), Fed.R.Civ.P. (emphasis added). Rule 12(h)(2), provides that Defendants may raise a defense of failure to state a claim upon which relief can be granted in any pleading

permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits.  Rule 12(h)(2), Fed.R.Civ.P.

On June 28, 2004, Defendants filed their motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) with this Court.  At that time, the defense for failure to state a claim was available to Defendants.  However, Defendants chose not to raise it in their first motion to dismiss.  After this Court denied Defendants' motion to dismiss for lack of personal jurisdiction, Defendants filed their second motion to dismiss for failure to state a claim upon which relief could be granted.  However, as clearly outlined above, the only way to raise the defense of failure to state a claim upon which relief could be granted after omitting such defense from their original motion would be in an answer, motion for judgment on the pleadings or at trial.  Rules 12(g) and 12(h)(2), Fed.R.Civ.P.

The Federal Rules of Civil Procedure are not mere inconveniences.  Defendants seem to ignore the necessity of the Rules and the ramifications of violating said rules.  Wirtz v. Hooper-Holmes Bureau, Inc., 327 F.2d 939, 943 (5th Cir. 1964) ("Local Rules for the conduct of trial courts are desirable and necessary, and such rules should not be ignored or declared invalid except for impelling reasons"); Beer Nuts, Inc. v. King Nut Co., 477 F.2d 326, 329-330 (6th Cir. 1973) *cert. denied* 414 U.S. 858 (1973)(district court properly denied motion to compel for failure to adhere to local rule's requirement that moving party must "notify the court of its attempts to resolve the controversy"); Damon v. Fleming Supermarkets of Florida, Inc., slip op. (Case No. 97-230-CIV-LENARD)(S.D. Fla. January 6, 1999)(adopting report and recommendation of Magistrate

Brown striking motion to tax costs from the record for Defendant's failure to file certificate of counsel as required by Local Rule 7.3); <u>Wiss v. Weinberger</u>, 415 F. Supp. 293, 294 n.4 (E.D. Penn 1976) ("'non-compliance with any [federal or] local rule is a practice to be <u>strongly condemned</u> and one which will be penalized if the circumstances warrant such action.'").

Defendants' Second Motion to Dismiss for failure to state a claim was filed in violation of Rules 12(g) and 12(h)(2), Fed.R.Civ.P.  Accordingly, Plaintiffs request that Defendants' Second Motion to Dismiss for failure to state a claim be **STRICKEN.**

Respectfully submitted,

ROTHSTEIN ROSENFELDT
**Counsel for Plaintiffs**
300 Las Olas Place, Suite 860
300 S.E. Second Street
Fort Lauderdale, Florida 33301
Tele:  954/522-3456
Fax:   954/527-8663
E-Mail: srothstein@rrdplaw.com

By:   /s/ Christina M. Kitterman
       Scott W. Rothstein, Esq.
       FBN:  765880
       Michael A. Pancier, Esq.
       FBN:  958484
       Christina M. Kitterman, Esq.
       FBN:  595381

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished, by mail, this 14th day of October, 2004, to: James A. Weinkle and Tina M. Talarchyk, Defendants' Trial Counsel, Wachovia Financial Center, Suite 3400, 200 South Biscayne Boulevard, Miami, Florida, 33131-5323, Maria Crimi Speth, Defendants' of counsel, Jaburg & Wilk PC, 3200 North Central Avenue, Suite 2000, Phoenix, Arizona 85012, Jonathan P. Ibsen, 7047 East Greenway Parkway, Suite 140, Scottsdale, Arizona 85254.

              ROTHSTEIN ROSENFELDT

              By:   /s/ Christina M. Kitterman
                 Scott W. Rothstein, Esq.
                 Michael A. Pancier, Esq.
                 Christina M. Kitterman, Esq.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No.  2:04-cv-47-FtM-29 SPC

WHITNEY INFORMATION
NETWORK, INC., a Colorado corporation,
and RUSS WHITNEY, an individual,

    Plaintiffs,

v.

XCENTRIC VENTURES, LLC., an
Arizona limited liability company;
BADBUSINESSBUREAU.ORG, an
Arizona limited liability company; and
ED MAGEDSON, an individual,

    Defendants.

_____/

**ORDER ON PLAINTIFFS' PLAINTIFFS' MOTION TO STRIKE
DEFENDANTS' SECOND MOTION TO DISMISS
<u>FOR FAILURE TO STATE A CLAIM</u>**

**THIS CAUSE** came before the Court on Plaintiffs' Motion to Strike Defendants' Second Motion to Dismiss for Failure to State a Claim, and the Court has carefully considered the Motion and being otherwise fully advised in the premises, it is hereby:

**ORDERED and ADJUDGED** that Plaintiffs' Motion to Strike Defendants' Second Motion to Dismiss for Failure to State a Claim is hereby **GRANTED**. Defendants Second Motion to Dismiss shall be stricken from the Court's Docket and Defendants shall answer Plaintiffs' Complaint within 20 days.

**DONE AND ORDERED**, in Chambers at Fort Myers, Lee County, Florida, this

_____ day of _____, 2004.

_____
U.S. DISTRICT COURT JUDGE

Copies Furnished To:
Scott W. Rothstein, Esq.
James A. Weinkle, Esq.


H:\swrdocs\03-8471\Motion to Strike.doc

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

Case No. 2:04-cv-47-FtM-29 SPC

WHITNEY INFORMATION
NETWORK, INC., a Colorado corporation,
and RUSS WHITNEY, an individual,

    Plaintiffs,

v.

XCENTRIC VENTURES, LLC., an
Arizona limited liability company;
BADBUSINESSBUREAU.ORG, an
Arizona limited liability company; and
ED MAGEDSON, an individual,

    Defendants.

_____/

## FAX SERVICE LIST

    Scott W. Rothstein, Esq.
    Christina M. Kitterman, Esq.
    ROTHSTEIN ROSENFELDT
    **Counsel for Plaintiffs**
    300 Las Olas Place, Suite 860
    300 S.E. Second Street
    Fort Lauderdale, Florida 33301
    Tele: 954/522-3456
    Fax: 954/527-8663
    E-Mail: srothstein@rrdplaw.com

    James A. Weinkle
    Wachovia Financial Center, Suite 3400
    200 South Biscayne Boulevard
    Miami, FL 33131-5323
    Tele: 305/960-2200
    Fax: 305/960-2201
    E-mail: JAWeinkle@duanemorris.com