UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WHITNEY INFORMATION NETWORK, INC.
and RUSS WHITNEY,

        Plaintiffs,

vs.                Case No.  2:04-cv-47-FtM-33SPC

XCENTRIC VENTURES, LLC;
BADBUSINESSBUREAU.ORG; and ED
MAGEDSON,

        Defendants.

_____

## ORDER

This matter comes before the Court on Defendants' Second Motion to Dismiss For Lack of Personal Jurisdiction (Doc. #26) filed on September 21, 2005 and Defendants' Second Motion to Dismiss - Failure to State a Claim (Docs. #26-2 and #27-1) filed on September 27, 2005. Defendants filed a Notice of Errata (Doc. #27) on September 27, 2005 indicating that they incorrectly titled their Second Motion to Dismiss "Personal Jurisdiction." It should be titled "Failure to State a Claim." This Court accepts the correction and will rule on the motion as set forth in Defendants' Second Motion to Dismiss- Failure to State a Claim (Docs. #26-2 and #27-1). The Plaintiffs filed a Motion to Strike Defendants' Motions to Dismiss (Doc. #28) on October 13, 2004. Upon review of the motion to dismiss and the motion to strike, the Court finds that the motion to dismiss should be granted.

I.   STANDARD OF REVIEW

In deciding a motion to dismiss, the Court accepts the facts of the complaint as true and views them in the light most favorable to the non-moving party. See Magluta v. Samples, 375 F.3d 1269, 1273 (11th Cir. 2004)(citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 75 Acres, LLC v. v. Miami-Dade County, Fla., (11th Cir. 2003)(citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The plaintiff is not required by the Federal Rules of Civil Procedure to "set out in detail the facts upon which he bases his claim." Conley, 355 U.S. at 47. All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must be sufficient to afford the defendant "fair notice of what the claim is and the grounds upon which it rests." United States v. Baxter Int'l, Inc., 345 F.3d 866, 881 (11th Cir. 2003)(quoting Conley, 355 U.S. at 47). Thus, the issue in a Rule 12(b)(6) motion is not whether the plaintiff will ultimately prevail on his or her claims, but rather, whether the allegations contained in the complaint will be sufficient to allow discovery as to their proof.

<u>Jackam v. Hosp. Corp. of Am. Mideast, Ltd.</u>, 800 F.2d 1577, 1579-80
(11th Cir. 1986).

## II.  BACKGROUND

Whitney Information Network was created by Russ Whitney as a
corporation providing educational products, services, and training
for real estate investing, business development, financial
investment and asset protection real estate.   (Doc. #1 at ¶22.)
Plaintiffs spend millions of dollars each year on advertising.
(Doc. #1 at ¶24.)   Plaintiffs own the statutory and common law
rights for "Russ Whitney," "Whitney," "Whitney Information
Network," and "Whitney Education Group" (herein referred to as
"Plaintiffs' marks").   (Doc. #1 at ¶26.)   The service mark
application for "Russ Whitney" and "Whitney" are pending in the
United States Patent and Trademark Office.   (Doc. #1 at ¶27.)
Plaintiffs' marks are generally known among the public and have
developed secondary meaning.   (Doc. #1 at ¶29-30.)

Plaintiffs have a website to promote their products and
services.   (Doc. #1 at ¶33.)   Consumers can access the website
through any search engine by entering in any of Plaintiffs' marks.
(Doc. #1 at ¶33.)

Defendants Xcentric Ventures, LLC; badbusinessbureauu.org; and
Ed Magedson, publish the websites "www.ripoffreport.com" and
"www.ripoffrevenge.com.   (Doc. #1 at ¶¶21,35.)   The websites
purport to provide consumers with an outlet for reporting companies

that "ripoff" consumers.  (Doc. #1 at ¶36.)  Defendants select and
publish the complaints they receive on their website,
www.ripoffreport.com.  (Doc. #1 at ¶38.)  Consumers posting on the
website www.ripoffreport.com can "get revenge" by clicking on a
link for www.ripoffrevenge.com and may either purchase a service or
do-it-yourself kit for getting their money back.  (Doc. #1 at ¶¶40-
41.)  Defendants also solicit consumers for donations and sell
advertisement space on their websites.  (Doc. #1 at ¶¶42-43.)

Plaintiffs claim that Defendants do not verify the stories
posted on www.ripoffreport.com.  (Doc. #1 at ¶39.)  Defendants
recklessly published false stories about Plaintiffs.  (Doc. #1 at
¶44.)  Consumers using Plaintiff's marks in a search engine get
Defendants' websites as a result option.  (Doc. #1 at ¶45.)  Thus,
a consumer searching for Plaintiffs' products or services could
also be directed to Defendants' websites, harming Plaintiffs'
business.

Plaintiffs raise fours counts in their Complaint (Doc. #1):
Count I - Federal Trademark Infringement; Count II - False
Designation of Origin, False Description and False Representation
under 15 U.S.C. § 1125(a); Count III - Common Law Trademark
Infringement; and Count IV - Defamation Per Se of Business
Reputation.  Plaintiffs seek "recovery for violation of rights,
profits, damages, costs, and attorney fees pursuant to 15 U.S.C. §
1117, injunctive relief pursuant to 15 U.S.C. § 1116," (Doc. #1 at

¶¶55,59 and 62) as well as "compensatory and consequential damages, punitive damages, post judgment interest" for their defamation claim (Doc. #1 at ¶72).

The Defendants raise two issues in their Second Motion to Dismiss- Failure to State a Claim (Docs. #26-2 and #27-1). First, the Defendants allege that Count IV of the Complaint (Doc. #1) is barred by the Communications Decency Act. (Docs. #26-2 and #27-1 at 2.) Next, the Defendants claim Counts I, II, and III of the Complaint (Doc. #1) fail to state a claim upon which relief can be granted. (Docs. #26-2 and #27-1 at 6.) The Defendants break up the second issue into three subparts: A. Plaintiff has not stated a claim under 15 U.S.C. § 1114; B. Plaintiff has not stated a claim under 15 U.S.C. § 1125; and C. Plaintiff has not stated a claim under common law trademark infringement. (Docs. #26-2 and #27-1 at 6, 18.)

## III. ANALYSIS

### A. *Motion to Strike*

In their Motion to Strike Defendants' Second Motion to Dismiss- Failure to State a Claim (Doc. #28), Plaintiffs argue that Defendants are precluded from raising a second Rule 12 motion by Federal Rule Civil Procedure 12(g) since Defendants already raised a Rule 12 motion when they filed their Motion to Dismiss Complaint for Lack of Personal Jurisdiction (Doc. #6). Rule 12(g) requires that Rule 12 motions be consolidated. However, Rule 12(g) allows

for the exceptions noted in Rule 12(h)(2). Federal Rule of Civil Procedure 12(h)(2) expressly allows "[a] defense of failure to state a claim upon which relief can be granted" to be raised if left out of an earlier Rule 12 motion. Thus, Plaintiffs' Motion to Strike Defendants' Second Motion to Dismiss - Failure to State a Claim (Doc. #28) is denied.

### B. *Defamation Per Se of Business Reputation*

The Defendants first claim that Count IV is barred by the Communications Decency Act. Count IV alleges that the Defendants' publication of false stories about Plaintiffs on their website defamed Plaintiffs and resulted in harm to Plaintiffs' business reputation. Defendants do not write the messages on their websites. Instead, consumers submit messages about companies or products they feel defrauded them. The website also provides an option for companies who have received unfavorable emails to respond by filing a rebuttal. (Doc. #1, Ex. C).

The Communications Decency Act provides, "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). The statutes prohibit publisher liability for defamation. See Batzel v. Smith, 333 F.3d 1018, 1026 (9th Cir. 2003). Congress sought to foster the continued development of the Internet by preventing limitation on speech. Id. "Making interactive computer services

and their users liable for the speech of third parties would severely restrict the information available on the Internet." <u>Id.</u> at 1027-28. "The exclusion of 'publisher' liability necessarily precludes liability for exercising the usual prerogative of publishers to choose among proffered material and to edit the material published while retaining its basic form and message." <u>Id.</u> at 1031. The <u>Batzel</u> court dealt with a matter in which a third party, Smith, posted information about Batzel on a listserv type website that was transmitted on the Internet and resulted in a criminal investigation of Batzel and the loss of several of her clients. <u>Id.</u> at 1021-22. The <u>Batzel</u> court held that § 230 (c)(1) immunizes a service provider from liability for information developed by a third party that is published on the Internet. <u>Id.</u> at 1034; <u>see</u> <u>also</u> <u>Green v. AOL</u>, 318 F.3d 465 (3d Cir. 2003); <u>Ben Ezra, Weinstein, and Co. v. American Online Inc.</u>, 206 F.3d 980 (10th Cir. 2000); <u>Zeran v. America Online Inc.</u>, 129 F.3d 327 (4th Cir. 1997).

In this case, Defendants are a service provider as they publish information by consumers on their website. They do not write the information. Thus, Defendants are immune by virtue of § 230 (c)(1) and Count IV should be dismissed.

**C.   *15 U.S.C. § 1114***

To state a claim for trademark infringement under 15 U.S.C. § 1114(1)(a), plaintiff must show that defendant "use[d] in commerce

any reproduction . . . of a registered mark." In this case Plaintiffs state in the Complaint (Doc. #1 at ¶26 and 27) that they do not have registered federal trademarks for Plaintiffs' marks. At best, trademarks for "Russ Whitney" and "Whitney" are pending in the United States Patent and Trademark Office. (Doc. #1, Ex. A.) An action cannot be raised under 15 U.S.C. § 1114 for an unregistered trademark. <u>Boston Prof'l Hockey Assoc., Inc. v. Dallas Cap & Emblem Mfg., Inc.</u>, 510 F.2d 1004, 1008 (5th Cir. 1975).[1] Actions for unregistered trademark infringement are restricted to 15 U.S.C. § 1125. <u>Id.</u> Consequently, Plaintiffs do not have a valid action under 15 U.S.C. § 1114.

### D.   *15 U.S.C. § 1125*

The Lanham Act creates a cause for trademark infringement. In relevant part it states:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which-
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services,

---

[1]In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted all cases decided by the former Fifth Circuit Court of Appeals by the close of business on September 30, 1981 as binding precedent.

or commercial activities,
shall be liable in a civil action by any person who
believes that he or she is or is likely to be damaged by
such act.

15 U.S.C. § 1125(a)(1)(A)-(B). The essential element in sustaining
a claim under the Lanham Act is that the alleged infringement
"creates a likelihood of confusion on the part of consumers as to
the source of the goods." Original Appalachian Artworks, Inc. v.
Toy Loft, Inc., 684 F.2d 821, 831 (11th Cir. 1982) (citing Chevron
Chemical Co. v. Voluntary Purchasing Groups, Inc. , 659 F.2d 695
(5th Cir. 1981)). The Eleventh Circuit set forth factors for
determining likelihood of confusion. The factors are: "(1) type of
mark; (2) similarity of mark; (3) similarity of the products the
marks represent; ([4]) similarity of the parties' retail outlets
and customers; (5) similarity of advertising media; (6) defendant's
intent; and (7) actual confusion." Lipscher v. LRP Publ'ns., Inc.,
266 F.3d 1305, 1313 (11th Cir. 2001) (citing Frehling Enters., Inc.
v. Int'l Select Group, Inc., 192 F.3d 1330, 1335 (11th Cir. 1999)).

In this case, Defendants use Plaintiffs' marks by posting
consumers responses about Plaintiffs on their websites. However,
Defendants do not sell similar products as Plaintiffs. Plaintiffs
essentially sell real estate investment education courses, while
Defendants' products are advertisement space and a service or kit
that helps consumers reclaim money lost on bad products or
services. The Plaintiffs and the Defendants do not target the same
type of customer. Plaintiffs are looking for consumers interested

-9-

in the real estate investment market while Defendants are looking for any consumer in any market that has been defrauded.  Finally, there is no actual confusion.  A consumer looking for Plaintiffs' courses would not be confused by a consumer watch-dog type website that is not selling any real estate investment course.  Hence, there is no likelihood of confusion.

Plaintiffs allege false advertising.  Under the Lanham Act, to raise a successful false advertising claim, Plaintiffs would have to show that:

> (1) the advertisements of the opposing party were false or misleading; (2) the advertisements deceived, or had the capacity to deceive, consumers; (3) the deception had a material effect on purchasing decisions; (4) the misrepresented product or service affects interstate commerce; (5) the movant has been--or is likely to be-- injured as a result of the false advertising.

Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Johnson & Johnson Vision Care Inc. v. 1-800 Contacts, Inc., 299 F.3d 1242, 1247 (11th Cir. 2002)).

In this case, the Defendants are not advertising about the Plaintiffs.  The Defendants have a consumer watchdog board where third parties provide information about their past experience with Plaintiffs.  Plaintiffs do not present any evidence that the information posted on Defendants website is false.  Interestingly, Defendants website contains both favorable and unfavorable comments about Plaintiffs products and service.  Plaintiffs do not satisfy the elements for a false advertising claim under the Lanham Act.

Finally, Plaintiffs do not state a claim for unfair competition. Unfair competition occurs when the defendant is trying to pass off his goods or services as being the same as the plaintiff's goods or services, resulting in confusion by consumers. Boston, 510 F.2d at 1010 (citing Volkswagenwerk Aktiengesellschaft v. Rickard, 492 F.2d 474, 478 (5th Cir. 1974)). In this case, there is no unfair competition as the Defendants are not trying to pass off their products or services as those of the Plaintiffs.

### E.  Common Law Trademark Infringement

To state a valid common law claim for trademark infringement "a plaintiff must show (1) that its mark has priority and (2) that the defendant's mark is likely to cause consumer confusion." Carnival Brand Seafood Co. v. Carnival Brands, Inc., 187 F.3d 1307, 1309 (11th Cir. 1999)(citing Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc., 122 F.3d 1379, 1382 (11th Cir. 1997)). In addition, the plaintiff must also show actual or intended competition. Tally-Ho, Inc. v. Coast Cmty. Coll. Dist., 889 F.2d 1018, 1025 (11th Cir. 1989).

Plaintiffs can demonstrate that their marks have priority. However, as stated in the analysis above, Plaintiffs have failed to show a likelihood of confusion on the part of consumers between their products and the services of the Defendants. In addition, Plaintiffs have not shown actual or intended competition by Defendants. Defendants do not sell similar products as those of

the Plaintiffs.  Instead, Defendants provide a sounding board for consumers and offer them services to attempt to recover money lost from bad products or services.  Consequently, the Plaintiffs have failed to state a claim upon which relief can be granted on common law trademark infringement.

Accordingly, it is now

ORDERED, ADJUDGED, and DECREED:

1.   For the reasons stated herein, Defendants' Second Motion to Dismiss - Failure to State A Claim  (Docs. #26-2 and #27-1) is GRANTED.

2.   The Complaint (Doc. #1) is hereby DISMISSED WITHOUT PREJUDICE as to all Defendants.

3.   Plaintiffs' Motion to Strike Defendants' Second Motion to Dismiss - Failure to State a Claim (Doc. #28) is DENIED.

4.   The Clerk is directed to enter judgment accordingly and close the file.  The Clerk is further directed to terminate all previously  scheduled deadlines and pending motions.

DONE and ORDERED in Chambers in Fort Myers, Florida, this 11th day of July, 2005.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record