# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

Case No. 2:04-cv-47-FtM-29 SPC

WHITNEY INFORMATION
NETWORK, INC., a Colorado corporation,
and RUSS WHITNEY, an individual,

      Plaintiffs,

v.

XCENTRIC VENTURES, LLC., an
Arizona limited liability company;
BADBUSINESSBUREAU.ORG, an
Arizona limited liability company; and
ED MAGEDSON, an individual,

      Defendants.

_____/

### PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER ON DEFENDANTS' MOTION TO DISMISS, OR, IN THE ALTERNATIVE, MOTION FOR CLARIFICATION OF ORDER AND UNOPPOSED MOTION FOR ENLARGEMENT OF TIME TO FILE AMEDNED COMPLAINT

Plaintiffs, WHITNEY INFORMATION NETWORK, INC. and RUSS WHITNEY, by and through their undersigned counsel, pursuant to Federal Rule of Civil procedure 59(e), hereby seek reconsideration of the Court's Order on Defendants' Motion to Dismiss for Failure to State a Claim, entered July 14, 2005. In the alternative, Plaintiffs' seek clarification as to finality of the Order, and, pursuant to Federal Rule of Civil Procedure 6(b), a ten (10) day enlargement of time within which to file an amended complaint in this matter. As grounds for this motion, Plaintiffs state as follows:

1

1. By Order entered July 14, 2005 ("July 14th Order"), the Court denied Plaintiff's Motion to Strike Defendants' Second Motion to Dismiss and granted Defendant's Motion to Dismiss, thereby dismissing the Complaint as to all Defendants.

2. Plaintiffs' seek reconsideration of the July 14th Order on grounds that the Court entered a previous Order on October 14, 2004, in which it stated that Plaintiffs' shall have twenty (20) days from the date the Court rules on Plaintiffs' Motion to Strike within which to respond to the Motion to Dismiss on the merits. *See* Order, entered October 14, 2004. Upon the denial of Plaintiff's Motion to Strike, the Court should have informed Plaintiffs that they had twenty (20) days to respond to the Motion to Dismiss; instead, the Court simply granted the Motion to Dismiss in the same Order in which it denied the Motion to Strike. Because Plaintiffs were denied the opportunity to respond to the Motion to Dismiss on the merits, the Court should reconsider and withdraw the July 14th order, and issue a new ruling after Plaintiffs' file a memorandum of law in response to the Motion to Dismiss.

3. In the event the Court declines to reconsider the July 14th Order, Plaintiffs seek clarification as to the finality of the Order. Although the Order states that the dismissal is "without prejudice," the Court further ordered the clerk to "enter judgment accordingly and close the file," and to "terminate all previously scheduled deadlines and pending motions."

4. Because the entry of judgment and closure of the case file would be consistent with a final dismissal with prejudice, and the Order is silent regarding Plaintiffs ability to amend the complaint, Plaintiffs seek clarification as to whether the

dismissal was with or without prejudice. In the event reconsideration of the July 14th Order is denied, Plaintiffs anticipate filing an amended complaint, but they cannot do so if the dismissal was with prejudice.

5. If reconsideration is denied and the dismissal was indeed without prejudice, Plaintiffs seek a ten (10) day enlargement of time from the date of the Court's ruling on this motion, within which to file an amended complaint.

6. Plaintiffs' counsel has conferred with Defendants' counsel and they are opposed to this Court granting the requested enlargement of time to file an amended complaint.

7. This Motion is filed in good faith, and not for purposes of delay, as shown above, and none of the parties will be prejudiced by the granting of the relief sought herein.

### MEMORANDUM OF LAW

Federal Rule of Civil procedure 59(e) allows the court to grant a new trial or to alter or amend its judgment. A motion to alter or amend a judgment pursuant to FED.R.CIV.P. 59(e) need only request relief which may be granted by the court. *Sea Ranch Association v. California Coastal Zone Conservation Commissions*, 537 F.2d 1058, 1061 (9th Cir.1976). *See also Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc*., 784 F.2d 665, 667 (5th Cir.1986) (en banc) (any post-judgment motion to alter or amend the judgment served within ten days after the entry of the judgment, other than a motion to correct purely clerical errors, is within the scope of Rule 59(e) regardless of its label).

3

Rule 59(e) provides that a motion to alter or amend is timely if served not later than 10 days after entry of judgment. The decision to grant such relief is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion. *E.g., American Home Assurance Co. v. Glenn Estess & Associates*, 763 F.2d 1237, 1238-39 (11th Cir. 1985).

In the case at bar, the Court should withdraw the July 14th Order and the judgment entered in this case, since Plaintiffs were previously granted an opportunity to respond to the Motion to Dismiss on the merits, within twenty (20) days of the Court's denial of Plaintiff's Motion to Strike. Because the Motion to Strike was denied on July 14, 2005, Plaintiffs should have been allowed until and including August 3, 2005, to file a memorandum of law in response to the Motion to Dismiss.

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, this Court "for cause shown may at any time in its discretion" enlarge the time permitted by the Rules. Plaintiffs' Motion to Enlarge Time clearly sets forth a good faith basis for granting the requested enlargement. Plaintiffs are not engaging in any type of delay tactic that would warrant denial of this Motion. Plaintiffs respectfully request that, in the event reconsideration of the July 14th order is denied, the Court exercise its discretion and permit the requested enlargement for the good cause stated herein.

WHEREFORE, Plaintiffs, WHITNEY INFORMATION NETWORK, INC. and RUSS WHITNEY, respectfully request that this Court reconsider its July 14th order and allow Plaintiffs the opportunity to respond to the Motion to Dismiss on the mertis. In the

4

alternative, Plaintiffs' seek clarification as to the finality of the order, and if the dismissal was without prejudice, an opportunity to file an amended complaint in this matter.[1]

                Respectfully submitted,

By: /s/ Christina M. Kitterman
Scott W. Rothstein, Esq.
FBN: 765880
Christina M. Kitterman, Esq.
FBN: 595381
ROTHSTEIN ROSENFELDT ADLER
**Counsel for Plaintiffs**
300 Las Olas Place, Suite 860
300 S.E. Second Street
Fort Lauderdale, Florida 33301
Tele: 954/522-3456
Fax: 954/527-8663

Dated: July 28, 2005        E-Mail: srothstein@rra-law.com

---

[1] Because Plaintiffs are seeking alternative forms of relief, they are not submitting a proposed order with this motion. A proposed order will be submitted if requested by the Court.

5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished, by mail, this 28th day of July, 2005, to: Michael L. Gore, Esq., Shutts & Bowen LLP, P.O. Box 4956, Orlando, Florida 32802-4956; Maria Crimi Speth, Esq. 3200 North Central Avenue, Suite 2000, Phoenix, AZ 85012; Jonathan P. Ibsen 7047 East Greenway Parkway, Suite 140, Scottsdale, AZ 85254.

           ROTHSTEIN ROSENFELDT ADLER

           By: /s/ Christina M. Kitterman
             Scott W. Rothstein, Esq.
             Christina M. Kitterman, Esq.

H:\swrdocs\03-8471\reconsider motion.doc