UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 2:04-cv-47-FtM-29 SPC

WHITNEY INFORMATION
NETWORK, INC., a Colorado
corporation,

      Plaintiff,

v.

XCENTRIC VENTURES, LLC., an
Arizona limited liability company;
BADBUSINESSBUREAU.ORG, an
Arizona limited liability company; and
ED MAGEDSON, an individual,

      Defendants.

_____/

**PLAINTIFF'S AGREED MOTION TO MODIFY CASE MANAGEMENT
AND SCHEDULING ORDER, AND TO EXTEND
PRETRIAL DEADLINESAND TRIAL**

Plaintiff, WHITNEY INFORMATION NETWORK, INC., ("WHITNEY"), by and through its undersigned attorney files this, its Motion to Modify Case Management and Scheduling Order and to Extend Pretrial Deadlines and Trial, and states the following:

    1.    On March 17, 2005, the Court entered its Case Management and Scheduling order, which established the following deadlines for this case:

        a.    Discovery to be completed by November 1, 2005;

        b.    Mediation to be completed by November 15, 2005;

        c.    Dispositive motions to be filed on or before December 1, 2005;

        d.    Joint Final Pretrial Statement due February 1, 2006;

        e.    Final pretrial conference on March 2, 2006;

1

      f.      Trial term begins on April 3, 2006.

    2.      Defendants filed their first Motion to Dismiss for Lack of personal Jurisdiction on June 14, 2004 [Docket # 6], which was denied by the Court's order entered September 8, 2004 [Docket # 24]. Defendants then filed their Second Motion to Dismiss on September 21, 2004 [Docket # 26], to which Plaintiffs responded on October 27, 2004 [Docket # 32]. The Second Motion to Dismiss addressed the merits of Plaintiffs' Complaint, and asserted that Defendants' were immune from liability for Plaintiffs' claims under the Communications Decency Act, and that Plaintiffs' failed to state a claim for trademark violations.

    3.      On July 14, 2005, this Court granted Defendants' Motion to Dismiss, without prejudice [Docket # 49].

    4.      On September 27, 2005, Plaintiff filed its First Amended Complaint [Docket # 56]. On October 21, 2005, in response to the First Amended Complaint, Defendant filed its second Motion to Dismiss for Lack of Personal Jurisdiction [Docket # 59], to which Plaintiffs' responded on November 21, 2005 [Docket # 65]. As of this date Defendants' Motion to Dismiss for Lack of Personal Jurisdiction remains pending, and the case is not yet at issue, despite having been filed in January 2004.

    5.      Given the dispositive arguments raised in each of Defendants' Motions to Dismiss, the parties required a ruling on the motions before they could engage in any meaningful discovery.

    6.      In filing this Motion, Plaintiff is mindful of the fact that continuances are generally disfavored by this Court, in accordance with Local Rule 3.09. Nevertheless, Plaintiff believes that good cause has been shown to grant the requested continuance. Pursuant to Local Rule 3.09(b), this motion is being filed more than 60 days before the scheduled trial date in April 2006, and the inability of the parties to complete discovery

was not due to any lack of diligence; rather, the parties did not wish to incur the significant costs and fees associated with discovery while the case was not even at issue and the Motions to Dismiss remained pending.

7. Based on the claims and issues raised in the Amended Complaint, Plaintiff anticipates that all discovery could be completed within six (6) months once the case is at issue. However, given the current trial date of April 2006, it would be virtually impossible for the parties to complete written and deposition discovery, mediate the case, and otherwise prepare for trial in accordance with the current Case Management Order.

8. Pursuant to Local Rule 3.09(d), the undersigned counsel certifies that Plaintiff has been informed of this Motion and has consented to this proposed modification of the trial schedule. In addition, counsel for Defendant has been contacted regarding the Motion, and has authorized the undersigned to state that Defendant does not oppose this motion.

9. This motion is made in good faith and not for purposes of delay.

10. Neither party will be prejudiced by the granting of the relief sough herein. On the other hand, Plaintiff will be significantly and unfairly prejudiced should this motion be denied, in that it will have been denied any meaningful right to conduct discovery by virtue of the fact that Defendants has exercised their right to seek the dismissal of Plaintiffs' Amended Complaint.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 16 grants district courts the power to police their dockets, including the imposition of deadlines. *Mingo v. Sugar Cane Growers Co-Op of Florida*, 864 F.2d 101, 102 (11th Cir. 1989). If the parties, like the litigants here, diligently and timely pursue their rights but for reasons other than their own negligence

are unable to comply with the court's deadline, the court should exercise its discretion and modify its scheduling order. *Payne v. Ryder Systems*, 173 F.R.D. 537, 539 (M.D. Fla. 1997); *Fellows v. Earth Construction Inc.*, 794 F.Supp. 531 (D.Va. 1992).

Plaintiff's Motion clearly sets forth a good faith basis for granting this enlargement. Plaintiff is not engaging in any type of delay tactic that would warrant denial of this Motion. Plaintiff respectfully requests that the Court exercise its discretion and permit the requested extension of time for the good cause stated herein.

**WHEREFORE**, Plaintiff, WHITNEY INFORMATION NETWORK, INC, respectfully requests that this Court grant this motion and modify the Case Management Order so that the parties have at least six months, or until August 31, 2006, within which to complete discovery, with the remainder of the pretrial deadlines modified accordingly, based on the Court's docket.

Respectfully submitted,

By: /s/ Christopher C. Sharp
Scott W. Rothstein, Esq.
FBN: 765880
Christopher C. Sharp, Esq.
FBN: 996858
ROTHSTEIN ROSENFELDT ADLER
**Counsel for Plaintiff**
300 Las Olas Place, Suite 860
300 S.E. Second Street
Fort Lauderdale, Florida 33301
Tele: 954/522-3456
Fax: 954/527-8663

Dated: January 30, 2006                              E-Mail: srothstein@rra-law.com

4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished, by mail, this 30th day of January, 2006, to: Maria Crimi Speth, Esq. 3200 North Central Avenue, Suite 2000, Phoenix, AZ 85012; Jonathan P. Ibsen 7047 East Greenway Parkway, Suite 140, Scottsdale, AZ 85254.

                                    ROTHSTEIN ROSENFELDT ADLER

                                    By: /s/ Christopher C. Sharp
                                          Scott W. Rothstein, Esq.
                                          Christopher C. Sharp, Esq.