UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 2:04-cv-47-FtM-33 SPC

WHITNEY INFORMATION
NETWORK, INC., a Colorado corporation,

      Plaintiff,
v.

XCENTRIC VENTURES, LLC., an
Arizona limited liability company;
BADBUSINESSBUREAU.ORG, an
Arizona limited liability company; and
ED MAGEDSON, an individual,

      Defendants.

_____/

**PLAINTIFF'S MOTION TO CONTINUE PRETRIAL DEADLINES AND TRIAL PENDING RULING ON DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

Plaintiff, WHITNEY INFORMATION NETWORK, INC. ("WIN"), by and through its undersigned counsel, hereby moves this Court to continue the pretrial deadlines and trial of this matter pending this Court's ruling on Defendants' Motion to Dismiss Complaint for Lack of Personal Jurisdiction, filed October 21, 2005, and states:

1. By Order entered November 13, 2006, this Court, pursuant to the Mandate of the Eleventh Circuit Court of Appeals, issued August 30, 2006, vacated its prior order dismissing Plaintiff's Amended Complaint [Docket # 69] and reopened the case for further proceedings. This Order further directed the Clerk to reopen Defendant's Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Personal Jurisdiction [Docket #58] so that this Court could consider the issue of whether the exercise of personal jurisdiction over Defendants would violate due process, which was not

1

addressed by the Eleventh Circuit on appeal. Finally, this Order established the following pretrial deadlines: Joint Final Pretrial Statement due March 16, 2007; Final Pretrial Conference to be held March 26, 2007 at 9:00 a.m. before a judge who was not yet assigned to the case; and trial term to commence April 2, 2007.

2. On January 3, 2007, a Notice of Rescheduled Hearing was entered, which assigned Judge John E. Steele to this matter, and confirmed the Pretrial Conference to be held March 26, 2007 at 9:00 a.m. before Judge Steele.

3. Although the Eleventh Circuit did not address the due process issues on appeal, this Court previously held that the exercise of personal jurisdiction over the Defendants in this case would not offend due process. *See* Opinion and Order [Docket #24] at 9 ("As a result of defendants' contacts with Florida, they should anticipate being sued for any defamatory statements published on their websites.").

4. WIN anticipates that a similar result will be reached again, but WIN is also concerned that the present pretrial deadlines will not allow sufficient time for the parties to complete discovery and prepare for trial in April 2007. At present, Defendants have not yet answered the Amended Complaint, so the case is not even at issue, and other than the affirmative defense under the Communications Decency Act that was previously raised as part of Defendants' Motion to Dismiss, WIN does not even know what affirmative defenses will be raised and therefore cannot conduct meaningful discovery.

5. Given WIN's uncertainty as to Defendants' affirmative defenses, and the fact that most if not all of Defendants' witnesses and documents are located in Arizona, WIN does not believe that the parties will be able to complete discovery in time to file a Joint Pretrial Statement on March 16, 2007. Therefore, in an abundance of caution, WIN

seeks to suspend or continue the pretrial deadlines established by this Order until such time as this Court rules on the remaining issues raised by the Motion to Dismiss for Lack of Personal Jurisdiction.

6. Assuming this Court finds that the exercise of personal jurisdiction over Defendants would not violate due process, WIN further seeks leave to file a new Case Management Report so that the parties can jointly request a reasonable discovery schedule that will allow both sides sufficient time to conduct discovery, file dispositive motions and complete mediation before trial. Based on the claims and issues raised in the Amended Complaint, WIN anticipates that all discovery could be completed within six (6) months once the case is at issue.

7. Good cause exists to grant the requested continuance. Pursuant to Local Rule 3.09(b), this motion is being filed more than 60 days before the scheduled trial date in April 2007, and the inability of the parties to complete discovery was not due to any lack of diligence; rather, the parties, and particularly WIN, are uncertain what discovery to conduct since the case is not yet at issue and WIN does not know what facts Defendants will challenge or the defenses they will raise.

8. Pursuant to Local Rule 3.09(d), the undersigned counsel certifies that WIN has been informed of this Motion and has consented to this proposed modification of the trial schedule. In addition, counsel for Defendants has been contacted regarding the Motion, and has authorized the undersigned to state that Defendants do not oppose this motion. However, Defendants' counsel believes that a status conference should be set in this matter so that the Court and counsel for the parties can address the discovery issues and the trial schedule.

9. This motion is made in good faith and not for purposes of delay.

10. Neither party will be prejudiced by the granting of the relief sough herein. On the other hand, WIN will be significantly and unfairly prejudiced should this motion be denied in that it will have been denied any meaningful right to conduct discovery.

## MEMORANDUM OF LAW

11. Federal Rule of Civil Procedure 16 grants district courts the power to police their dockets, including the imposition of deadlines. *Mingo v. Sugar Cane Growers Co-Op of Florida*, 864 F.2d 101, 102 (11th Cir. 1989). If the parties, like the litigants here, diligently and timely pursue their rights but for reasons other than their own negligence are unable to comply with the court's deadline, the court should exercise its discretion and modify its scheduling order. *Payne v. Ryder Systems*, 173 F.R.D. 537, 539 (M.D. Fla. 1997); *Fellows v. Earth Construction Inc.*, 794 F.Supp. 531 (D.Va. 1992).

12. This Motion clearly sets forth a good faith basis for continuing the current pretrial deadlines and trial date. Plaintiff is not engaging in any type of delay tactic that would warrant denial of this Motion.

**WHEREFORE**, Plaintiff, WHITNEY INFORMATION NETWORK, INC, respectfully requests that this Court grant this motion and continue the pretrial deadlines and trial, and further allow the parties to submit a new Case Management report once the Court addresses the remaining due process issue in Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, after which a new pretrial schedule and trial date will be established.

Respectfully submitted,

By: /s/ Matthew S. Sackel
    Scott W. Rothstein, Esq.
    FBN: 765880
    Matthew S. Sackel, Esq.
    FBN: 0017903
    ROTHSTEIN ROSENFELDT ADLER
    **Counsel for Plaintiff**
    401 East Las Olas Boulevard, Suite 1650
    Fort Lauderdale, Florida 33301
    Tele: 954/522-3456
    Fax: 954/527-8663

Dated: February 2, 2007    E-Mail: srothstein@rra-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished, by mail, this 2nd day of February, 2007, to: Maria Crimi Speth, Esq., Jaburg & Wilk, P.C., Counsel for Defendants, 3200 North Central Avenue, Suite 2000, Phoenix, AZ 85012.

ROTHSTEIN ROSENFELDT ADLER

By: /s/ Matthew S. Sackel
    Scott W. Rothstein, Esq.
    Matthew S. Sackel, Esq.

H:\swrdocs\03-8471\Motion to Continue.doc