## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

Case No.  2:04-cv-47-FtM-33 SPC

WHITNEY INFORMATION
NETWORK, INC., a Colorado corporation,

      Plaintiff,

v.

XCENTRIC VENTURES, LLC., an
Arizona limited liability company;
BADBUSINESSBUREAU.ORG, an
Arizona limited liability company; and
ED MAGEDSON, an individual,

      Defendants.

_____/

### PLAINTIFF'S RENEWED MOTION TO CONTINUE PRETRIAL DEADLINES AND TRIAL PENDING RULING ON DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT  FOR LACK OF PERSONAL JURISDICTION

Plaintiff, WHITNEY INFORMATION NETWORK, INC. ("WIN"), by and through its undersigned counsel, hereby moves this Court to continue the pretrial deadlines and trial of this matter pending this Court's ruling on Defendants' Motion to Dismiss Complaint for Lack of Personal Jurisdiction, filed October 21, 2005, and states:

1.      By Order entered November 13, 2006, this Court, pursuant to the Mandate of the Eleventh Circuit Court of Appeals, issued August 30, 2006, vacated its prior order dismissing Plaintiff's Amended Complaint [Docket # 69] and reopened the case for further proceedings.   This Order further directed the Clerk to reopen Defendant's Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Personal Jurisdiction [Docket #58] so that this Court could consider the issue of whether the exercise of personal jurisdiction over Defendants would violate due process, which was not

Dockets.Justia.com

addressed by the Eleventh Circuit on appeal. Finally, this Order established the following pretrial deadlines: Joint Final Pretrial Statement due March 16, 2007; Final Pretrial Conference to be held March 26, 2007 at 9:00 a.m. before a judge who was not yet assigned to the case; and trial term to commence April 2, 2007.

2.     On January 3, 2007, a Notice of Rescheduled Hearing was entered, which assigned Judge John E. Steele to this matter, and confirmed the Pretrial Conference to be held March 26, 2007 at 9:00 a.m. before Judge Steele.

3.     Although the Eleventh Circuit did not address the due process issues on appeal, this Court previously held that the exercise of personal jurisdiction over the Defendants in this case would not offend due process. *See* Opinion and Order [Docket #24] at 9 ("As a result of defendants' contacts with Florida, they should anticipate being sued for any defamatory statements published on their websites.").

4.     WIN anticipates that a similar result will be reached again, but WIN is also concerned that the present pretrial deadlines will not allow sufficient time for the parties to complete discovery and prepare for trial in April 2007. At present, Defendants have not yet answered the Amended Complaint, so the case is not even at issue, and other than the affirmative defense under the Communications Decency Act that was previously raised as part of Defendants' Motion to Dismiss, WIN does not even know what affirmative defenses will be raised and therefore cannot conduct meaningful discovery.

5.     Given WIN's uncertainty as to Defendants' affirmative defenses, and the fact that most if not all of Defendants' witnesses and documents are located in Arizona, WIN does not believe that the parties will be able to complete discovery in time to file a Joint Pretrial Statement on March 16, 2007. Therefore, in an abundance of caution, WIN

ROTHSTEIN ROSENFELDT ADLER
Las Olas City Centre, Suite 1650, 401 East Las Olas Boulevard, Fort Lauderdale, Florida 33301

seeks to suspend or continue the pretrial deadlines established by this Order until such time as this Court rules on the remaining issues raised by the Motion to Dismiss for Lack of Personal Jurisdiction.

6.     Assuming this Court finds that the exercise of personal jurisdiction over Defendants would not violate due process, WIN further seeks leave to file a new Case Management Report so that the parties can jointly request a reasonable discovery schedule that will allow both sides sufficient time to conduct discovery, file dispositive motions and complete mediation before trial.   Based on the claims and issues raised in the Amended Complaint, WIN anticipates that all discovery could be completed within six (6) months once the case is at issue.

7.     On or about February 2, 2007, Plaintiffs filed a Motion for Continuance.

8.     Subsequently, on February 9, 2007, a new Trial Calendar was filed by the Court, as there was a change in the presiding Judge.  However, the new Trial Calendar did not continue the instant matter, and an Order has not been entered on Plaintiffs' Motion for Continuance.  Therefore, in an abundance of caution, Plaintiffs file the instant Motion for Continuance.

9.     Good cause exists to grant the requested continuance. Pursuant to Local Rule 3.09(b), this motion is being filed more than 60 days before the scheduled trial date in April 2007, and the inability of the parties to complete discovery was not due to any lack of diligence; rather, the parties, and particularly WIN, are uncertain what discovery to conduct since the case is not yet at issue and WIN does not know what facts Defendants will challenge or the defenses they will raise.

10.     Pursuant to Local Rule 3.09(d), the undersigned counsel certifies that WIN

3

has been informed of this Motion and has consented to this proposed modification of the trial schedule. In addition, counsel for Defendants has been contacted regarding the Motion, and has authorized the undersigned to state that Defendants do not oppose this motion. However, Defendants' counsel believes that a status conference should be set in this matter so that the Court and counsel for the parties can address the discovery issues and the trial schedule.

11.    This motion is made in good faith and not for purposes of delay.

12.    Neither party will be prejudiced by the granting of the relief sough herein. On the other hand, WIN will be significantly and unfairly prejudiced should this motion be denied in that it will have been denied any meaningful right to conduct discovery.

## MEMORANDUM OF LAW

13.    Federal Rule of Civil Procedure 16 grants district courts the power to police their dockets, including the imposition of deadlines. *Mingo v. Sugar Cane Growers Co-Op of Florida*, 864 F.2d 101, 102 (11th Cir. 1989). If the parties, like the litigants here, diligently and timely pursue their rights but for reasons other than their own negligence are unable to comply with the court's deadline, the court should exercise its discretion and modify its scheduling order. *Payne v. Ryder Systems*, 173 F.R.D. 537, 539 (M.D. Fla. 1997); *Fellows v. Earth Construction Inc.*, 794 F.Supp. 531 (D.Va. 1992).

14.    This Motion clearly sets forth a good faith basis for continuing the current pretrial deadlines and trial date. Plaintiff is not engaging in any type of delay tactic that would warrant denial of this Motion.

**WHEREFORE**, Plaintiff, WHITNEY INFORMATION NETWORK, INC, respectfully requests that this Court grant its renewed Motion and continue the pretrial

deadlines and trial, and further allow the parties to submit a new Case Management

report once the Court addresses the remaining due process issue in Defendants' Motion to

Dismiss for Lack of Personal Jurisdiction, after which a new pretrial schedule and trial

date will be established.

Dated:  February 12, 2007

                                    Respectfully submitted,

                                  By:  /s/ Matthew S. Sackel
                                       Scott W. Rothstein, Esq.
                                       FBN:  765880
                                       Matthew S. Sackel, Esq.
                                       FBN:  0017903
                                       ROTHSTEIN ROSENFELDT ADLER
                                       **Counsel for Plaintiffs**
                                       401 East Las Olas Boulevard, Suite 1650
                                       Fort Lauderdale, Florida 33301
                                       Tele:  954/522-3456
                                       Fax:  954/527-8663
                                       E-Mail: srothstein@rra-law.com

ROTHSTEIN ROSENFELDT ADLER
Las Olas City Centre, Suite 1650, 401 East Las Olas Boulevard, Fort Lauderdale, Florida 33301

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this <u>12</u> day of February, 2007, I electronically filed the forgoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day upon all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

ROTHSTEIN ROSENFELDT ADLER
**Counsel for Plaintiffs**
Las Olas City Centre
401 E. Las Olas Boulevard
Suite 1650
Fort Lauderdale, Florida 33301
Tel:    (954) 522-3456
Fax:    (954) 527-8663
Email: msackel@rra-law.com

By: /s/ Matthew S. Sackel
        Scott W. Rothstein, Esq.
        Matthew S. Sackel, Esq.

H:\swrdocs\03-8471\Pleadings\Renewed Motion to Continue Revised.doc

ROTHSTEIN ROSENFELDT ADLER
Las Olas City Centre, Suite 1650, 401 East Las Olas Boulevard, Fort Lauderdale, Florida 33301

## SERVICE LIST

United States District Court, Middle District of Florida
Fort Myers Division
Whitney Information Network, Inc., et al. vs. Xcentric Ventures, LLC., et al.
Case No.  2:04-cv-47-FtM-33SPC

Scott W. Rothstein, Esq.
srothstein@rra-law.com
Christopher C. Sharp, Esq.
csharp@rra-law.com
ROTHSTEIN ROSENFELDT ADLER
401 East Las Olas Boulevard, Suite 1650
Fort Lauderdale, Florida 33301
Tele:  954/522-3456
Fax:  954/527-8663
**Counsel for Plaintiffs**
  Whitney Information Network, Inc.
  and Russ Whitney
Via CM/ECF

Michael L. Gore, Esq.
mgore@shutts-law.com
Shutts & Bowen LLP
Lincoln Plaza, Suite 1000
300 S. Orange Avenue
Orlando, FL  32801
Tele.:  407/835-6905
Fax:    407/849-7205
**Counsel for Defendants**
 XCENTRIC VENTURES, LLC.;
 BADBUSINESSBUREAU.ORG.; and
 ED MAGEDSON

Maria Crimi Speth, Esq.
mcs@jaburgwilk.com
Jaburg & Wilk, PC
3200 North Central Avenue, Suite 2000
Phoenix, AZ 85012
Tele.:  602/248-1089
Fax:    602/248-0522
**Of-Counsel for Defendants**
  XCENTRIC VENTURES, LLC.;
  BADBUSINESSBUREAU.ORG.; and
  ED MAGEDSON

ROTHSTEIN ROSENFELDT ADLER
Las Olas City Centre, Suite 1650, 401 East Las Olas Boulevard, Fort Lauderdale, Florida 33301