UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Ft. Meyers Division

WHITNEY INFORMATION NETWORK,
INC., a Colorado corporation, and RUSS
WHITNEY, an individual,

       Plaintiff,

v.

                                  CASE NO.  2:04-cv-47-Ftm-33SPC (LAG)

XCENTRIC VENTURES, LLC, an
Arizona limited liability company,
BADBUSINESSBUREAU.ORG, an
Arizona limited liability company, ED
MAGEDSON, an individual,

       Defendants.
_____/

## DEFENDANTS' EMERGENCY MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENA

Pursuant to Federal Rules of Civil Procedure 26 and 45, Defendants, XCENTRIC

VENTURES, LLC ("Xcentric") and ED MAGEDSON ("Magedson") move, on an

emergency basis, for the entry of a protective order quashing or modifying a Subpoena

served by the Plaintiffs on a third-party witness, Christopher J. Whitelock, Esq. (the

"Subpoena").  Specifically, Defendants request the Court to order Mr. Whitelock not to

produce the videotaped deposition of Magedson requested by the Subpoena, or

alternatively, that the videotaped deposition of Magedson be produced subject to an

appropriate protective order limiting its disclosure and publication.  Defendants further

request that they be granted up to and including March 1, 2007 to amend this motion to

include any other objections that they might have to the Subpoena. The grounds for this motion are set forth in the following memorandum.

## MEMORANDUM

1.      Plaintiffs' counsel served a Subpoena (a copy of which is attached herewith as Exhibit "A") on Mr. Whitelock on February 16, 2007.     The Subpoena requires production of the requested materials within one week (by no later than February 23, 2007).     Emergency relief is requested because, contrary to the express requirements of Rule 45(b), Fed.R.Civ.P. Plaintiffs' counsel did <u>not</u> serve the Defendants with a copy of the Subpoena, did <u>not</u> provide Defendants' counsel with "prior notice of any commanded production of documents and things," and did <u>not</u> otherwise notify the Defendants that the Subpoena had been served. Counsel for Defendants only learned of the existence of the Subpoena when Mr. Whitelock e-mailed Defendants' counsel in Arizona on February 21, 2007 and advised that a Subpoena had been served upon him five days earlier and advised that he would be producing the materials sought by the Subpoena on February 23, 2007 (today).[1]     Upon learning of the Subpoena, the undersigned counsel for Defendants contacted Robert Buschel, the Plaintiffs' counsel who signed the Subpoena, by telephone and by telecopy to object to the service of Subpoena without first providing notice to the Defendants and to the Plaintiffs' effort to obtain documents that Plaintiffs'

---

[1]      Although Mr. Whitelock e-mailed the Subpoena to Defendants' Arizona counsel on February 21, 2007 (five days after he was served), he sent it to an associate in the law firm, Adam Kunz, who was not even working on this case, instead of to Maria Speth, a partner in the firm, and, as known by Mr. Whitelock, lead counsel for Xcentric in this case and in the *Federated* case. Mr. Kunz did not even see the Subpoena until late in the day on February 21.

counsel know are subject to a protective order in a state court lawsuit in Broward County, Florida. Plaintiffs' counsel refused to return the telephone call of the undersigned counsel or to otherwise respond to the telecopy sent by the undersigned counsel objecting to the Subpoena. Mr. Whitelock simply reiterated his determination to produce the requested materials on February 23. Defendants have been left with no choice but to seek emergency relief from the Court.

2.      The Subpoena requires Mr. Whitelock to produce the following materials from *Federated v. Xcentric Ventures, et al.*, Case No. 04-17721(05), filed in the Seventeenth Judicial Circuit in and for Broward County, Florida (hereinafter the "*Federated* case"):

> All non-privileged litigation documents, including but not limited to, videos, deposition transcripts, pleadings, interrogatory answers, responses to request for production and accompanying documents . . .

3.      The Defendants in this action were also Defendants in the *Federated* case. Mr. Whitelock was counsel for Plaintiffs in the *Federated* case. In the *Federated* case, Plaintiffs requested the right to videotape Mr. Magedson's deposition. Plaintiffs were permitted to take the video deposition, but the Circuit Court entered a protective order prohibiting the publication of the "video on World Wide Web or otherwise." A copy of the protective order in the *Federated* case is attached herewith as Exhibit "B."

4.      After careful consideration, the Circuit Court in the *Federated* case prohibited the dissemination of the videotaped deposition. Production of the videotaped deposition pursuant to the Subpoena would be in contravention of the Circuit Court's

protective order and would undermine what the Circuit Court sought to achieve when it precluded any dissemination of the videotaped deposition outside of the *Federated* litigation. This Court should recognize that ruling and prohibit production of the videotape deposition. *See* Rule 45(c)(iii), Fed.R.Civ.P. ("On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . . (iii) requires disclosure of privileged or other protected matter . . .").

5. Alternatively, in the event Court should allow the production of the videotaped deposition to the Plaintiffs, Defendants respectfully request that the videotaped deposition be produced subject to a protective order strictly limiting the disclosure or publication of the videotape or the contents of the deposition, consistent with the protective order of the Circuit Court in the *Federated* case to the attorneys representing the parties in this litigation and solely for usage in connection with this litigation.

6. Moreover, as noted above, Plaintiffs' counsel violated Rule 45(b) Fed.R.Civ.P., by failing to give prior notice of the Subpoena to Defendants. *See* Rule 45(b) Fed.R.Civ.P. ("Prior notice of any commanded production of documents and things . . . shall be served on each party . . ."). This inexplicable failure by Plaintiffs' counsel has prejudiced Defendants by depriving them of their right to fully and adequately assess the Subpoena and file comprehensive objections to the Subpoena prior to its scheduled return date. For this reason, Defendants also seek a ruling from this Court providing Defendants with an additional week, up to and including March 1, 2007, to amend this motion to seek additional appropriate relief.

7.     Lastly, the Court is requested to direct Plaintiffs' counsel to comply strictly with the notice requirements of Rule 45. There is no excuse for Plaintiffs' intentional violation of the notice requirements of Rule 45 and the time-honored practice in the federal courts to give notice of all discovery requests to opposing parties. Furthermore, in light of the deliberate attempt by Plaintiffs' counsel to obtain discovery materials from third persons without providing advance notice to Defendants, Defendants are unsure whether similar *ex parte* discovery requests have been made to other third persons. The Plaintiffs should be required to advise the Court and the Defendants of any such efforts.

WHEREFORE, Defendants respectfully request the following relief:

a.     quashing the Subpoena because the Plaintiffs' counsel has, without justification, violated the notice requirements of Rule 45, Fed.R.Civ.P.;

b.     entering a protective order prohibiting the production of Mr. Magedson's videotaped deposition in the *Federated* case, or alternatively, limiting disclosure of the videotaped deposition to the attorneys representing the parties in this litigation and solely for usage in connection with this litigation and prohibiting the disclosure or publication of the videotaped deposition of its contents to third persons;

c.     granting Defendants leave through March 1, 2007 to amend and supplement this motion to seek additional appropriate relief;

d.     enjoining Plaintiffs' counsel from further violations of the notice requirements of Rule 45, Fed.R.Civ.P. and granting Defendants appropriate remedies under Rule 37, Fed.R.Civ.P.;

e.    granting such further relief to Defendants as is just and proper under the circumstances.

Respectfully submitted,

**JABURG & WILK, P.C.**
Maria Crimi Speth, Esq.
Counsel for Defendants
3200 N. Central Ave. Suite 2000
Phoenix, AZ 85012
Tel. 602-248-1000
Fax. 602-463-0410

**STACK FERNANDEZ ANDERSON**
**& HARRIS, P.A.**
Co-Counsel for Defendants
1200 Brickell Avenue
Suite 950
Miami, Florida 33131
Tel: (305) 371-0001
Fax: (305) 371-0002

By:    s/  Brian J. Stack
              Brian J. Stack
              Fla. Bar No. 0476234

## CERTIFICATE OF COUNSEL PURSUANT TO LOCAL RULE 3.01(g)

I HEREBY CERTIFY that pursuant to Local Rule 3.01(g) the undersigned counsel

has attempted in good faith to resolve the issues raised by the motion but has been unable

to do so.

By:     s/   Brian J. Stack
              Brian J. Stack
              Fla. Bar No. 0476234

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of February I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

- Susan L. Dolin
  sdolin@rra-law.com
- Michael L. Gore
  mgore@shutts-law.com,rhicks@shutts-law.com,sseiter@shutts-law.com
- Christina Marie Kitterman
  ckitterman@rra-law.com
- Michael Anthony Pancier
  mpancier@rra-law.com
- Stuart A. Rosenfeldt
  srosenfeldt@rra-law.com,acabello@rra-law.com
- Scott W. Rothstein
  srothstein@rra-law.com
- Matthew Scott Sackel
  msackel@rra-law.com

I HEREBY FURTHER CERTIFY that I mailed and telecopied the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

Robert Buschel, Esq.
Rothstein, Rosenfeldt, Adler, P.A.
Attorneys for Plaintiffs
Las Olas City Centre, Suite 1650
401 East Las Olas Blvd.
Ft. Lauderdale, Florida 33301

Shawn L. Birken
Rothstein, Rosenfeldt, Adler, P.A.
Suite 1650
401 E Las Olas Blvd
Ft. Lauderdale, FL 33301

8

Jonathan P. Ibsen
Jaburg & Wilk, P.C.
7047 E. Greenway Pkwy. Suite 140
Scottsdale, AZ 85254

Christopher C. Sharp
Rothstein, Rosenfeldt, Adler, P.A.
Suite 1650
401 E Las Olas Blvd
Ft. Lauderdale, FL 33301

Christopher Whitelock, Esq.
Whitelock & Associates, P.A.
300 S.E. 13th Street
Ft. Lauderdale, FL 33316

By:    s/  Brian J. Stack
         Brian J. Stack
         Fla. Bar No. 0476234

# Exhibit "A"

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

WHITNEY INFORMATION
NETWORK, INC., a Colorado corporation,
and RUSS WHITNEY, an individual,

v.

XCENTRIC VENTURES, LLC., an
Arizona limited liability company;
BADBUSINESSBUREAU.ORG, an
Arizona limited liability company; and
ED MAGEDSON, an individual,

**SUBPOENA IN A CIVIL CASE**

Case No: 2:04-cv-47-FtM-33SPC (LAG)

TO:    **Christopher J. Whitelock**
       **Whitelock & Associates, PA**
       **300 SE 13th Street**
       **Fort Lauderdale Florida 33316-1924**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below
to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a
deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at
the place, date, and time specified below (list documents or objects): **All non-privileged litigation
documents, including but not limited to, videos, deposition transcripts, pleadings,
interrogatory answers, responses to request for production and accompanying
documents, in the following matter: CACE 04017721**

| PLACE | DATE AND TIME |
|---|---|
| *Rothstein Rosenfeldt Adler*<br>*Las Olas City Centre Suite 1650*<br>*401 East Las Olas Boulevard*<br>*Fort Lauderdale, FL  33301* | Friday, February 23, 2007<br>3:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff         0017963 | February 16, 2007 |

Robert C. Buschel, Esquire, Rothstein Rosenfeldt Adler
401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, FL 33301  TEL: (954) 522-3456 FAX: (954) 527-8663

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

---

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____         _____
                          DATE                                                    SIGNATURE OF SERVER


                                                                                    _____
                                                                                    ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)        PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
    (1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce that duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fees.
    (2)    (A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
            (B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
    (3)    (A)    On timely motion, the court by which the subpoena was issued shall quash or modify the subpoena if it
            (I) fails to allow reasonable time for compliance;
            (II) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
            (iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or
            (iv)    subjects a person to undue burden.
        (B) If a subpoena
            (i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or
            (ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
            (iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(d)        DUTIES IN RESPONDING TO SUBPOENA
    (1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# Exhibit "B"

IN THE CIRCUIT COURT OF THE SEVENTEENTH
JUDICIAL CIRCUIT IN AND FOR BROWARD
COUNTY, FLORIDA

CASE NO.: 04-17231-05

Federato          )
                  )
    V.            )
XCentric Ventures,)
        etAC.     )
_____)

COPY

Court
**ORDER**

THIS CAUSE having come on to be heard on Defendant's/Plaintiff's _____

_____

Motion for PROTECTIVE ORDER _____

and the Court having heard argument of counsel, and being otherwise advised in the Premises, it is hereupon,

ORDERED AND ADJUDGED said Motion be, and the same is hereby GRANTED, in PART (and denied, in PART, as follows; Plaintiff may take a video deposition, but cannot publish video on world wide web or otherwise; only court reporter (video reporter, lawyers for depo and MR MAGEDSON may be aware of deposition date, time, location; within ten (10) days of this order, Ms. Speth must find a secure location for the safety and assurance of Plaintiff's counsel, or otherwise, MR Magedson shall appear for deposition in Broward County in accordance with terms of this ORDER within twenty (20) days of this order.

DONE AND ORDERED in Chambers, at Fort Lauderdale, Broward County, Florida this ___12___

day of _____October_____, 2005

RICHARD D. EADE

OCT 1 2 2005

CIRCUIT JUDGE COPY