UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Ft. Myers Division

WHITNEY INFORMATION NETWORK,
INC., a Colorado corporation, and RUSS
WHITNEY, an individual,

    Plaintiff,

v.

XCENTRIC VENTURES, LLC, an
Arizona limited liability company,
BADBUSINESSBUREAU.ORG, an
Arizona limited liability company, ED
MAGEDSON, an individual,

    Defendants.
_____/

CASE NO.  2:04-cv-47-Ftm-33SPC (LAG)

**DEFENDANTS' AMENDED MOTION FOR
PROTECTIVE ORDER AND TO QUASH SUBPOENA[1]**

Pursuant to Federal Rules of Civil Procedure 26 and 45, Defendants, XCENTRIC VENTURES, LLC ("Xcentric") and ED MAGEDSON ("Magedson"), move for the entry of a protective order quashing or modifying a Subpoena served by the Plaintiffs on a third-party witness, Christopher J. Whitelock, Esq. (the "Subpoena").  Defendants request the Court to quash the Subpoena because Plaintiffs did not give notice of the Subpoena as required by Rule 45(b), Fed.R.Civ.P.  Alternatively, Defendants request that the Court

---

[1] This motion amends Defendants' Emergency Motion for Protective Order and to Quash Subpoena, filed on February 23, 2007.  By Court Order the same day, this Court gave Defendants up to and including Wednesday, February 28, 2007, to amend their motion to include "a further response in opposition to the subpoena."

order Mr. Whitelock not to produce the videotaped deposition of Magedson requested by the Subpoena, or if Mr. Whitelock is permitted to produce the Magedson videotaped deposition, that the videotaped deposition be produced subject to an appropriate protective order limiting its disclosure and publication. The grounds for this motion are set forth in the following memorandum.

## MEMORANDUM

Plaintiffs' counsel served a Subpoena (a copy of which is attached herewith as Exhibit "A") on Mr. Whitelock on February 16, 2007. The Subpoena required production of the requested materials by no later than February 23, 2007.

Rule 45(b), Fed.R.Civ.P., requires that "[p]rior notice of any commanded production of documents and things . . . shall be served on each party . . ." Contrary to the express requirements of Rule 45(b), Plaintiffs' counsel did <u>not</u> serve the Defendants with a copy of the Subpoena, did <u>not</u> provide Defendants' counsel with "prior notice of any commanded production of documents and things," and did <u>not</u> otherwise notify the Defendants that the Subpoena had been served. This failure warrants an Order quashing the Subpoena. *See* <u>Florida Media, Inc. v. World Publications, LLC</u>, 236 F.R.D. 693, 694-95 (M.D. Fla. 2006) (subpoenas were "void and unenforceable" because Plaintiff's counsel did not provide defense counsel with copies of the subpoenas at or before the time the subpoenas were served on the witnesses); <u>Firefighter's Institute for Racial</u>

Equality v. City of St. Louis, 220 F.3d 898, 903 (8th Cir. 2000) (affirming district court's quashing of subpoenas because prior notice was not given to defendant).[2]

The Subpoena requires Mr. Whitelock to produce the following materials from Federated v. Xcentric Ventures, et al., Case No. 04-17721(05), filed in the Seventeenth Judicial Circuit in and for Broward County, Florida (hereinafter the "Federated case"):

> All non-privileged litigation documents, including but not limited to, videos, deposition transcripts, pleadings, interrogatory answers, responses to request for production and accompanying documents . . .

The Defendants in this action were also Defendants in the Federated case. Mr. Whitelock was counsel for Plaintiffs in the Federated case. In the Federated case, Plaintiffs requested the right to videotape Mr. Magedson's deposition. Plaintiffs were permitted to take the video deposition, but the Circuit Court entered a protective order prohibiting the publication of the "video on World Wide Web or otherwise." A copy of the protective order in the Federated case is attached herewith as Exhibit "B".

---

[2] Counsel for Defendants only learned of the existence of the Subpoena when Mr. Whitelock e-mailed Defendants' counsel in Arizona on February 21, 2007 and advised that a Subpoena had been served upon him five days earlier and that he would be producing the materials sought by the Subpoena on February 23, 2007. Upon learning of the Subpoena, the undersigned counsel for Defendants contacted Robert Buschel, the Plaintiffs' counsel who signed the Subpoena, by telephone and telecopy to object both to the service of Subpoena without first providing notice to the Defendants and to the Plaintiffs' effort to obtain documents that Plaintiffs' counsel know are subject to a protective order in a state court lawsuit in Broward County, Florida. Plaintiffs' counsel refused to return the telephone call of the undersigned counsel or to otherwise respond to the telecopy sent by the undersigned counsel objecting to the Subpoena. Mr. Whitelock simply reiterated his determination to produce the requested materials on February 23. Defendants were left with no choice but to seek emergency relief from the Court.

After careful consideration, the State Circuit Court in the <u>Federated</u> case prohibited the dissemination of the videotaped deposition. Production of the videotaped deposition pursuant to the Subpoena would be in contravention of the Circuit Court's protective order and would undermine what the Circuit Court sought to achieve when it precluded any dissemination of the videotaped deposition outside of the <u>Federated</u> litigation. This Court should recognize that ruling and prohibit production of the videotape deposition. *See* Rule 45(c)(iii), Fed.R.Civ.P. ("On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . . (iii) requires disclosure of privileged or other protected matter . . .").

There is no reason for Mr. Whitelock to produce a copy of the Magedson videotaped deposition to Plaintiffs. Plaintiffs in this action apparently already have the written transcript of Mr. Magedson's deposition. With that record of the questions asked and answers given, Plaintiffs have no need for the video transcript as well. The potential for oppressive, annoying, and embarrassing misuse outweighs any legitimate benefit added by the video transcription. If Plaintiffs do not already have the full written transcript, Defendants do not oppose them obtaining it.

Moreover, there are compelling reasons why the videotaped deposition should not be produced in this litigation. Ed Magedson is the manager of a consumer protection website known as "ripoffreport.com." The website allows consumers to post complaints about businesses. As this Court has noted in previous orders, hosting a public forum on the internet is a protected activity pursuant to the Communications Decency Act, and as a forum provider, ripoffreport.com and its operators are immune from liability for the

consumers who feel "ripped-off" and post very bitter, highly critical complaints. Sometimes the owners and operators of the businesses who have been criticized become very angry about the negative postings and demand that ripoffreport.com remove the negative postings. But ripoffreport.com and Magedson do not remove postings.

Angry business owners commonly sue Magedson, or threaten him, or take steps to ridicule, disgrace, embarrass, harass, or annoy him. As an example, Mr. Magedson recently received a threatening letter. *See* Declaration of Ed Magedson ("Magedson Declaration"), attached to this motion as Exhibit "C", ¶¶ 3 and 5 and Attachment "1" (a copy of the letter). The letter states:

> Your life is in danger until you comply with our demands. . . . Your neighbors already know about your criminal dealings and how you are making many people loose [sic] their business. You will soon be beaten to a pulp and pounced into the ground six feet under with a baseball bat and sleg [sic] hammer. . . .You must remove reports on search engines from companies that already had a lawsuit with you in the past and those presently. We do not care if you prevailed in the case or they settled with you. You must delete all those reports as well. . . .Your home will burn. . . . You will have six hours from that time to delete the following listings on search engines: [several companies listed] . . . along with any company suing you in Florida or has sued you in the past. . . . We know where you shop. We know where you bank. [locations redacted]. Are we getting closer Ed? . . . You've met your match ed [sic]. There will be no hiding. You should have played ball when I offered you the chance. You have no idea who you are playing with.

It is not unusual for angry business owners to harass, annoy and seek to embarrass Mr. Magedson by manipulating and distorting his image and statements in a public forum. For example, Federated Financial, a Florida business, created a website at

http://www.bad-business-rip-off.net/ as an effort to ridicule and harass Magedson.  *See* Magedson Declaration, Exhibit "C" herewith, ¶¶ 4 and 5 and Attachment "2" (a printout of the website).  The website includes manipulated images of Magedson and his attorneys portrayed as characters: one shows attorney Maria Speth as a green-faced wicked-witch sitting behind bars next to Magedson.  The website also uses images of court records to give legitimacy to its editorial rants and insinuations against Magedson.

If allowed to circulate freely, the video deposition transcript at issue would certainly be misused by hostile people in hostile public forums.  Mr. Magedson and ripoffreport.com constantly face that sort of hostility because they provide a forum for consumer complaints.  The video transcript would be edited, altered, and manipulated to create slanted and false impressions, and it would be posted on internet blogs and websites. At the same time, Defendants' critics would cite the authority of the courts and deposition proceedings to support their caricatures. The video deposition transcript would be used as an instrument to unjustly annoy, embarrass, and oppress.  *See* Magedson Declaration, Exhibit "C" herewith, ¶ 6.  This very concern led the court in <u>Felling v. Knight</u>, No. IP 01-0571-C-T/K, 2001 WL 1782360 (S.D. Ind. Dec. 21, 2001), to enter a protective order sealing the videotape depositions because of the potential embarrassment and harassment to the video deponents.  In so ruling, the court noted that "[v]ideotapes are subject to a higher degree of potential abuse than transcripts.  They can be cut and spliced and used as 'sound-bites' . . ." *Id.,* at *3.

Defendants do not claim that Russ Whitney or his business (Plaintiffs) would *necessarily* do that.  However, Plaintiffs issued the Subpoena without notice to

6

Defendants in clear violation of the federal rules.  Plaintiffs also refused to stipulate to a protective order limiting the use of the video deposition to the litigation and prohibiting Plaintiffs from altering, publishing, circulating, or distributing the video transcript.  Plaintiffs have given no legitimate reason for such refusal.  Given past, repeated misuse of Mr. Magedson's image and statements, and Plaintiffs' curious unwillingness to agree to reasonable restrictions on the use of the videotaped deposition, Defendants have a well-founded concern that the video transcript could well be publicly disseminated and used to embarrass, annoy and oppress Mr. Magedson.  Relief is clearly warranted here in order to protect Mr. Magedson from the annoyance, embarrassment and oppression that would almost certainly occur if the videotape was produced or misused.  This Court should order Mr. Whitelock not to produce the video transcript.  *See* Rule 26(c)(1), Fed.R.Civ.P. ("Upon motion by a party or by the person from whom discovery is sought . . . the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression . . . including . . . that the disclosure or discovery not be had . . .").

     Deposition transcripts are not public documents.  They are private pre-trial proceedings and not public proceedings like trials.  Defendants ask this Court to protect the privacy of the pre-trial deposition from public disclosure and dissemination.  The Supreme Court of the United States has determined that there is no constitutional right for the public to attend pre-trial proceedings, emphasizing that "[T]here exists no persuasive evidence that at common law members of the public had any right to attend pre-trial proceedings; indeed, there is substantial evidence to the contrary."  Gannett Co. v.

7

DePasquale, 443 U.S. 368, 387 (1979).  In his concurring opinion, Chief Justice Burger noted that:

> during the last 40 years in which the pretrial processes have been enormously expanded, it has never occurred to anyone, so far as I am aware, that a pretrial deposition or pretrial interrogatories were other than wholly private to the litigants. A pretrial deposition does not become part of a 'trial' until and unless the contents of the deposition are offered into evidence.

*Id.* at 396.

Similarly, in Seattle Times Co. v. Rhinehart, 467 U.S. 20 (1984), the Supreme Court stated:

> Moreover, pretrial depositions and interrogatories are not public components of a civil trial. Such proceedings were not open to the public at common law, and in general, they are conducted in private as a matter of modern practice. Much of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action. Therefore, restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information.

*Id.* at 33. (footnote and citations omitted).

Alternatively, in the event this Court allows production of the videotaped deposition to the Plaintiffs, Defendants respectfully request that the videotaped deposition be produced subject to a protective order strictly limiting the disclosure or publication of the videotape or the contents of the deposition, consistent with the protective order of the Circuit Court in the Federated case, to the attorneys representing the parties in this litigation and solely for usage in connection with this litigation.

8

The courts have not hesitated to limit the use and disclosure of videotaped depositions based on the same concerns present here.  Thus, in Baker v. Buffenbarger, No. 03-C-5443, 2004 WL 2124787 (N.D. Ill. Sept. 22, 2004), the court, finding that "plaintiffs intend to use footage and transcripts from Defendants' depositions to embarrass and criticize Defendants . . .," ordered that both the video deposition and written transcripts could be used only for purposes related to the litigation and could not be broadly disseminated.  *Id.,* at **3, 4.  Similarly, in Paisley Park Enterprises, Inc. v. Uptown Productions, 54 F. Supp. 2d 347, 349 (S.D.N.Y. 1999), there was a well-founded concern that defendants would use the video deposition they sought to take for non-litigation purposes.  Defendants had a website on which it was likely they would utilize the videotape, and, as with Plaintiffs' counsel here, defense counsel in Paisley Park refused to agree to limit the use of the videotape to the litigation.  The court, noting that the rule authorizing the videotaping of depositions "was not intended to be a vehicle for generating content for broadcast and other media," ordered that the videotape be used solely for purposes of the litigation.  *Id.* at 349-50.  *See also* Drake v. Benedek Broadcasting Corp., No. CIV.A. 99-2227GTV, 2000 WL 156825, at *2 (D. Kan. Feb. 9, 2000) (court strictly limited use of videotaped deposition to the litigation because of concern that plaintiff might use videotape to further a "private pursuit").

In order to be effective in preventing the distribution or misuse of the video transcript, Defendants' respectfully propose that the Court's protective order should include the following terms:

    a.     Charles Whitelock shall produce one copy of the Magedson Videotaped Deposition in VHS format to Plaintiffs' attorney and one copy to Defendant's attorneys.

    b.     No additional copies of the Magedson Videotaped Deposition shall be made by Plaintiffs' attorneys or produced by Charles Whitelock or his clients, and Plaintiff's attorneys shall takes steps to prevent any additional copying of same.

    c.     Plaintiffs' attorneys shall keep the Magedson Videotaped Deposition secured under lock and key, and shall not remove it from their offices except to transport it to Court for trial or hearings in which it might be used.

    d.     No persons other than Plaintiffs' attorneys and Defendants' attorneys shall be allowed to use or view the Magedson Videotaped Deposition, except at trial or in a hearing after the Court has authorized the use of the Magedson Videotaped Deposition.

    e.     At the conclusion of this lawsuit, Plaintiffs' attorneys shall return the Magedson Videotaped Deposition to the Defendants' counsel, Maria Speth, and shall certify that no additional copies of the Magedson Videotaped Deposition have been made.

Lastly, the Court is requested to direct Plaintiffs' counsel to comply strictly with the notice requirements of Rule 45. There is no excuse for Plaintiffs' violation of the notice requirements of Rule 45 and the time-honored practice in the federal courts to give notice of all discovery requests to opposing parties.[3]

WHEREFORE, Defendants respectfully request the following relief:

a. quashing the Subpoena because the Plaintiffs' counsel has, without justification, violated the notice requirements of Rule 45, Fed.R.Civ.P.;

b. entering a protective order prohibiting the production of Mr. Magedson's videotaped deposition from the <u>Federated</u> case, or alternatively, limiting disclosure of the videotaped deposition to the attorneys representing the parties in this litigation and solely for usage in connection with this litigation and prohibiting the disclosure or publication of the videotaped deposition or its contents to third persons;

c. enjoining Plaintiffs' counsel from further violations of the notice requirements of Rule 45, Fed.R.Civ.P., and granting Defendants appropriate remedies under Rule 37, Fed.R.Civ.P.;

d. granting such further relief to Defendants as is just and proper under the circumstances.

---

[3] In the Emergency Motion for Protective Order and to Quash Subpoena, filed February 23, 2007, Defendants requested that the Court require Plaintiffs' counsel to advise the Court and the Defendants of any other efforts by Plaintiffs to obtain discovery from third parties without providing notice to Defendants. On February 27, 2007, Plaintiffs' counsel represented to Defendants' counsel that there have been no such other efforts.

Respectfully submitted,

**JABURG & WILK, P.C.**
Maria Crimi Speth, Esq.
Counsel for Defendants
3200 N. Central Ave. Suite 2000
Phoenix, AZ 85012
Tel. 602-248-1000
Fax. 602-463-0410

**STACK FERNANDEZ ANDERSON
 & HARRIS, P.A.**
Co-Counsel for Defendants
1200 Brickell Avenue
Suite 950
Miami, Florida 33131
Tel: (305) 371-0001
Fax: (305) 371-0002

By:   s/ Denise B. Crockett
      Denise B. Crockett
      Fla. Bar No. 0327913

**CERTIFICATE OF COUNSEL PURSUANT TO LOCAL RULE 3.01(g)**

I HEREBY CERTIFY that pursuant to Local Rule 3.01(g) the undersigned counsel has attempted in good faith to resolve the issues raised by the motion but has been unable to do so.

By:   s/  Denise B. Crockett
       Denise B. Crockett
       Fla. Bar No. 0327913

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of February, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

- Susan L. Dolin
  sdolin@rra-law.com
- Michael L. Gore
  mgore@shutts-law.com,rhicks@shutts-law.com,sseiter@shutts-law.com
- Christina Marie Kitterman
  ckitterman@rra-law.com
- Michael Anthony Pancier
  mpancier@rra-law.com
- Stuart A. Rosenfeldt
  srosenfeldt@rra-law.com,acabello@rra-law.com
- Scott W. Rothstein
  srothstein@rra-law.com
- Matthew Scott Sackel
  msackel@rra-law.com

I HEREBY FURTHER CERTIFY that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

Robert Buschel, Esq.
Rothstein, Rosenfeldt, Adler, P.A.
Attorneys for Plaintiffs
Las Olas City Centre, Suite 1650
401 East Las Olas Blvd.
Ft. Lauderdale, Florida  33301

Shawn L. Birken
Rothstein, Rosenfeldt, Adler, P.A.
Suite 1650
401 E Las Olas Blvd
Ft. Lauderdale, FL 33301

Jonathan P. Ibsen
Jaburg & Wilk, P.C.
7047 E. Greenway Pkwy. Suite 140
Scottsdale, AZ 85254

Christopher C. Sharp
Rothstein, Rosenfeldt, Adler, P.A.
Suite 1650
401 E Las Olas Blvd
Ft. Lauderdale, FL 33301

Christopher Whitelock, Esq.
Whitelock & Associates, P.A.
300 S.E. 13th Street
Ft. Lauderdale, FL 33316


            By: s/ Denise B. Crockett
               Denise B. Crockett
               Fla. Bar No. 0327913