# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

WHITNEY INFORMATION NETWORK, INC., a
Colorado corporation,

        Plaintiff,

-vs-                                                    Case No.  2:04-cv-47-FtM-34SPC

XCENTRIC VENTURES, LLC., an Arizona limited
liability company; BADBUSINESSBUREAU.ORG,
an Arizona limited liability company and ED
MAGEDSON, an individual,

        Defendants.

_____

## ORDER

_____This matter comes before the Court on the Defendants Xcentric Ventures, LLC. And Ed

Magedson's Amended Motion for Protective Order and to Quash Subpoena (Doc. #86) filed on

February 28, 2007.  The Defendants move to quash the subpoena issued to the third party witness

Christopher J. Whitelock, Esq. regarding the video taped deposition of the Defendant, Ed Magedson.

As grounds, the Defendants argue that notice of the subpoena was not served in accord with Fed. R.

Civ.P. 45(b).  The Plaintiff argues that the notice was sent, or if it was not mailed it was an oversight

by office personnel but not a deliberate attempt to circumvent the notification standard in Rule 45.

      Pursuant to the Federal Rules, a subpoena shall be quashed and/or modified if it: fails to allow

reasonable time for compliance; requires a nonparty to travel to a place more than 100 miles from the

place where that person resides, is employed, or regularly transacts business in person; requires the

disclosure of privileged or other protected matter; or subjects a person to undue burden. Fed. R. Civ.

P. 45(c)(3)(A).

It is the person to whom a subpoena is directed who has standing to seek a motion to quash. Butterworth v. Jones Chemicals, Inc., 1993 WL 388645 *2 (M.D. Fla.); *See also* Brown v. Braddick, 595 F.2d 961, 967 (5th Cir. 1979) (holding that a motion to quash may only be brought by the witness; the parties do not have standing to bring a motion to quash on behalf of a witness). In this instance, the subpoena is directly targeted to Magedson's deposition testimony and therefore he has standing to move to quash.

Although the technical compliance with Rule 45's notification requirement was not met, the Court does not find that the Plaintiff acted in bad faith. Moreover, the Defendant was provided extra time to file an amended motion to quash (Doc. # 83) in order to better inform the Court of the issues. As a result, any failure on the part of the Plaintiff was offset by the Court's order allowing more time to respond. The Plaintiff's failure to strictly comply with Rule 45 was offset by the Court's Order. Therefore, the motion to quash due to lack of notification is due to be denied.

In the alternative, the Defendants request the Court to issue a protective order preventing the video deposition from being distributed to parties outside of the litigation. A person from whom discovery is sought may move under Fed. R. Civ. P. 26(c) for a protective order limiting disclosure or for providing confidentiality. Rule 26(c) allows the Court to issue a protective order to limit discovery and make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Moore v. Potter, 141 Fed. Appx. 803, (11th Cir. 2005) (citing Fed. R. Civ. P. 26(c)) A protective order should be entered only when the movant makes a particularized showing of "good cause" and specific demonstration of fact by affidavit or testimony of a witness with personal knowledge, of the specific harm that would result from disclosure or loss of confidentiality; generalities, conclusory statements and unsupported contentions

do not suffice. Gulf Oil Company v. Bernard, 452 U.S. 89, 102 n. 16, 101 S. Ct. 2193, 68 L. Ed. 2d 693 (1981); Cipollone v. Leggett Group, Inc., 785 F.2d 1108, 1121 (3rd Cir. 1986).

Whether good cause exists for a protective order is a factual matter to be decided by the nature and character of the information in question. Chicago Tribune Co. V. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1315 (11th Cir. 2001). Courts have broad discretion at the discovery stage to determine whether or not a protective order is appropriate and what degree of protection is required. Seattle Times v. Rhinehart, 467 U.S. 20, 36-37, 104 S. Ct. 2199, 81 L. Ed. 2d 17(1984).

As grounds for the protective order, Magedson argues that the video would be used against him because he runs a web site know as ripoffreport.com.  Consumers are invited to e-mail bad experiences they have had in dealing with companies and the consumer complaints are then posted on the web site for the general public to access and view.  As a result of his association with ripoffreport.com, Magedson states he has been harassed and even received death threats from companies unhappy with the negative postings.  Magedson argues that the video could be altered, or edited, and then posted on the web site in an attempt to harass and embarrass him by companies that are unhappy with negative postings on ripoffreport.com.  Magedson also asserts that deposition testimony is not subject to public disclosure like trial testimony.

The Defendants' argument is well taken.  "The common law right of access to judicial proceedings does not extend to information collected through discovery which is not a matter of public record." Gilliam v HBE Corporation, 2000 WL 33996253 (M.D. Fla. October 25, 2000); *See* In re Alexander Grant & Co. Litigation, 820 F.2d 352, 355 (11th Cir. 1987) (citing Seattle Times Co. v. Rhine hart, 467 U.S. 20, 32, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984) (holding the discovery process as a matter of legislative grace is a statutorily created forum not traditionally open to the

public).  However, the deposition of Magedson could lead to discoverable information that could be used at trial and should be produced pursuant to Fed. R. Civ. P. 26(a).  Therefore, the Court will grant the Defendants' request for a protective order.

Accordingly, it is now

**ORDERED:**

The Defendants Xcentric Ventures, LLC. And Ed Magedson's Amended Motion for Protective Order and to Quash Subpoena (Doc. #86) is **GRANTED** in part and **DENIED** in part.

(1) The Defendants Xcentric Ventures, LLC. And Ed Magedson's Amended Motion to Quash Subpoena is **DENIED.**

(2) Defendants Xcentric Ventures, LLC. And Ed Magedson's Amended Motion for a Protective Order is **GRANTED.**  The Court will issue the Protective Order under separate cover.

**DONE AND ORDERED** at Fort Myers, Florida, this ___6th___ day of March, 2007.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record