UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WHITNEY INFORMATION NETWORK, INC., a
Colorado corporation,

      Plaintiff,

-vs-              Case No. 2:04-cv-47-FtM-34SPC

XCENTRIC VENTURES, LLC., an Arizona limited
liability company; BADBUSINESSBUREAU.ORG,
an Arizona limited liability company and ED
MAGEDSON, an individual,

      Defendants.
_____

## PROTECTIVE ORDER OF CONFIDENTIALITY

  1. CONFIDENTIAL MATERIAL: As used in this Protective Order, confidential material shall refer to the video deposition of Ed Madgeson, hereinafter referred to as Defendant, protected as confidential information pursuant to Florida state law.

  2. RECORDS: As used in this Protective Order, records means information, both discrete and cumulative, that is inscribed on a tangible medium or that is stored in an electronic or on video taped or on a compact disc or any other medium that is retrievable in perceivable form.

  3. SCOPE: This protective order shall govern confidential material produced or disclosed by this Defendant in response to formal or informal discovery conducted in this matter. Nothing in this protective order shall be deemed to preclude this Defendant's right to: (a) oppose discovery on grounds not addressed under the terms of this protective order, or (b) object on any grounds to the admission of any confidential material into evidence at trial or (c) utilize or disseminate its confidential

material for any purpose at its own discretion. Further, nothing contained in this Protective Order shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the confidential material sought.

4. DESIGNATION OF CONFIDENTIAL MATERIAL: The party claiming confidentiality may designate all or any portion of the video it produces formally or informally to the other party to this litigation as confidential material. The designation of confidential material may be made by any practicable means, including placing on the thing so designated, such that it will not interfere with its legibility, an appropriate notice such as the following: **CONFIDENTIAL MATERIAL.**. All materials designated as confidential material shall be treated as such pursuant to the terms of this Protective Order until further order by the Court. Defendant may only designate documents, things and information as "confidential material" pursuant to this paragraph.

5. ACCESS TO CONFIDENTIAL MATERIAL: Access to confidential material shall be limited to authorized persons, solely in the performance of their duties in connection with trial preparation of this case. Authorized Persons are:

(a) Counsel of record for the parties to this civil action who have consented to this Protective Order and signed the Promise of Confidentiality;

(b) Paralegal, secretarial, administrative, and legal personnel working under the direction and control of those counsel of record;

(c) Outside experts and consultants retained by the counsel of record who have first consented to this Protective Order and signed the Promise of Confidentiality and agreed in writing to be bound by its terms; and

(d) Further access may be agreed to by the parties documented in writing or requested by any party by motion filed with this Court and approved by this Court.

Authorized persons shall not include any organization or entity that regularly maintains and/or disseminates documents or information regarding documents, including abstracts or summaries, or any other records as a service to its members, subscribers, or others, or the representative of such an organization or entity.

6. PROMISE OF CONFIDENTIALITY: Each authorized person who receives access to any confidential material shall first be given a copy of this protective order and advised by the trial counsel making the disclosure that such person must not divulge any confidential material to any other person except in preparation or trial of this lawsuit, and that such disclosure is limited to authorized persons. In accord with <u>Hartman v. Remington Arms Co.</u>, F.R.D. 673 693 (W.D. Mo. 1992), a Promise of Confidentiality is attached as Exhibit A. This promise must be signed by each authorized person receiving any confidential material in advance of receipt. The signed original of each such promise shall be maintained by the disclosing counsel and provided to counsel for the Defendant within twenty (20) days after the final termination of this action.

7. If Counsel for the Plaintiff determines that certain confidential material produced by the Defendants must be revealed to a person identified in Paragraph 6(c), then counsel may reveal the confidential material to such person only after first complying with the following:

(a) The person must sign the Promise of Confidentiality and agree in writing to be bound by its terms;

(b) At least ten (10) days prior to disclosure of confidential materials to the expert or consultant, Counsel for the Plaintiff shall give written notice of the following to the Defendant by and

through its counsel of record: the names and addresses and the present employment or the person(s) to whom the disclosure is intended to be made, as well as the specific identification of the confidential materials which will be disclosed to such expert or consultant.

(c) Counsel for the party intending to disclose confidential material shall also inquire whether the expert or consultant is affiliated with, employed by, or consulting with a competitor of the Defendant's regarding research, development, production or testing. If so, the party intending to make such disclosure shall also give written notice of the following to the Defendants, by and through its counsel of record, within twenty (20) days prior to such intended disclosure: the identity of the competitor, and the affiliation of the expert or consultant with the competitor.

(d) While the Plaintiffs are still required to comply with sub-sections 7(b) and 7(c) after the time established by the Court for Expert Witness Disclosures, the parties are not required to disclose information to Counsel for the opposing party pursuant to 7(b) and 7(c) prior to the time for Expert Witness Disclosures. The objecting party is not required to comply with subsections 7(b) and 7(c) if they serve a written objection to compliance and the Court determines that compliance is inappropriate.

8. USE OF CONFIDENTIAL MATERIAL: All confidential material shall be used for the purpose of this lawsuit only.

(a) No confidential material will be produced, disclosed or otherwise utilized in any other litigation, whether or not that litigation involves parties to this case. Further, no confidential material shall be disseminated to or shared with any organization or entity that regularly maintains and/or disseminates documents or information regarding documents, including abstracts or summaries, or

any other records as a service to its members, subscribers, or others, or the representative of such an organization or entity.

(b) If any subpoenas, request for production, or other forms of discovery in connection with other litigation are served on any party to this litigation are served on any party to this protective order, that party will immediately notify the Defendant's Counsel of record, provide Defendant's Counsel of record with a copy of the subpoena, etc., and will consent to and assist in obtaining an order from the appropriate court protecting the confidential material from being disseminated outside the scope of this Protective Order.

9. EVIDENCE AT TRIAL: Confidential Material may be introduced into evidence at trial, if otherwise admissible, provided that the party seeking to do so shall give sufficient advance notice to the parties to allow arrangements to be made for *in camera* treatment of the confidential material.

10. INADVERTENT DISCLOSURE: Should any confidential material be disclosed to any unauthorized persons, through inadvertence or a party or through the act or omission or any person, the unauthorized person (a) shall be informed promptly of the provisions of this protective order by the party who first learns of the disclosure, and upon such notice shall be subject to the terms of this order; (b) shall be identified immediately to all other parties; and (c) shall be directed it within the control of a party, or otherwise asked, to sign the Promise of Confidentiality, (Exhibit A). The person or entity whose inadvertence caused the unauthorized disclosure shall be responsible for securing the unauthorized person's assent to the Promise of Confidentiality and for all reasonable attorney's fees, costs and expenses associated with the enforcement of this Order.

11. RETURN OF CONFIDENTIAL MATERIAL: Within twenty (20) days of the final termination of this action, counsel of record for each party shall assemble and return to counsel for

the Defendant all confidential material produced, including all copies notes, summaries, renderings, photographs, recordings, and reproductions of every kind. Any confidential material entered onto a computer database or other retrieval system shall be deleted and written over or formatted. Any direct quote from confidential material will also be returned to counsel of record for the Defendant within twenty (20) days of final termination of this action. The confidential material being returned shall be described sufficiently to identify the confidential material transmitted (but without disclosing its substance) in a cover letter from each counsel of record returning such confidential material. A copy of that cover letter shall be filed with the Court. All signed Promises of Confidentiality shall also be returned as provided in Paragraph 6.

12. SURVIVAL OF OBLIGATIONS: All obligations and duties arising under this Protective Order shall survive the termination of this action and, in addition, shall be binding upon the parties to this action, their successors and assigns (whether in whole or in part), affiliates, subsidiaries, their officers, attorneys, agents, representatives, and employees.

13. JURISDICTION: This Court shall retain jurisdiction indefinitely with respect to enforcement of and/or any dispute regarding the improper use of confidential material, to modify the terms of this Order, or to enter further Orders regarding confidential material, as may be necessary.

**DONE AND ORDERED** at Fort Myers, Florida, this ___6th___ day of March, 2007.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:
Counsel of record
DCCD

**EXHIBIT A**

**PROMISE OF CONFIDENTIALITY**

STATE OF _____

COUNTY OF _____

1.   My name is _____. I live at _____. I am employed as _____ by _____.

2.   I am aware that a document and information protective order has been entered in _____ and a copy of that Protective Order has been given to me.

3.   I promise that I will use the **confidential materials** as defined under that Protective Order <u>only</u> in connection with assisting counsel for the Plaintiffs or Defendants in preparing for litigation of this matter.

4.   I promise that I will not disclose or discuss such **confidential material** with any person other than the parties, and counsel for the parties or members of their staff who are actively engaged in the preparation of this case.

5.   I understand that any use of the confidential material I obtain, in any manner contrary to the provisions of the Protective Order may subject me to sanctions by this Court, and I agree to the jurisdiction of this Court to enforce any such Order.

6.   I expressly consent to the jurisdiction of this Court with respect to matters within the scope of the Protective Order.

7.   I promise to promptly return to Ed Madgeson's Counsel of Record, through delivery to counsel representing Plaintiffs or Defendant, all **confidential materials** or any portion or summary thereof, upon notice mailed to me at the address provided hereinabove, and I promise that under no circumstance will I retain any duplicate of any such **confidential material**. I assume all responsibility for returning this material to Ed Madgeson's Counsel of Record as set forth herein, and I bear all risks associated with the purported loss, destruction or inadvertent disclosure of such **confidential material** that has been entrusted to my care. My failure to return all such **confidential material** will be deemed a disclosure in violation of the Protective Order

and this agreement, which may subject me to sanctions.  I expressly agree to pay all reasonable attorneys' fees, costs and expenses associated with enforcement of this paragraph in order to obtain my compliance with it, in addition to any sanctions the Court may impose.

_____
Signature                                                                                                         Date

    Witness my hand and seal this _____ day of _____, 200\_\_.


(SEAL)


State of _____

_____ County

  I, _____, a notary public for this county and state, certify that _____, whose name is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of the instrument, the above named individual executed the same voluntarily on the day the same bears date.


_____
Notary Public


My Commission Expires: _____

**EXHIBIT B**

STATE OF _____

COUNTY OF _____

       Plaintiffs,

vs.                              CIVIL ACTION NO:_____

       Defendants.
_____

**DEPOSITION OF** _____

**THIS** _____ **DAY OF** _____**, 200**\_

<u>DESIGNATION OF CONFIDENTIAL MATERIAL</u>

     Pursuant to the Court Order dated _____, the following parts of this deposition are designated as confidential:

     This _____ day of _____, 200\_.

                                                   _____
                                                   Counsel of Record