UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 2:04-cv-47-FtM-34-SPC

WHITNEY INFORMATION NETWORK, INC.; a Colorado corporation,

    Plaintiff,

v.

XCENTRIC VENTURES, LLC, an Arizona limited liability company; BADBUSINESSBUREAU.ORG, an Arizona limited liability company; and ED MAGEDSON, an individual,

    Defendants.

**ANSWER TO FIRST AMENDED COMPLAINT**

Defendants XCENTRIC VENTURES, LLC and ED MAGEDSON (collectively, "Defendants") hereby submit the following Answer to Plaintiffs' First Amended Complaint ("Complaint"):

1.     Paragraph 1 contains only argument to which no response is required, however, to the extent any response is required Defendants deny the allegations of Paragraph 1 of the Complaint.

2.     Defendants admit that there is a diversity of citizenship between Plaintiffs and Defendants. All other allegations of Paragraph 2 of the Complaint are denied.

3.     Defendants deny the allegations of Paragraph 3 of the Complaint.

4.     Defendants deny the allegations of Paragraph 4 of the Complaint.

5.     Defendants deny the allegations of Paragraph 5 of the Complaint. There is

no entity "badbusinessbureau.org."

6. Defendants deny the allegations of Paragraph 6 of the Complaint.

7. Defendants deny the allegations of Paragraph 7 of the Complaint. Defendants affirmatively assert that the Court lacks personal jurisdiction over them. Defendants expressly reserve the right to object to the Court's exercise of personal jurisdiction at each and every stage of this proceeding, and no waiver, express or implied, of any such objection is intended.

8. Defendants deny the allegations of Paragraph 8 of the Complaint.

9. Defendants deny the allegations of Paragraph 9 of the Complaint.

10. Defendants deny the allegations of Paragraph 10 of the Complaint.

11. Defendants deny the allegations of Paragraph 11 of the Complaint.

12. Defendants lack sufficient knowledge to admit or deny the allegations of Paragraph 12 of the Complaint and therefore deny the same.

13. Defendants admit the allegations of Paragraph 13 of the Complaint.

14. Defendants affirmatively allege that the website www.ripoffreport.com is operated by Xcentric Ventures, LLC ("Xcentric").  Defendants admit that persons throughout the United States and the world view the website.  Defendants deny all remaining allegations in Paragraph 14.

15. Defendants deny the allegations of Paragraph 15 of the Complaint.

16. Defendants deny the allegations of Paragraph 16 of the Complaint.

17. Defendants admit the allegations of Paragraph 17 of the Complaint.

18. Defendants affirmatively assert that Ed Magedson is the manager of

Xcentric Ventures, LLC ("Xcentric"). Xcentric operates a website known as "The Rip-Off Report" which is located at www.ripoffreport.com and www.badbusinessbureau.com (collectively, the "ROR Site"). Xcentric promotes the www.ripoffrevenge.com website. Defendants deny all remaining allegations in Paragraph 18 of the Complaint.

19. Defendants lack sufficient knowledge to admit or deny the allegations of Paragraphs 19-30 of the Complaint and therefore deny the same.

20. Defendants deny the allegations of Paragraph 31 of the Complaint.

21. Defendants admit that Xcentric operates the websites known as www.ripoffreport.com and is the Registrant of the website known as www.ripoffrevenge.com. Defendants deny all remaining allegations in Paragraph 32 of the Complaint.

22. Defendants admit that Xcentric holds itself out to the public as a "worldwide consumer reporting website and publication, by consumers and for consumers" to file and document customer complaints about "companies or individuals who rip off consumers." Defendants deny all remaining allegations in Paragraph 33 of the Complaint.

23. Defendants deny the allegations of Paragraph 34 of the Complaint.

24. Defendants deny the allegations of Paragraph 35 of the Complaint.

25. Defendants affirmatively allege that Xcenctric encourages consumers to submit complaints about any company that has ripped-off the consumer. Defendants deny all remaining allegations in Paragraph 36 of the Complaint.

26. Defendants deny the allegations of Paragraph 37 of the Complaint.

27. Defendants admit that Xcentric does not verify the complaints submitted to www.ripoffreport.com for accuracy. Defendants deny all remaining allegations of Paragraph 38 of the Complaint.

28. Defendants deny the allegations of Paragraph 39 of the Complaint.

29. Defendants deny the allegations of Paragraph 40 of the Complaint.

30. Defendants deny the allegations of Paragraph 41 of the Complaint.

31. Defendants deny the allegations of Paragraph 42 of the Complaint.

32. Defendants deny the allegations of Paragraph 43 of the Complaint.

33. Defendants admit that while on www.ripoffreport.com, a consumer may click on a link directed to www.ripoffrevenge.com. Defendants deny all remaining allegations of Paragraph 44 of the Complaint.

34. Defendants deny the allegations of Paragraph 45 of the Complaint.

35. Defendants admit that www.ripoffreport.com sells banner advertising and advertising clients can pay to have their name and logo appear on the website. Defendants deny the remaining allegations of Paragraph 46 of the Complaint.

36. Defendants admit that the websites at www.ripoffreport.com and www.ripoffrevenge.com solicit donations "for the high cost of providing this service." Defendants deny all remaining allegations of Paragraph 47 of the Complaint.

37. Defendants deny the allegations of Paragraph 48 of the Complaint.

38. Defendants deny the allegations of Paragraph 49 of the Complaint.

39. Defendants deny the allegations of Paragraph 50 of the Complaint.

40. Defendants deny the allegations of Paragraph 51 of the Complaint.

41. Defendants deny the allegations of Paragraph 52 of the Complaint.

42. Defendants deny the allegations of Paragraph 53 of the Complaint.

43. Defendants deny the allegations of Paragraph 54 of the Complaint.

44. Defendants deny the allegations of Paragraph 55 of the Complaint

45. In response to Paragraph 56 of the Complaint, Defendants repeat and reallege all Paragraphs of this Answer as if set forth fully herein.

46. Defendants deny the allegations of Paragraph 57 of the Complaint.

47. Defendants deny the allegations of Paragraph 58 of the Complaint.

48. Defendants admit that Xcentric does not verify the truth or accuracy of the stories contained on the websites it operates.  Defendants deny all remaining allegations of Paragraph 59 of the Complaint.

49. Defendants deny the allegations of Paragraph 60 of the Complaint

50. Defendants deny the allegations of Paragraph 61 of the Complaint.

51. The allegations of Paragraph 62 of the Complaint are vague and unintelligible, and Defendants deny the allegations of Paragraph 62 of the Complaint.

52. Defendants deny the allegations of Paragraph 63 of the Complaint.

53. Defendants deny the allegations of Paragraph 64 of the Complaint.

54. Defendants deny the allegations of Paragraph 65 of the Complaint.

55. Defendants deny the allegations of Paragraph 66 of the Complaint.

## **GENERAL DENIAL**

Pursuant to Fed.R.Civ.P. 8(d), Defendants generally deny any and all allegations

5

set forth in the Complaint *except* as to those matters which are expressly admitted herein. All other allegations are denied.

## RESERVATION OF DEFENSES

Defendants expressly reserve the right to assert any and all applicable defenses as may become known to them during the course of this action, including all such defenses as may be applicable pursuant to Fed. R. Civ. P. 8(c).

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure to State Claim)

The Complaint fails to state any claim upon which relief may be granted because Defendants are not the publishers of any of the statements at issue in this matter.

### SECOND AFFIRMATIVE DEFENSE
(Unclean Hands)

The Complaint and each cause of action set forth therein is barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE
(Truth)

Defendants cannot be liable for any alleged statements that are true.

### FOURTH AFFIRMATIVE DEFENSE
(Lack of Intent; Actual Malice)

Notwithstanding the fact that Defendants did not publish any of the alleged defamatory or unlawful statements at issue in this case, any defamation-based claims set forth in the Complaint are barred to the extent that Plaintiff is a public figure and

6

Defendants lacked actual malice and/or negligence sufficient to support any defamation-based claims.

### FIFTH AFFIRMATIVE DEFENSE
(Doctrine of Incremental Harm)

Damages resulting from the dissemination of truthful information that rationally includes the withdrawal of patronage from the person whom the information concerns must be partitioned from alleged defamation, and if reputation has already been damaged by truthful information then Plaintiff has no remedy against the subsequent alleged defamation.

### SIXTH AFFIRMATIVE DEFENSE
(Communications Decency Act Immunity)

All claims set forth in the Complaint are barred to the extent that the content of the statements which form the basis for such claims was provided by third parties. As such, pursuant to 47 U.S.C. § 230(c)(1), Defendants are absolutely immune from civil liability for any such statements posted by third parties. *See* 47 U.S.C. § 230(c)(1); *Carafano v. Metrosplash.com, Inc.* 339 F.3d 1119 (9th Cir. 2003); *Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003); *Doe v. America Online, Inc.*, 783 So.2d 1010 (Fl. 2001); *Schneider v. Amazon.com, Inc.*, 31 P.3d 37 (Wash.App 2001); *Zeran v. America Online, Inc.*, 129 F.3d 327 (4th Cir. 1997).

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, Defendants pray that this Honorable Court grant the following relief:

A.   Dismiss Plaintiff's First Amended Complaint with prejudice and order that

Plaintiff take nothing thereby;

  B. Deny, with prejudice, all equitable, injunctive, and/or declaratory relief in any form requested by Plaintiff;

  C. Award judgment for all reasonable attorney's fees incurred in favor of Defendants and against Plaintiff pursuant to 15 U.S.C. § 1117(a); Fed. R. Civ. P. 11(c) and/or under any other applicable authority; and costs pursuant to any other applicable authority;

  D. Any other relief deemed appropriate by the Court.

DATED this 9th day of March, 2007.

        **JABURG & WILK, P.C.**
        Maria Crimi Speth, Esq.
        Counsel for Defendants
        3200 N. Central Ave. Suite 2000
        Phoenix, AZ 85012
        Tel. 602-248-1000
        Fax. 602-463-0410

        **STACK FERNANDEZ ANDERSON**
        **& HARRIS, P.A.**
        Brian J. Stack, Esq.
        Co-Counsel for Defendants
        1200 Brickell Avenue
        Suite 950
        Miami, Florida 33131
        Tel: (305) 371-0001
        Fax: (305) 371-0002

    By: <u>s/ Brian J. Stack</u>
       Brian J. Stack
       Fla. Bar No. 0476234

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this 9th day of March 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

- Susan L. Dolin, Esq.
  sdolin@rra-law.com
- Christina Marie Kitterman, Esq.
  ckitterman@rra-law.com
- Michael Anthony Pancier, Esq.
  mpancier@rra-law.com
- Scott W. Rothstein, Esq.
  srothstein@rra-law.com
- Steven N. Lippman, Esq.
  Slippman@rra-law.com
- Shawn L. Birken, Esq.
  Sbirken@rra-law.com

     I HEREBY FURTHER CERTIFY that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

Robert Buschel, Esq.
Rothstein, Rosenfeldt, Adler, P.A.
Attorneys for Plaintiffs
Las Olas City Centre, Suite 1650
401 East Las Olas Blvd.
Ft. Lauderdale, Florida  33301

Jonathan P. Ibsen, Esq.
Jaburg & Wilk, P.C.
7047 E. Greenway Pkwy. Suite 140
Scottsdale, AZ 85254

Christopher C. Sharp, Esq.
Rothstein, Rosenfeldt, Adler, P.A.
Suite 1650
401 E Las Olas Blvd
Ft. Lauderdale, FL 33301

                                      By:    <u>s/ Brian J. Stack</u>
                                                 Brian J. Stack
                                                 Fla. Bar No. 0476234