UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 2:04-cv-47-FtM-34-SPC

WHITNEY INFORMATION NETWORK,
INC.; a Colorado corporation,

        Plaintiff,

v.

XCENTRIC VENTURES, LLC, an
Arizona limited liability company;
BADBUSINESSBUREAU.ORG, an
Arizona limited liability company; and ED
MAGEDSON, an individual,

        Defendants.

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Defendants, XCENTRIC VENTURES, LLC ("Xcentric") and ED MAGEDSON ("Mr. Magedson"), move for the entry of a protective order regarding depositions noticed by Plaintiffs in the future. This motion is prompted by Plaintiff's four "Notice of Taking Video-Deposition" notices, recently served by the Plaintiffs on Mr. Magedson and a "corporate representative" of Xcentric, a corporate representative of BADBUSINESSBUREAU.ORG and Ben Smith (the "Depositions") while discovery in the case was closed. Defendants anticipate that the Court will, pursuant to the stipulation of the parties, re-open discovery, and request that the Court order Plaintiffs to conduct future Depositions subject to an appropriate protective order to prevent disclosure or publication of video transcripts, and any transcripts, and to limit the use of video and

written transcripts to this litigation, and to protect the safety and security of Mr. Magedson. The grounds for this motion are set forth in the following memorandum.

**MEMORANDUM**

This Court recently granted a protective order limiting the use of a video deposition transcript of Ed Magedson from a past lawsuit in Florida state court, *Federated v. Xcentric Ventures, et al*, Case No. 04-17721(05), which was in the Seventeenth Judicial Circuit in and for Broward County, Florida (hereinafter, the "*Federated*" case). This Motion seeks another protective order because the Plaintiff in this case has noticed another video deposition of Mr. Magedson and a Rule 30(b)(6) corporate representative of Xcentric. Defendants seek the same protection for new video deposition transcripts that the Court granted for the video transcript from the *Federated* case, with some expansion. Defendants also request the Court to issue an order permitting Defendants to take security precautions regarding the deposition proceedings. Exhibit A, Proposed Protective Order of Confidentiality ("Proposed Order"). The Proposed Order is closely modeled on the Court's previous order.[1]

---

[1] Changes in the Proposed Order address any new depositions, add some limitations, and add additional provisions about security precautions during the deposition, as detailed later in this motion. The changes include: expansion of the scope of material defined as confidential material in paragraph 1; expansion of the scope of material that may be designated as confidential material in paragraph 4; additional terms of limitation in paragraph 8 subsequent to sub-paragraph (b); additional paragraphs after paragraph 13 concerning physical security measures for deposition proceedings.

Plaintiffs have, once again, refused to stipulate to the limitations or precautions requested by Defendants.[2] Because the proposed limitations and precautions are reasonable and minimal, Defendants request a protective order. Defendants' unwillingness to stipulate to the requested limitations indicates that Defendants desire to take action that would be prohibited under the requested order, which actions would be unfair, and unnecessary. For that reason the protection is warranted.

I. **Defendants Seek the Same Protection for All Deposition Transcripts that the Court Recently Ordered for Mr. Magedson's Previous Video Deposition Transcript By Incorporating the Previous Motion and Order of the Court.**

Because the Defendants seek the same protection for the new video transcripts, and all deposition transcripts, as the protection that the Court very recently granted for the *Federated* video deposition transcript, Defendants respectfully incorporate the Defendants' Amended Motion for Protective Order and To Quash Subpoena [D.E.98] (the "Previous Motion") into this one. Defendants adopt and advance the factual representations from the Previous Motion, including the supporting exhibits and Affidavit of Ed Magedson, and adopts the authority cited and arguments made in the Previous Motion, without repeating the same herein. Defendants also adopt the reasoning set out in the Court's Order of March 6, 2007, which granted the protective order limiting the use of the *Federated* video deposition transcript. Defendants seek essentially the same

---

[2] Plaintiff's counsel has indicated willingness to continue discussions about the proposed order, but Defendant's counsel feels that continued discussion would not be productive and the help of the Court is needed to determine appropriate final terms for an order.

3

protection for the new video transcripts and written transcripts, for the same reasons that the Court granted protection for the *Federated* video deposition transcript.

> II.   **Defendants Seek Additional Security Measures for Future Deposition Proceedings.**

Death threats against Mr. Magedson justify special security precautions for Mr. Magedson's safety during deposition proceedings. As represented and supported in the Previous Motion and Exhibit 1 and Exhibit 2 attached thereto, recent threats state:

> Dear Mr. ED Magedson . . . your life is in danger until you comply with our demands . . . . your neighbors already know about your criminal dealing and how you are making many people loose [sic] their business. You will soon be beaten to a pulp and pounced into the ground six feet under with a baseball bat and sleg [sic] hammer.  **You will soon be sorry not just from what I am capable of doing to you, but what other members will do as soon as they know exactly where you are. Its just a matter of time until I get to you** . . . . Here is what you can do to save your life . . . . you must remove reports on search engines from companies that already had a lawsuit with you in the past and those presently. We do not care if you prevailed in the case or they settled with you. You must delete all those reports as well. . . . your home will burn . . . . you will have six hours from that time to delete the following listings on search engines: [several companies listed].   . . . along with any company suing you in Florida or has sued you in the past  . . . . we know where you shop. We know where you bank. [locations redacted] Are we getting Closer Ed? What about Basha's at [location redacted]?"; "You've met your matched [sic].  There will be no hiding. You should have played ball when I offered you the chance. You have no idea who you are playing with.

Previous Motion, Exhibit 1 (threat letter), and Exhibit 2 (Affidavit of Ed Magedson, Paragraph 3) (emphasis added).  Unfortunately, this specific threat is typical of the

4

frequent threats Mr. Magedson receives.  Previous Motion, Exhibit 2 (Affidavit of Ed Magedson, Paragraph 5).

This particular letter also threatens Mr. Magedson's family and people he works with. "Because of you innocent people will die. Your tenants, family members and those that work with you. . . . Those you do business with will be in danger . . . We will find you kill your dog."  Previous Motion, Exhibit 1 (threat letter).   These threats against others justify security precautions for Rule 30(b)(6) designees other than Mr. Magedson.

The only reasonable course in light of frequent threats is to take precautions.  One of the necessary and sensible precautions is to protect the location of any deposition locale as confidential.  However, a traditional notice of deposition pins down Mr. Magedson's location to a fixed place at a specific time, and does it in a manner so that many people know well in advance exactly where Mr. Magedson is going to be during the deposition.

To avoid that, Defendants request a protective order allowing Defendants' counsel to select a secure location for the video depositions, and to take additional precautions to keep the location and exact time of the deposition secret until shortly before the commencement of the deposition.  Plaintiffs called for depositions in Phoenix, Arizona at 10:00 a.m. and 1:00 p.m., March 20, 2007, and 10:00 a.m. and 2:00 p.m. on March 21, 2007, at the office of a Phoenix court reporting firm. *See* Exhibit B, four "Notice of Taking Video-Deposition" documents.   Although counsel has agreed that these particular notices are ineffective because discovery is not presently open, the notices are a typical example of notices designating a fixed time and place.

5

Defense counsel requests an order directing Plaintiffs' counsel, Plaintiff, and the videographer to meet at Defense counsel's Phoenix offices at a designated time on a single deposition day agreed by the parties. Within an hour, a car and driver provided by Defense counsel (at Defendants' expense) would transport those participants to a secure and appropriate location for the deposition. At the conclusion of the depositions (but not before), Plaintiffs' party could call for a cab and reveal the location. In the alternative the deposition could be taken by telephone. With these simple precautions, Mr. Magedson's location can remain secret from people who wish to do violence. *See* Exhibit A, Proposed Order, paragraph 14.

Also, as an additional precaution, Defendants' request that Plaintiffs be ordered not to disclose the deposition date to anyone, and Plaintiffs' counsel be ordered not to disclose the deposition date to anyone other than the videographer, and attorneys and law-firm staff who work on the case and need to know. *See* Exhibit A, Proposed Order, paragraph 15.

For Mr. Magedson's long-term safety, the Court should order that, in deposition, counsel should not ask for location information, and Mr. Magedson does not need to disclose any location information about his whereabouts at any time in the recent past, or about where he lives or works, or any information that might be used to identify those locations. *See* Exhibit A, Proposed Order, paragraph 16.

The Federal Rules of Civil Procedure provide guidelines upon which protective orders may be granted. "Upon motion . . . by the person from whom discovery is sought . . . for good cause shown," a court may "may make any order which justice requires to

6

protect a party or person from annoyance, embarrassment, [or] oppression . . ." Fed.R.Civ.P. Rule 26(c).  As demonstrated herein, good cause exists to ensure the physical safety of Mr. Magedson, a cause that may best be described by the Rules as "oppression."

Furthermore, the court may take all reasonable steps necessary to protect the witness during discovery, at trial, and thereafter.  *Carhart v. Ashcroft*, 300 F.Supp.2d 921, 922 (D. Neb. 2004).  The Federal Rules of Evidence grants this Court the ability to exercise reasonable control over both the mode and order of interrogating witnesses so as to protect a witness from harassment.  Federal Rule of Evidence 611(a)(3).  In extraordinary circumstances, "where the safety ... of a witness ... might be jeopardized by compelling testimony to be given under normal conditions, the courts have permitted testimony to be given in camera, outside the courtroom, or under other circumstances that afford protection."  28 Charles A. Wright & Victor J. Gold, FEDERAL PRACTICE AND PROCEDURE § 6164, at 350-51 (1993) (footnotes omitted).  When the life of a witness is endangered, as is here, this is one of those "extraordinary cases" wherein a protective order must be granted.  *See Carhart*, *supra*.

### III. Defendants Request Some Additional Limitations On the Use of Transcript Beyond the Previous Order.

In order to be effective in preventing the distribution or misuse of the video transcript, Defendants respectfully propose that the Court's protective order should include terms in addition to the terms of the previous order.  Specifically, Defendants request the additional terms found in sub-paragraph 8(c) of the Proposed Order, which

limits copies of deposition transcripts to one under seal with the Court, one for Plaintiffs' Counsel, and one for Defense Counsel. (All copies are to be given to Defense Counsel after the litigation concludes pursuant to Paragraph 11, which is not changed.) Also, Defendants specifically request the additional terms found in sub-paragraph 8(d) of the Proposed Order, which limits viewing or hearing of the video deposition transcript to the counsel for the parties except at trial and hearing as specifically authorized by the Court.

WHEREFORE, Defendants respectfully request the Court to provide the following the following relief:

A.     Entering a protective order pursuant to the terms described above and reflected in the attached Proposed Order, including limiting disclosure of videotaped deposition to the attorneys representing the parties in this litigation, solely for use in connection with this litigation, and prohibiting the disclosure or publication of the videotaped deposition or its contents to third persons; and

B.     Entering a protective order pursuant to the terms described above and reflected in the attached Proposed Order, including reasonable precautions for the safety and security of the deposition witnesses called by Plaintiffs which allow Plaintiff to keep information about the exact time and location of deposition proceedings secret and prevent disclosure of that information outside of this litigation; and

C.     Granting such further relief to Defendants as is just and proper under the circumstances.

Respectfully submitted,

**JABURG & WILK, P.C.**
Maria Crimi Speth, Esq.
Counsel for Defendants
3200 N. Central Ave. Suite 2000
Phoenix, AZ 85012
Tel. 602-248-1000
Fax. 602-463-0410

**STACK FERNANDEZ ANDERSON
 & HARRIS, P.A.**
Co-Counsel for Defendants
1200 Brickell Avenue
Suite 950
Miami, Florida 33131
Tel: (305) 371-0001
Fax: (305) 371-0002


By:   s/   Brian J. Stack
         Brian J. Stack
         Fla. Bar No. 0476234

9

**CERTIFICATE OF COUNSEL PURSUANT TO LOCAL RULE 3.01(g)**

I HEREBY CERTIFY that pursuant to Local Rule 3.01(g) the undersigned counsel has attempted in good faith to resolve the issues raised by the motion but has been unable to do so.

By:   s/   Brian J. Stack
         Brian J. Stack
         Fla. Bar No. 0476234

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this 14th day of March 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

- Susan L. Dolin, Esq.
  sdolin@rra-law.com
- Christina Marie Kitterman, Esq.
  ckitterman@rra-law.com
- Michael Anthony Pancier, Esq.
  mpancier@rra-law.com
- Scott W. Rothstein, Esq.
  srothstein@rra-law.com
- Steven N. Lippman, Esq.
  Slippman@rra-law.com
- Shawn L. Birken, Esq.
  Sbirken@rra-law.com

  I HEREBY FURTHER CERTIFY that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

Robert Buschel, Esq.
Rothstein, Rosenfeldt, Adler, P.A.
Attorneys for Plaintiffs
Las Olas City Centre, Suite 1650
401 East Las Olas Blvd.
Ft. Lauderdale, Florida  33301

Jonathan P. Ibsen, Esq.
Jaburg & Wilk, P.C.
7047 E. Greenway Pkwy. Suite 140
Scottsdale, AZ 85254

Christopher C. Sharp, Esq.
Rothstein, Rosenfeldt, Adler, P.A.
Suite 1650
401 E Las Olas Blvd
Ft. Lauderdale, FL 33301

         By: s/ Brian J. Stack
            Brian J. Stack
            Fla. Bar No. 0476234