UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WHITNEY INFORMATION NETWORK, INC., a
Colorado corporation,

           Plaintiff,

-vs-                                      Case No. 2:04-cv-47-FtM-34SPC

XCENTRIC VENTURES, LLC., an Arizona limited
liability company; BADBUSINESSBUREAU.ORG,
an Arizona limited liability company and ED
MAGEDSON, an individual,

           Defendants.
_____

## ORDER

      This matter comes before the Court on The Defendants Xcentric Ventures, LLC and Ed Magedson's Motion for a Protective Order (Doc. #99) filed on April 14, 2007.

      A person from whom discovery is sought may move under Fed. R. Civ. P. 26(c) for a protective order limiting disclosure or for providing confidentiality. Rule 26(c) allows the Court to issue a protective order to limit discovery and make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Moore v. Potter, 141 Fed. Appx. 803, (11th Cir. 2005) (citing Fed. R. Civ. P. 26(c))  A protective order should be entered only when the movant makes a particularized showing of "good cause" and specific demonstration of fact by affidavit or testimony of a witness with personal knowledge, of the specific harm that would result from disclosure or loss of confidentiality; generalities, conclusory statements and unsupported contentions do not suffice. Gulf Oil Company v. Bernard, 452 U.S. 89, 102 n. 16,

101 S. Ct. 2193, 68 L. Ed. 2d 693 (1981); <u>Cipollone v. Leggett Group, Inc.</u>, 785 F.2d 1108, 1121 (3rd Cir. 1986).

Whether good cause exists for a protective order is a factual matter to be decided by the nature and character of the information in question. <u>Chicago Tribune Co. V. Bridgestone/Firestone, Inc.</u>, 263 F.3d 1304, 1315 (11th Cir. 2001). Courts have broad discretion at the discovery stage to determine whether or not a protective order is appropriate and what degree of protection is required. <u>Seattle Times v. Rhinehart</u>, 467 U.S. 20, 36-37, 104 S. Ct. 2199, 81 L. Ed. 2d 17(1984).

The Defendants seek a protective order to apply to any future video taped depositions that might involve the Defendant Ed Magedson. As grounds, the Defendants state that Magedson has received death threats relating both to himself and to members of his family. As such, the Defendant move that a protective order be issued that will require Magedson's video to be taken at a secret location with only one hours prior notice as to where the deposition will take place, rather than the usual notice of taking of deposition which lists the times and location of the event well in advance. The Defendants also move to limit the number the distribution of the transcript and copy of the video of Magedson's deposition to Plaintiff's Counsel, Defense Counsel, and one sealed copy for the Court.

On March 6, 2007, this Court entered a Protective Order of Confidentiality (Doc. # 92), pertaining to the video of Magdeson deposition taken in a related state court case. That Protective Order is sufficient to cover and protect any video depositions taken of Magdeson in this case. Regarding the request that the deposition be taken at a secret location on short notice, the Court will not direct the parties to such a limited order. The Parties may work out an agreement between themselves regarding the time and location of Magdeson's deposition.

Accordingly, it is now

**ORDERED:**

The Defendants Xcentric Ventures, LLC and Ed Magedson's Motion for a Protective Order (Doc. #99) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___14th___ day of March, 2007.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record