UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Ft. Myers Division

Case No. 2:04-cv-47-FtM-34SPC

WHITNEY INFORMATION
NETWORK, INC., a Colorado corporation,
and RUSS WHITNEY, an individual,

    Plaintiffs,

v.

XCENTRIC VENTURES, LLC., an
Arizona limited liability company;
BADBUSINESSBUREAU.ORG, an
Arizona limited liability company; and
ED MAGEDSON, an individual,

    Defendants.

_____/

## CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to

Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000)** [Court recommends 30 days after CMR meeting] | April 23, 2007 |
| **Certificate of Interested Persons and Corporate Disclosure Statement** [each party who has not previously filed must file immediately] | Done |
| **Motions to Add Parties or to Amend Pleadings** [Court recommends 1-2 months after CMR meeting] | May 9, 2007 |
| **Disclosure of Expert Categories from Both Parties** | June 1, 2007 |

1

| | | |
|---|---|---|
| **Disclosure of Expert Reports**                    Plaintiff:<br>                                                                   Defendant:<br>[Court recommends last exchange 6 months before trial and 1-2 months before discovery deadline to allow expert depositions] | | July 6, 2007<br>August 3, 2007 |

| | |
|---|---|
| **Substantive Discovery Deadline**<br>[Court recommends 5 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date]<br><br>**Expert Discovery Deadline** | October 1, 2007<br><br><br><br><br>September 8, 2007 |
| **Dispositive Motions, *Daubert*, and *Markman* Motions**<br>[Court requires 4 months or more before trial term begins] | November 5, 2007 |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement**<br>[10 days before Joint Final Pretrial Statement] | January 7, 2008 |
| **Joint Final Pretial Statement (Including a Single Set of<br>     Jointly-Proposed Jury Instructions and Verdict Form<br>     (with diskette), Voir Dire Questions, Witness Lists,<br>     Exhibit Lists with Objections on Approved Form)**<br>[Court recommends 6 weeks before Final Pretrial Conference] | January 17, 2008 |
| **All Other Motions Including Motions *In Limine*, Trial Briefs**<br>[Court recommends 3 weeks before Final Pretrial Conference] | February 8, 2008 |
| **Final Pretrial Conference**<br>[Court will set a date that is approximately 3 weeks before trial] | February 29, 2008 |
| **Trial Term Begins**<br>[Local Rule 3.5(c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two case; trial term must not be less than 4 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first business day of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | March 10, 2008 |
| **Estimated Length of Trial** [trial days] | 7 days |
| **Jury / Non-Jury** | Jury |
| **Mediation**                                                     Deadline:<br>                                                                  Mediator: | Already conducted mediation with |

2

Rothstein Rosenfeldt Adler
Las Olas City Centre, Suite 1650, 401 E. Las Olas Boulevard, Ft. Lauderdale, FL. 33301

|  |  |
|---|---|
| Address:<br><br>Telephone:<br><br>[Absent arbitration, mediation is mandatory; Court recommends either 2-3 months after CMR, or just after discovery deadline] | Eleventh Circuit. Defendant feels this should be sufficient. Plaintiff has no position. |
| **All Parties Consent to Proceed Before Magistrate Judge** | Yes ___ No ✓___<br><br>Likely to Agree in Future _____ |

I.  **Meeting of Parties in Person**

   Lead counsel met via telephone conference per Court's Order dated March 14, 2007.

Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on <u>March 29, 2007</u>

(date) at <u>5:20 p.m. EST</u> (time) and was attended by:

   <u>         Shawn Birken and Adam Kunz [1]         </u>

Scott W. Rothstein, Esq.                      Plaintiffs
Steven N. Lippman, Esq.
Shawn L. Birken, Esq.
Rothstein Rosenfeldt Adler
Las Olas City Centre, Suite 1650
401 E. Las Olas Blvd.
Fort Lauderdale, Florida 33301
Tele:       954/522-3456
Fax:        954/527-8663
Email:      slippman@rra-law.com
FBN         709638

---

[1] The parties discussed the issues, agreed on all of the substantive issues. The parties have exchanged multiple proposed case management reports, and all proposed changes by defendants have been made. Defendants were unable to be reached on Monday, April 2, 2007, and therefore this case management report has been filed without Defendants' ultimate approval. Should any additions need to be made, Plaintiff will gladly provide an Amended case management report.

| | |
|---|---|
| Maria Crim Speth | Defendants |
| Adam S. Kunz | |
| Jaburg & Wilk PC | |
| 3200 North Central Avenue | |
| Suite 200 | |
| Phoenix, Arizona 85012 | |
| Tel:      602/248-1000 | |
| Fax:     602/248-0522 | |
| Email:   ask@jaburgwilk.com | |

| | |
|---|---|
| Brian J. Stack, Esq. | Defendants (Local Counsel) |
| Stack, Fernandez & Anderson | |
| 122 Brickell Ave. | |
| Suite 950 | |
| Miami, Florida 33131-3255 | |
| FBN      0476234 | |

**II.    Pre-Discovery Initial Disclosures of Core Information**

    **A.    Fed.R.Civ.P. 26(a)(1)(C)--(D) Disclosures**

Local Rule 3.05(d) provides that these disclosures are mandatory in Track Two Cases and optional in other cases unless otherwise ordered by the Court. Complete the following in all Track Two Cases and, when applicable, in Track Three Cases:

The parties _____ have exchanged __√__ agree to exchange (check one) information described in Fed.R.Civ.P. 26(a)(1)(C)--(D)

_____ on __√__ by    (check one) <u>April 23, 2007</u> (date).

Below is a detailed description of information disclosed or scheduled for disclosure.

    (i)    a computation of any category of damages claimed by the disclosing party;

4

  (ii) any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

  **B.** **Fed.R.Civ.P. 26(a)(1)(A)--(B) Disclosures**

Local Rule 3.05(d) provides that these disclosures are not mandatory except as stipulated by the parties or otherwise ordered by the Court. Complete the following when applicable:

The parties ____ have exchanged __✓__ not agreed to exchange (check one) information described in Fed.R.Civ.P. 26(a)(1)(A)--(B) ____on ____by (check one) __n/a__ (date). Below is a detailed description of information disclosed or scheduled for disclosure.

  (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;

  (ii) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;

**III.** **Agreed Discovery Plan for Plaintiffs and Defendants**

  **A.** **Certificate of Interested Persons and Corporate Disclosure Statement –**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper – including emergency motion – is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure

5

Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

✓    Yes

___    No                                                    Amended Certificate will be filed by _____
                                                             (party) on or before _____ (date).

     **B.**    **Discovery Not Filed –**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. See Local Rule 3.03(f). The parties further agree as follows:

     **C.**    **Limits on Discovery –**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed.R.Civ.P. 33(a); Local Rule 3.03(a). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed.R.Civ.P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

     1.    Depositions

     2.    Interrogatories

     3.    Document Requests

     4.    Requests to Admit

     5.    Supplementation of Discovery

     **D.**    **Discovery Deadline –**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the deadline. In addition, the parties agree as follows:

All discovery will be completed as set forth in the time table above.

E.   **Disclosure of Expert Testimony –**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26 (e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

F.   **Confidentiality Agreements –**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. See Brown v. Advantage Engineering, Inc., 960 F.2d 1013 (11th Cir. 1992); Wilson v. American Motors Corp., 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of material as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. See Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:

The parties do, at this time, anticipate the need for any confidentiality agreements;

however, the parties agree to negotiation any confidentiality agreements as necessary.

G.   **Other Matters Regarding Discovery –** none at this time.

IV.   **Settlement and Alternative Dispute Resolution**

A.   **Settlement –**

The parties agree that settlement is

_____ likely   __√__ unlikely  (check one)

The parties request a settlement conference before a United State Magistrate Judge.

_____ yes   __✓__ no        _____ likely to request in future

**B.   Arbitration -**

Local Rule 8.02(a) defines those civil cases that will be referred to arbitration automatically.  Does this case fall within the scope of Local Rule 8.02(a)?

_____ yes   __✓__ no

For cases not falling within the scope of Local Rule 8.02(a), the parties consent to arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b).

____yes      __√__ no      ____likely to agree in future

_____Binding         _____ Non-Binding

In any civil case subject to arbitration, the Court may substitute mediation for arbitration upon a determination that the case is susceptible to resolution through mediation. Local Rule 8.02(b).  The parties agree that this case is susceptible to resolution through mediation, and therefore jointly request mediation in place of arbitration:

____yes      __✓__ no    ____likely to agree in future

**C.   Mediation –**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules.  The parties have not agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table

8

above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's website at http://www.flmd.uscourts.gov.

**D.    Other Alternative Dispute Resolution –**

The parties intend to pursue the following other methods of alternative dispute resolution:

Unknown at this time.

Date: April 2, 2007                Respectfully submitted,

| By:/s/ Shawn L. Birken | By: /s/ Adam S. Kunz |
|---|---|
| Scott W. Rothstein, Esq.<br>Steven N. Lippman, Esq.<br>Shawn L. Birken, Esq.<br>Rothstein Rosenfeldt Adler<br>Las Olas City Centre, Suite 1650<br>401 E. Las Olas Blvd.<br>Fort Lauderdale, Florida 33301<br>Tele:    954/522-3456<br>Fax:    954/527-8663<br>Email:    slippman@rra-law.com<br>FBN    709638 | Adam S. Kunz<br>Jaburg & Wilk PC<br>3200 North Central Avenue<br>Suite 200<br>Phoenix, Arizona 85012<br>Tel:    602/248-1000<br>Fax:    602/248-0522<br>Email:    ask@jaburgwilk.com |