## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

Case No. 2:04-cv-47-FtM-34- SPC

WHITNEY INFORMATION
NETWORK, INC., a Colorado corporation,

      Plaintiffs,

v.

XCENTRIC VENTURES, LLC., an
Arizona limited liability company;
BADBUSINESSBUREAU.ORG, an
Arizona limited liability company; and
ED MAGEDSON, an individual,

      Defendants.

_____/

### PLAINTIFFS' MOTION TO EXPEDITE ANSWERS TO PLAINTIFF'S THIRD SET OF INTERROGATORIES

Plaintiff, WHITNEY INFORMATION NETWORK, INC., by and through its undersigned counsel, file this, its Motion to Expedite Plaintiff's Answer to Third Set of Interrogatories, and state:

1. On or about January 22, 2004, Plaintiffs filed a Complaint against Defendants, for: I) Federal Trademark Infringement; II) False Designation of Origin, False Description and False Representation under 15 U.S.C. § 1125(a); III) Common Law Trademark Infringement; and IV) Defamation per se of Business Reputation

2. On June 28, 2004, Defendants filed their first Motions to Dismiss for lack of personal jurisdiction. The Motion was denied.

Case No. 2:04-cv-47-FtM-34- SPC

3. Subsequently, Defendants filed their Second Motion to Dismiss, arguing Plaintiff failed to state a cause of action, which was granted by this Court on September 27, 2005. The action was dismissed, without prejudice.

4. An Amended Complaint was subsequently filed, and Defendants filed a third Motion to Dismiss on October 21, 2005, again alleging lack of personal jurisdiction.

5. This Court granted the Motion and dismissed the above styled action. Plaintiff appealed the dismissal with the Eleventh Circuit Court of Appeals.

6. On May 14, 2007, Plaintiff propounded its Third Set of Interrogatories, asking two questions, seeking Defendants to provide contact information for its employees dating back to April, 2001, one year prior to the postings of Plaintiff on Defendants' website.

7. Further, Plaintiff agreed to enter into a protective order to ensure the employee information would only be used for the purpose of this litigation.

8. Plaintiff informed Defendants of its desire to have the interrogatories answered on an expedited basis on May 14 or 15, 2007. Counsel for Defendants stated that he would determine if his clients would agree to answering the Interrogatories in an expedited manner, but to date, has not provide Defendants' position.

9. Plaintiff seeks expedited responses due to the fact that it is seeking to take depositions in Arizona in July of 2007, and as such, expedited responses would provide this Court with sufficient time should there exist any disputes with regards to the discoverability of this information. Further, should some of the employees no longer reside at the last known addresses, Plaintiff would need additional time to track these

Case No. 2:04-cv-47-FtM-34- SPC

people down, and ideally, be able to take depositions of current or former employees while in Arizona taking Defendants' depositions.

10. Accordingly, Plaintiff respectfully requests that this Court enter an Order expediting answers to Plaintiff's Third Set of Interrogatories.

11. Defendant will not be prejudiced by the granting of this motion as the information it has with regards to its employees should be readily available for production. Further, should Defendant resist providing this information, then a simple objection should not require the entire thirty (30) days for which to respond to the Interrogatories.

12. Plaintiff will be prejudiced if this Motion is not granted as it will be deprived of essential information regarding current and former employees, and would necessitate the expenditure of significant additional costs in traveling to Arizona on multiple occasions to take depositions.

**WHEREFORE** Plaintiff respectfully requests that this Court enter an Order expediting answers to Plaintiff's Third Set of Interrogatories on or before May 29, 2007.

Dated: May 18, 2007

### MEMORANDUM OF LAW

Specifically, Federal Rules of Civil Procedure 26(d), 30(a), 33(b), 34(b) and 36 give this Court the power to adjust the timing requirements imposed under Rule 26(d) and if warranted, to expedite the time for responding to the discovery sought. Courts have held that expedited discovery is warranted "when some unusual circumstances or conditions exist that would likely prejudice the party if they were required to wait the normal time." <u>Fimab-Finanziaria Magklificio Beillese Fratelli Fila S.p.A. v. Helio</u>

3

Case No.  2:04-cv-47-FtM-34- SPC

Import/Export, Inc., 601 F.Supp. 1, 3 (S.D.Fla.1983); Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 275 (N.D.Cal.2002). As stated *supra*, Plaintiff has set forth the unusual circumstances and conditions necessary for requiring expedited answers to its Third Set of Interrogatories.  The Interrogatories are directed at Defendants' current and former employees.  Defendants' companies do not have a large number of employees, so answering the Interrogatories should be relatively simple.  Further, should Defendants resist providing the information, and then merely objecting does not require the entire thirty (30) days for which to answer the Interrogatories.

Respectfully submitted,

By:  /s/ Shawn L. Birken
     Scott W. Rothstein, Esq.
     FBN:  765880
     Shawn L. Birken, Esq.
     FBN:  418765
     Matthew S. Sackel, Esq.
     FBN:  0017903
     ROTHSTEINROSENFELDT ADLER
     **Counsel for Plaintiff**
     401 East Las Olas Boulevard, Suite 1650
     Fort Lauderdale, Florida 33301
     Tele:  954/522-3456
     Fax:   954/527-8663
     E-Mail: srothstein@rra-law.com

Case No.  2:04-cv-47-FtM-34- SPC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18 day of May, 2007, I electronically filed the forgoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing is being served this day upon all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

ROTHSTEIN ROSENFELDT ADLER

By: /s/ Shawn L. Birken
 Scott W. Rothstein, Esq.
 Shawn L. Birken, Esq.
 Matthew S. Sackel, Esq.

H:\swrdocs\03-8471\Pleadings\motion expedite discovery.doc

5