UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No.  2:04-cv-47-FtM-34- SPC

WHITNEY INFORMATION
NETWORK, INC., a Colorado corporation,

       Plaintiffs,

v.

XCENTRIC VENTURES, LLC., an
Arizona limited liability company;
BADBUSINESSBUREAU.ORG, an
Arizona limited liability company; and
ED MAGEDSON, an individual,

       Defendants.

_____/

**PLAINTIFFS' MOTION TO COMPEL ANSWERS TO PLAINTIFF'S SECOND
SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION**

       Plaintiff, WHITNEY INFORMATION NETWORK, INC., by and through its undersigned counsel, file this, its Motion to Compel Answers to Plaintiff's Second Set of Interrogatories and Plaintiff's First Request for Production, and states:

       1.    On or about January 22, 2004, Plaintiff filed a Complaint against Defendants, for: I) Federal Trademark Infringement; II) False Designation of Origin, False Description and False Representation under 15 U.S.C. § 1125(a); III) Common Law Trademark Infringement; and IV) Defamation per se of Business Reputation.

       2.    On March 30, 2007, Plaintiff propounded its First Request for Production on Defendants.

       3.    On May 2, 2007, Defendants served their Response to Plaintiff's First Request for Production.  However, Defendants did not provide the responsive documents

with their response. Instead, all responses that were not objected to stated that responsive documents that are not privileged will be made available for inspection and copying at the offices of Jaburg & Wilk.

4. On May 8, 2007, counsel for Plaintiff contacted counsel for Defendants and requested that the documents delineated in the response be sent to Plaintiff.

5. On May 17, 2007, counsel for Plaintiff contacted counsel for Defendants and again requested that the documents delineated in the response be sent to Plaintiff.

6. Subsequently, counsel for Plaintiff and counsel for Defendants had discussions regarding the production of the documents. As a courtesy, counsel for Plaintiff allowed Defendants additional time to collect and serve the documents.

7. However, again, on May 30, 2007, counsel for Plaintiff contacted counsel for Defendants and requested that the documents delineated in the response be sent to Plaintiff. Counsel for Defendants was also contacted on May 31, 2007.

8. To date, no documents responsive to Plaintiff's First Request for Production have been produced, despite the constant requests.

9. On May 2, 2007, Plaintiff propounded its Second Set of Interrogatories on Defendants.

10. Defendants' Answers to the Second Set of Interrogatories was to be served on or before June 4, 2007. To date, no Answers have been served to Plaintiff's Second Set of Interrogatories.

11. Plaintiff has made several good faith efforts to resolve the issues contained in the instant motion, but has not been provided with the discovery responses.

Case No. 2:04-cv-47-FtM-34- SPC

12. Accordingly, Plaintiff respectfully requests an Order compelling Defendants to provide documents responsive to Plaintiff's First Request for Production and Answers to Plaintiff's Second Set of Interrogatories.

**WHEREFORE** Plaintiff respectfully requests an Order compelling Defendants to provide documents responsive to Plaintiff's First Request for Production and Answers to Plaintiff's Second Set of Interrogatories.

### I.      MEMORANDUM OF LAW

Defendants, by failing to respond to Plaintiff's Second Set of Interrogatories, are seeking to interfere with Plaintiff's discovery efforts in the instant matter. Additionally, Defendants, by failing to provide responsive documents to Plaintiff's First Request for Production are likewise interfering with Plaintiff's discovery efforts. Federal Rule of Civil Procedure 26(b)(1) permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any party." See Equal Employment Opportunity Commission v. Staffing Network, L.L.C., 2002 WL 31473840 at 1 (N.D.Ill. 2002). Information is relevant for purposes of Rule 26 "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. (citing Fed.R.Civ.P. 26(b)(1)). The test for relevance in discovery is an extremely broad one. Id.; AM Int'l Inc. v. Eastman Kodak Co., 100 F.R.D. 255, 257 (C.D.Ill. 1981)).

Rule 37, Fed.R.Civ.P. governs discovery sanctions and deals with sanctions used when party fails to cooperate in discovery and allows court to strike all pleadings and render default judgment against disobedient party. U.S. v. Certain Real Property Located at Route 1, Bryant, Ala., 126 F.3d 1314 (11th Cir. 1997). Rule 37, Fed.R.Civ.P., states in pertinent part:

Case No. 2:04-cv-47-FtM-34- SPC

(a) Motion For Order Compelling Disclosure or Discovery. A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery as follows:

(1) Appropriate Court. An application for an order to a party shall be made to the court in which the action is pending. An application for an order to a person who is not a party shall be made to the court in the district where the discovery is being, or is to be, taken.

(2) Motion.

(A) If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action.

(B) If a deponent fails to answer a question propounded or submitted under Rules 30 or 31, or a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a), or **a party fails to answer an interrogatory submitted under Rule 33,** or **if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested**, **the discovering party may move for an order compelling an answer**, or a designation, or an order compelling inspection in accordance with the request. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action. When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before applying for an order.
…..

(d) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection. If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule. Any motion specifying a failure under clause (2) or (3) of this subdivision shall include a certification that the movant has in good faith conferred or attempted to confer with the party failing to answer or respond in an effort to obtain such answer or response without court action. In lieu of any order or in addition thereto, the court shall require

4

>the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.
>The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c).

As Defendants have failed to provide documents responsive to Plaintiff's First Request for Production, Plaintiff is entitled to an Order compelling Defendants to provide documents responsive to Plaintiff's First Request for Production.  Additionally, as Defendants have failed to serve Answers to the Second Interrogatories, Plaintiffs likewise respectfully request that this Court enter an Order compelling Defendants to provide Answers to Plaintiff's Second Set of Interrogatories.

Respectfully submitted,

By:  /s/ Shawn L. Birken
    Scott W. Rothstein, Esq.
    FBN:  765880
    Shawn L. Birken, Esq.
    FBN:  418765
    Matthew S. Sackel, Esq.
    FBN:  0017903
    ROTHSTEINROSENFELDT ADLER
    **Counsel for Plaintiff**
    401 East Las Olas Boulevard, Suite 1650
    Fort Lauderdale, Florida 33301
    Tele:  954/522-3456
    Fax:   954/527-8663
    E-Mail: srothstein@rra-law.com

Case No.  2:04-cv-47-FtM-34- SPC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11 day of June, 2007, I electronically filed the forgoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing is being served this day upon all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

           ROTHSTEIN ROSENFELDT ADLER

           By: /s/ Shawn L. Birken
                Scott W. Rothstein, Esq.
                Shawn L. Birken, Esq.
                Matthew S. Sackel, Esq.

H:\swrdocs\03-8471\Discovery\motion to compel rtp documents.doc