Whitney Information, et al v. Xcentric Ventures, et al
Case 2:04-cv-00047-MMH-SPC   Document 114   Filed 06/15/2007   Page 1 of 6
Doc. 114

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 2:04-cv-47-FtM-34- SPC

WHITNEY INFORMATION
NETWORK, INC., a Colorado corporation,

      Plaintiff,

v.

XCENTRIC VENTURES, LLC., an
Arizona limited liability company;
BADBUSINESSBUREAU.ORG, an
Arizona limited liability company; and
ED MAGEDSON, an individual,

      Defendants.

_____/

**PLAINTIFF'S AMENDED MOTION TO COMPEL RESPONSIVE DOCUMENTS
TO FIRST REQUEST FOR PRODUCTION**

Plaintiff, WHITNEY INFORMATION NETWORK, INC., by and through its undersigned counsel, file this, its Amended Motion to Compel Responsive Documents to Plaintiff's First Request for Production, and states:

1. On or about January 22, 2004, Plaintiff filed a Complaint against Defendants for: I) Federal Trademark Infringement; II) False Designation of Origin, False Description and False Representation under 15 U.S.C. § 1125(a); III) Common Law Trademark Infringement; and IV) Defamation per se of Business Reputation.

2. On March 30, 2007, Plaintiff propounded its First Request for Production on Defendants.

3. On May 2, 2007, Defendants served their written Response to Plaintiff's First Request for Production. However, Defendants did not provide the responsive

documents.  Instead, all responses that were not objected to stated that responsive documents that are not privileged will be made available for inspection and copying at the offices of Jaburg & Wilk.

      4.      On May 8, 2007, counsel for Plaintiff contacted counsel for Defendants and requested that the documents delineated in the response be sent to Plaintiff.

      5.      On May 17, 2007, counsel for Plaintiff contacted counsel for Defendants and again requested that the documents delineated in the response be sent to Plaintiff.

      6.      Subsequently, counsel for Plaintiff and counsel for Defendants had discussions regarding the production of the documents.  As a courtesy, counsel for Plaintiff allowed Defendants additional time to collect and serve the documents.  However, no documents were forthcoming.

      7.      Again, on May 30, 2007, counsel for Plaintiff contacted counsel for Defendants and requested that the documents delineated in the response be sent to Plaintiff immediately.  Counsel for Defendants was also contacted yet again on May 31, 2007.

      8.      To date, no documents responsive to Plaintiff's First Request for Production have been produced, despite the repeated requests.

      9.      Plaintiff originally filed the instant motion on June 11, 2007, seeking to include an Order compelling answers to Plaintiff's Second Set of Interrogatories.  Defendants have answered Plaintiff's Second Set of Interrogatories and, as such, Plaintiff withdraws the portion of the Motion to Compel dedicated to Plaintiff's Second Set of Interrogatories.  Plaintiff does not waive any substantive arguments that it might have

Case No.  2:04-cv-47-FtM-34- SPC

with regards to the sufficiency of Defendants' Answers to Plaintiff's Second Set of Interrogatories, which if necessary, will be filed in a separate motion.

10. As to the receipt of documents, Plaintiff has made numerous good faith efforts to resolve the issues contained in the instant motion, but still has not been provided with responsive documents to Plaintiff's First Request for Production, after more than a month.

11. Accordingly, Plaintiff respectfully requests an Order compelling Defendants to provide documents responsive to Plaintiff's First Request for Production.

### I.     MEMORANDUM OF LAW

Defendants, by failing to provide documents responsive to Plaintiff's First Request for Production is seeking to interfere with Plaintiff's discovery efforts in the instant matter.  "The scope of discovery under the federal rules is broad and…discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues."  Gomez v. Martin Marietta Corp., 50 F.3d 1511, 1520 (10th Cir. 1995) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Federal Rule of Civil Procedure 26(b)(1) permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any party."  See Equal Employment Opportunity Commission v. Staffing Network, L.L.C., 2002 WL 31473840 at 1 (N.D.Ill. 2002).  Information is relevant for purposes of Rule 26 "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Id.  (citing Fed.R.Civ.P. 26(b)(1)).  The test for relevance in discovery is an extremely broad one.  Id.; AM Int'l Inc. v. Eastman Kodak Co., 100 F.R.D. 255, 257 (C.D.Ill. 1981)).

Case No.  2:04-cv-47-FtM-34- SPC

As Defendants have failed to provide documents responsive to Plaintiff's First Request for Production, Plaintiff is entitled to an Order compelling Defendants to provide documents responsive to Plaintiff's First Request for Production.

**WHEREFORE** Plaintiff respectfully requests an Order compelling Defendants to provide documents responsive to Plaintiff's First Request for Production.

Respectfully submitted,

By:  /s/ Shawn L. Birken
    Scott W. Rothstein, Esq.
    FBN:  765880
    Steven N. Lippman, Esq.
    FBN:  709638
    Shawn L. Birken, Esq.
    FBN:  418765
    ROTHSTEINROSENFELDT ADLER
    **Counsel for Plaintiff**
    401 East Las Olas Boulevard, Suite 1650
    Fort Lauderdale, Florida 33301
    Tele:  954/522-3456
    Fax:   954/527-8663
    E-Mail: srothstein@rra-law.com
          slippman@rra-law.com
          sbirken@rra-law.com

Case No.  2:04-cv-47-FtM-34- SPC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15 day of June, 2007, I electronically filed the forgoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing is being served this day upon all counsel of record identified on the Court delineated Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

ROTHSTEIN ROSENFELDT ADLER

By: /s/ Shawn L. Birken
    Scott W. Rothstein, Esq.
    Steven N. Lippman, Esq.
    Shawn L. Birken, Esq.

H:\swrdocs\03-8471\Discovery\motion to compel rtp documents.doc

Case No. 2:04-cv-47-FtM-34- SPC

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

Case No. 2:04-cv-47-FtM-34- SPC

WHITNEY INFORMATION
NETWORK, INC., a Colorado corporation,

      Plaintiff,

v.

XCENTRIC VENTURES, LLC., an
Arizona limited liability company;
BADBUSINESSBUREAU.ORG, an
Arizona limited liability company; and
ED MAGEDSON, an individual,

      Defendants.

_____/

## SERVICE LIST

| | |
|---|---|
| Maria Crimi Speth, Esq.<br>Jaburg & Wilk, PC<br>3200 North Central Avenue, Suite 2000<br>Phoenix, AZ 85012<br>Tele.: 602/248-1089<br>Fax: 602/248-0522<br>mcs@jaburgwilk.com | Co-Counsel<br>Denise B. Crockett, Esq.<br>Brian J. Stack, Esq.<br>Stack Fernandez Anderson & Harris, P.A.<br>1200 Brickell Avenue, Suite 950<br>Miami, Florida 33131<br>Tel. 305.371.0001<br>Fax. 305.371.0002<br>Email: dcrockett@stackfernandez.com<br>Email: Bstack@stackfernandez.com<br>Web: www.stackfernandez.com |

6