# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
## Ft. Myers Division

Case No. 2:04-cv-47-FtM-34SPC

WHITNEY INFORMATION
NETWORK, INC., a Colorado corporation,

    Plaintiff,

v.

XCENTRIC VENTURES, LLC., an
Arizona limited liability company;
BADBUSINESSBUREAU.ORG, an
Arizona limited liability company; and
ED MAGEDSON, an individual,

    Defendants.

_____/

## MOTION FOR ADDITIONAL DISCOVERY TIME PURSUANT TO RULE 56(f), FEDERAL RULES OF CIVIL PROCEDURE TO RESPOND TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, WHITNEY INFORMATION NETWORK, INC. ("WIN"), by and through undersigned attorneys, pursuant to Rule 56(f), Fed.R.Civ.P., moves for the entry of an Order refusing the application of judgment or ordering a short continuance to permit limited depositions to refute certain affidavits filed in conjunction with Defendant's Motion for Summary Judgment and receipt of discovery responses, and states as follows:

    1.    On or about January 22, 2004, Plaintiffs filed a Complaint against Defendants, for: I) Federal Trademark Infringement; II) False Designation of Origin, False Description and False Representation under 15 U.S.C. § 1125(a); III) Common Law Trademark Infringement; and IV) Defamation per se of Business Reputation

1

2. On June 28, 2004, Defendants filed their first Motions to Dismiss for lack of personal jurisdiction. The Motion was denied.

3. Subsequently, Defendants filed their Second Motion to Dismiss, arguing Plaintiff failed to state a cause of action, which was granted by this Court on September 27, 2005. The action was dismissed, without prejudice.

4. An Amended Complaint was subsequently filed, and Defendants filed a third Motion to Dismiss on October 21, 2005, again alleging lack of personal jurisdiction.

5. This Court granted the Motion and dismissed the above styled action. Plaintiff appealed the dismissal with the Eleventh Circuit Court of Appeals.

6. By Order entered November 13, 2006, this Court, pursuant to the Mandate of the Eleventh Circuit Court of Appeals, issued August 30, 2006, vacated its prior order dismissing Plaintiff's Amended Complaint [Docket # 69] and reopened the case for further proceedings. This Order further directed the Clerk to reopen Defendant's Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Personal Jurisdiction [Docket #58] so that this Court could consider the issue of whether the exercise of personal jurisdiction over Defendants would violate due process, which was not addressed by the Eleventh Circuit on appeal. This Court subsequently denied Defendant's Motion to Dismiss Plaintiff's First Amended Complaint.

7. On March 30, 2007, Plaintiff propounded its First Request for Production and First Set of Interrogatories on Defendants.

8. On May 2, 2007, Defendants served their Response to Plaintiff's First Request for Production. However, Defendants did not provide the responsive documents with their response. In fact, after multiple requests for production of the documents, Defendants did not provide a single document responsive to Plaintiff's First Request for Production.

9. Subsequently, On June 11, 2007, Plaintiff filed a Motion to Compel Defendants to provide documents responsive to Plaintiff's First Request for Production.

10. On May 2, 2007, Plaintiff propounded its Second Set of Interrogatories on Defendants and Second Request for Production.

11. On May 14, 2007, Plaintiff propounded its Third Set of Interrogatories, asking two questions, seeking Defendants to provide contact information for its employees dating back to April, 2001, one year prior to the postings of Plaintiff on Defendants' website.

12. Defendants served answers to Plaintiff's Second and Third Set of Interrogatories, as well as Plaintiff's Second Request for Production. However, Defendants' discovery responses were woefully insufficient. See *Infra.*

13. On June 15, 2007, Plaintiff sent an email to counsel for Defendants in a good faith effort to resolve the discovery issues. The good faith email specifically delineates the issues Plaintiff had with Defendants' insufficient discovery answers. Further, the good faith letter was either a prelude to better discovery answers or a motion to compel. The result of either would provide Plaintiff with additional information in order to fully litigate this action.

14. Additionally, in early May, 2007, undersigned discussed with counsel for Defendants dates and provisos for the taking of certain depositions in Arizona. On May 14, 2007, undersigned memorialized some of the issues contained in the discussions.

15. Plaintiff subsequently set depositions in Arizona for August 1, 2 and 3, 2007. Plaintiff set Defendant, Magedson, Defendant's corporate representative, and Ben Smith, a contracted computer technician for Defendant. Plaintiff also informed Defendants of its intent to take the deposition of a former employee identified in Defendants' Answers to Plaintiff's Third Set of Interrogatories. Plaintiff has not been given the former employees last known address,

and further Defendants represented that the former employee could be contacted via counsel for Defendants.

16. Plaintiff set these depositions in August to allow for sufficient time for it to obtain the written discovery from Plaintiffs.

17. However, instead of responding to discovery and allowing for Plaintiff to take already scheduled depositions, on June 22, 2004, Defendants filed their Motion for Summary Judgment.

18. By failing to properly respond to Plaintiff's discovery and moving for summary judgment prior to Plaintiff taking depositions that have already been noticed, Defendants are attempting to circumvent the Federal Rules of Civil Procedure by its own malfeasance, and are attempting to disallow Plaintiff from obtaining any information to defend against the Motion for Summary Judgment.

19. It is further telling that Defendant has been able to prepare a Motion for Summary Judgment but not provide a single document responsive to Plaintiff's Request for Production, or even respond to certain Interrogatories and Requests for Production, stating that they were in need of additional evidence to provide such respones.

20. Accordingly, Plaintiff respectfully requests this Court enter an Order enlarging the amount of time for Plaintiff to respond to the Motion for Summary Judgment until it has obtained sufficient discovery to fully respond to same.

## **MEMORANDUM OF LAW**

Rule 56(f), Fed.R.Civ.P. states:

Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or

discovery to be had or may make such other order as is just.

"The purpose of Rule 56(f) is to provide non-movants with a much needed tool to keep open the doors of discovery in order to adequately combat a summary judgment motion." <u>Wichita Falls Office Associates v. Banc One Corporation</u>, 978 F.2d 915, 919 (5th Cir. 1993). Plaintiff needs to conduct further deposition to adequately defend against Defendant's Motion for Summary Judgment. "Such 'continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course' unless 'the non-moving party has not diligently pursued discovery of the evidence.'" <u>Id.</u> at 919 n. 4; <u>International Shortstop, Inc. v. Rally's, Inc.</u>, 939 F.2d 1257, 1267 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992). Plaintiff has diligently pursued discovery of evidence in this action, yet was unable to depose Defendant's employees, since Defendants filed the Motion for Summary Judgment prior to the August dates that had already been agreed.

The Eleventh Circuit has held: "A party requesting a continuance under this rule must present an affidavit containing specific facts explaining his failure to respond to the adverse party's motion for summary judgment via counter affidavits establishing genuine issues of material fact for trial." <u>Barfield v. Brierton</u>, 883 F.2d 923, 931 (11th Cir. 1989); <u>SEC v. Spence & Green Chemical Co.</u>, 612 F.2d 896, 900 (5th Cir. 1980), *cert. denied*, 449 U.S. 1082 (1981). "'The nonmovant may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts,' but must show the court how the stay will operate to permit him to rebut, through discovery, the movant's contentions." <u>Barfield</u>, 883 F.2d 923, 931; <u>SEC</u>, 612 F.2d 896, 901.

The Fifth Circuit has set forth three (3) requirements for a continuance of discovery: 1) Requesting extended discovery prior to the court's ruling on summary judgment; 2) put the trial court on notice that further discovery pertaining to the summary judgment motion is sought; and 3)

demonstrating to the trial court specifically how the requested discovery pertains to the pending motion. Wichita Falls Office Associates, 978 F.2d 915, 919; International Shortstop, Inc., 939 F.2d 1257, 1268. "Additionally, non-movant must diligently pursue relevant discovery-the trial court need not aid non-movants who have occasioned their own predicaments through sloth." Wichita Falls Office Associates, 978 F.2d 915, 919; International Shortstop, Inc., 939 F.2d 1257, 1267. This Motion acts as Plaintiff's request for extended discovery and notice that further discovery is sought. The Court has not yet ruled on Defendant's Motion for Summary Judgment. Plaintiff shall discuss why further discovery will aid it in defeating Defendant's Motion. See Affidavit attached hereto as Exhibit A; *infra.* Lastly, Plaintiff has diligently pursued relevant discovery, amassing large amounts of evidence and setting multiple depositions well in advance of Defendants' filing of their Motion for Summary Judgment.

The First Circuit requires the Rule 56(f) motion to: "'1) articulate a plausible basis for belief that discoverable materials exist which would raise trialworthy issue; and 2) demonstrate good cause for failure to have conducted discovery earlier.'" Reid v. State of New Hampshire, 56 F.3d 332, 341 (1st Cir. 1995); Resolution Trust Corp. v. North Bridge Assoc., 22 F.3d 1198, 1203 (1st Cir. 1994). The First Circuit has further "held that where the movant satisfies the requirements of Rule 56(f), 'a strong presumption arises in favor of relief.'" Reid, 56 F.3d 332, 341; Resolution Trust Corp., 22 F.3d 1198, 1203.

Defendants, in support of their Motion for Summary Judgment, filed approximately one hundred and fifty (150) pages as exhibits. The exhibits include Affidavits of Defendants' editors, averring that they omit material information, but do not include certain defamatory statements. Plaintiff has sought information pertaining to the non-parties who post defamatory content on

Defendants' website, and further, seeks to depose Defendant Ed Magedson, Defendants' corporate representative, Defendant's computer technician and a formerly employed editor for Defendants.

Plaintiff has complied with all of the elements necessary to show that further discovery is necessary for it to properly respond to Defendant's Motion for Summary Judgment. The facts discussed *supra.* clearly demonstrate the specific issues Plaintiff needs to discover in order to properly defend and respond to Defendants' Motion. "The rule does not require clairvoyance on the part of the moving party[1] but the movant is 'required to state with some precision the materials he hope(s) to obtain with further discovery, and exactly how he expect(s) those materials would help him in opposing summary judgment." Simmons Oil Corp. v. Tesoro Petroleum Corp., 86 F.3d 1138, 1144 (Fed. Cir. 1996); Krim v. BancTexas Group, Inc., 989 F.2d 1435, 1443 (5th Cir. 1993).

In conjunction with the attached Affidavit, Plaintiff has clearly satisfied the Eleventh Circuit's required elements for a Rule 56(f) Motion, and has further satisfied the more stringent standards as set forth by the Fifth and First Circuits. Plaintiff has set forth, in this Motion and the attached Affidavit, specific facts that properly explain why it is unable, without further limited discovery, to properly defeat Defendant's Motion for Summary Judgment.

Further evidence to support Plaintiff's position for the instant Motion is Defendants' complete avoidance in providing Plaintiff with sufficient discovery, including Defendants' complete failure to provide any responsive documents to Plaintiff's First Request for Production. Further, Defendants' responses to Plaintiff's Second Request for Production, Second Set of Interrogatories and Third Request for Production were woefully insufficient. Subsequently, Plaintiff sent Defendant the following good faith email to resolve the issues:

---

[1] Enplanar, Inc. v. Marsh, 11 F.3d 1284, 1292 (5th Cir.), *cert. denied*, 513 U.S. 926 (1994).

7

We are in receipt of your clients' discovery responses. Let this act as our good faith attempt to resolve the issues we have with the defendants' responses.

As to the defendants' answers to Plaintiff's Second Set of Interrogatories, in interrogatory 1 you list Mary Jo Baker c/o Maria Crimi Speth. Based upon this response we assume that Ms. Speth will accept service of a subpoena for Ms. Baker (if not, provide Ms. Baker's address). **We would like to take Ms. Baker's deposition on August 3 at 2:30 pm, please let us know if this is acceptable to you and Ms. Baker.**

**As to interrogatories 2, 3 and 4, you contend that these are "contention interrogatories" and refuse to provide any information whatsoever to support any of your clients' affirmative defenses which are the subject of these interrogatories.** Contrary to your refusal to respond to these interrogatories you concede that this type of discovery is "not expressly prohibited." Further, the case you cite, In Re Asbestos School Litigation, 1988 WL 128537 (E.D. Pa. 1988), was expressly overruled by In re Asbestos School Litigation, 1989 WL 30674, 1 (E.D.Pa.,1989) ("In any event, plaintiffs must answer to the full extent of their present knowledge and seasonably amend the answers with supplemental answers if the initial answers prove to be incomplete. *Levit v. Filmways, Inc.,* No. 80-586 (D.Del. Feb. 3, 1984).") Bear in mind that these questions concern your clients' defenses which, pursuant to Rule 11, Fed.R.Civ.P., you must have a good faith basis to assert. Although additional information might come up through the course of this litigation which would require a supplement to interrogatory answers, **your clients must have some information that would support their affirmative defenses at this time** (failing which they need to be withdrawn). Please let me know if you will supplement the answers to interrogatories 2, 3 and 4 and, if so, when you will do so.

Neither the answers to Plaintiff's Second Set of Interrogatories nor Plaintiff's Third Set of Interrogatories are executed in accordance with Rule 33. Please let me know when you will provide such execution.

As to the Second Request for Production, your clients object to request numbers 2 through 7 contending that "WIN's requests contain no exhibits." I personally prepared this request including attaching the exhibits so I have personal knowledge that they were sent to you. Nonetheless, the referenced documents come directly from your clients' website and were included as composite exhibit "G" of the Complaint. Additionally, you waited the entire thirty (30) days to object to these requests without requesting the exhibits. Clearly this is just another dilatory attempt (previous efforts having caused us to file our client's Motion to Compel Tuesday, and then again today, because you refuse to deliver documents despite repeated promises to do so). As a courtesy, I have enclosed the exhibits. Please let me know if you will supplement this response within ten days.

> **As to requests 8 through 11 and 16, like interrogatories 2, 3 and 4 of Plaintiff's Second Set of Interrogatories these pertain to your clients' defenses. If your clients don't know what they pertain to they do not have a basis to assert these defenses and they must be withdrawn. I would, however, point out to you that the defamation claim stems from the statements made on your client's own website.** Please let me know if you will supplement this response within ten days.
>
> Thank you for your cooperation.

(emphasis added). The ten days set forth in this good faith email expires June 25, 2007. No response to the email has been received. Further, it should be noted that Defendants were able to formulate enough "evidence" to attempt to support their Motion for Summary Judgment, yet answered many of its discovery requests, such as to Interrogatories 2, 3 and 4, as well as responses to requests 8 through 11 and 16, wherein they contended that these are "contention interrogatories" and "contention requests for production" and refuse to provide any information whatsoever to support any of their affirmative defenses which are the subject of these interrogatories.

Additionally, Plaintiff had previously noticed three depositions, with the intention of taking a fourth, prior to Defendants filing their Motion for Summary Judgment. Therefore, Defendants' actions and the aforementioned standards regarding Rule 56(f), Fed.R.Civ.P., should allow Plaintiff additional time to respond to Defendants' Motion for Summary Judgment.

**WHEREFORE**, the Plaintiff respectfully requests this Court to refuse the application for summary judgment or order a short continuance to permit Plaintiff to conduct the depositions already set, the deposition of Mary Jo Baker and receive the necessary discovery responses already propounded.

Respectfully submitted,


By: /s/ Shawn L. Birken
    Scott W. Rothstein, Esq.
    FBN: 765880
    Steven N. Lippman, Esq.
    FBN: 709638
    Shawn L. Birken, Esq.
    FBN: 418765
    ROTHSTEINROSENFELDT ADLER
    **Counsel for Plaintiff**
    401 East Las Olas Boulevard, Suite 1650
    Fort Lauderdale, Florida 33301
    Tele: 954/522-3456
    Fax: 954/527-8663
    E-Mail: srothstein@rra-law.com
           slippman@rra-law.com
           sbirken@rra-law.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26 day of June, 2007, I electronically filed the forgoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing is being served this day upon all counsel of record identified on the Court delineated Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

ROTHSTEIN ROSENFELDT ADLER

By:  /s/ Shawn L. Birken
      Scott W. Rothstein, Esq.
      Steven N. Lippman, Esq.
      Shawn L. Birken, Esq.

H:\swrdocs\03-8471\Discovery\MOTION - 56f more discovery.doc

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

Case No. 2:04-cv-47-FtM-34- SPC

WHITNEY INFORMATION
NETWORK, INC., a Colorado corporation,

    Plaintiff,

v.

XCENTRIC VENTURES, LLC., an
Arizona limited liability company;
BADBUSINESSBUREAU.ORG, an
Arizona limited liability company; and
ED MAGEDSON, an individual,

    Defendants.

_____/

## SERVICE LIST

| | |
|---|---|
| Maria Crimi Speth, Esq.<br>Jaburg & Wilk, PC<br>3200 North Central Avenue, Suite 2000<br>Phoenix, AZ 85012<br>Tele.: 602/248-1089<br>Fax: 602/248-0522<br>mcs@jaburgwilk.com | Co-Counsel<br>Denise B. Crockett, Esq.<br>Brian J. Stack, Esq.<br>Stack Fernandez Anderson & Harris, P.A.<br>1200 Brickell Avenue, Suite 950<br>Miami, Florida 33131<br>Tel. 305.371.0001<br>Fax. 305.371.0002<br>Email: dcrockett@stackfernandez.com<br>Email: Bstack@stackfernandez.com<br>Web: www.stackfernandez.com |

12