Maria Crimi Speth, #012574 (Admitted *Pro Hac Vice*)
**JABURG & WILK, P.C.**
3200 North Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| WHITNEY INFORMATION NETWORK, INC.; a Colorado corporation,<br><br>Plaintiffs,<br><br>v.<br><br>XCENTRIC VENTURES, LLC, an Arizona limited liability company; BADBUSINESSBUREAU.ORG, an Arizona limited liability company; and ED MAGEDSON, an individual,<br><br>Defendants. | Case No: 2:04-CV-47-ftm-34-SPC<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S AMENDED MOTION TO COMPEL RESPONSIVE DOCUMENTS TO FIRST REQUEST FOR PRODUCTION** |

Defendants Xcentric Ventures, LLC, ("Xcentric"), and Ed Magedson ("Magedson") (collectively, the "Defendants") submit their response to Plaintiff's Amended Motion to Compel Responsive Documents to First Request for Production as follows, requesting that the motion to compel be denied because Defendants have provided proper responses to the requests.

Defendants produced materials responsive to each of the requests disputed in this amended motion, save one. The one exception is approximately 40 boxes of litigation pleadings and documents from other cases. Defendants made that collection available for inspection and copying in the offices of Defense counsel.

Plaintiff's Amended Motion puts four requests at issue, Plaintiff's Requests numbers 3, 26, 28, and 38 (reproduced below). In addition, Plaintiff has recently

10297-8/ASK/LSM/596957_v1

produced information that is responsive to Request #1. At the time of the response there were no responsive documents to Request #1.

Plaintiffs Request #1 is set out below with Defendants' Response:

> 1. Any and all written and/or recorded statements taken from DEFENDANTS, DEFENDANTS' agents or employees in this cause, relating to this action or its subject matter or a stenographic, mechanical, electrical, or other recording or transcription of a statement that is a substantial verbatim recital of an oral statement.
>
> **RESPONSE:** Objection, the request is ambiguous. Notwithstanding the objection, Defendants have never knowingly provided a recorded statement to anyone in connection with this case.

Since this response Defendants filed a Motion for Summary Judgment and included responsive declarations from Defendant Ed Magedson and several employees. Specifically, Defendants produced Separate Statement of Facts in Support of Defendants' Motion for Summary Judgment, Exhibit 1, Declaration of Edward Magedson, and Exhibits 3 through 13, Declarations of Kim Jordan; Paulette Griffith; Amy Thompson; Heather Dorton; Jackie Wynne; G. Young; Lynda Craven; Kim Smith; Ben Smith; Mary Jo Baker; and C.S. Bowen. In short, the declarations state that none of the consumer complaints about Plaintiff were authored or edited by Defendants. The significance of these statements is set out below in more detail, in regard to Request #28.

Plaintiffs Request #3 is set out below with Defendants' Response:

> 3. Any and all documents evidencing threats, harassments, and/or intimidation by Plaintiffs, RUSS WHITNEY, WHITNEY INFORMATION NETWORK, INC., its agents, employees, and/or attorneys against and/or towards DEFENDANTS, XCENTRIC, BBB, and/or MAGEDSON.
>
> **RESPONSE:** Objection, this request seeks documents that are not relevant. Notwithstanding the objection, responsive documents are available at the offices of Jaburg & Wilk and are equally available to Plaintiffs.

Plaintiff sent Defendants a letter threatening litigation. That letter is responsive to the request, and is equally available to Plaintiff. In addition, Defendants consider Plaintiff's lawsuit to be harassment. Plaintiff knows that Defendants' consumer website activities are completely legal and protected by the Communications Decency Act. Nevertheless, Plaintiff knowingly makes false accusations, unsupported by any evidence, to perpetuate an onerous lawsuit in federal court in a distant jurisdiction. In that respect, all of the pleadings, correspondence, etc. that Plaintiff uses to perpetuate the harassing litigation are responsive. Of course, Plaintiff already has those documents.

Although anonymous threats are made regularly against Defendants, Defendants take security measures to deal with them as best they can, and cannot conclusively identify the source of each of them. Defendants do not attribute these threats to Plaintiff or Plaintiff's counsel, and truly hope that no anonymous threats should be attributed to Plaintiff.

Plaintiff's Request #26 is set out below with Defendants' Response:

> 26. All documents in the possession of DEFENDANTS or any agent of DEFENDANTS that contain information relating to Plaintiffs.
>
> **RESPONSE:** Objection; this response calls for documents protected by the attorney-client privilege and by work product. Defendants will produce any responsive, non-privileged documents for inspection and copying at the offices of Jaburg & Wilk.

Defendants' Motion for Summary Judgment references documents attached to the Separate Statement of Facts in Support of Defendants' Motion for Summary Judgment that are responsive to this request, specifically Exhibit 2, every report about Whitney Information Network posted on www.ripoffreport.com. These reports are accessible online, and reports and rebuttals may be added on any given day.

In addition, Plaintiff has provided additional documents that contain information relating to Plaintiffs, such as an Arizona Republic article entitled "SEC Probe of Fla.

3

Firm doesn't affect Rich Dad" which reported that "Whitney Information Network, Inc. is being investigated by federal and state agencies and facing lawsuits from unhappy customers and investors." These materials are collected and will be mailed to Plaintiff's counsel on July 3, 2007.

Plaintiffs Request #28 is set out below with Defendants' Response:

28.     All documents in the possession of DEFENDANTS of any agent of DEFENDANTS relating to the editing, publishing, review and/or alteration of consumers' complaints.

**RESPONSE:**     Any responsive documents will be made available for inspection and copying at the offices of Jaburg & Wilk.

The most relevant documents to this request are the declarations attached to the Separate Statement of Facts in Support of Defendants' Motion for Summary Judgment as Exhibit 1 and Exhibits 3 through 13. Those declarations set out the circumstances about the editing, publishing, review and/or alteration of consumers' complaints about Plaintiffs. Specifically, Defendants did not author or alter the content of those reports and rebuttals, and, as a matter of policy, Defendants' agents and employees do not author or alter reports on the www.ripoffreports.com webpage, other than to remove personal information such as credit card numbers, bank account numbers, social security numbers, and to remove obscenities and threats of violence. Because Defendants did not author any of the postings that Plaintiff complains about, Defendants are entitled to the protection of immunity from suit under the Communications Decency Act, as set out in the Motion for Summary Judgment.

To the extent that Plaintiff seeks production of documents other than documents about consumer complaints about Plaintiff, the request seeks irrelevant information. The only information that can be at issue is the information that Plaintiff claims is actionable by Plaintiff for being false or misleading. *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1125 (9th Cir. 2003)(stating that "The critical issue is whether eBay acted as an

4

information content provider *with respect to the information that appellants claims is false or misleading*." (emphasis added)(citation omitted.) )

Plaintiff may have other documents evidencing exactly the same things set out in the declarations, such as documents showing that threats of violence against a company have been redacted in one or more of the hundreds of thousands of postings on www.ripoffreports.com. However, the postings themselves are available for Plaintiff's inspection on the webpage, and the information to be gained from a broad sweep through hundreds of thousands of postings does not warrant the burden of searching. Even if *Plaintiff* expects the information to be valuable, there is nothing that warrants shifting the burden of the search onto Defendants when the information is available to the Plaintiffs on the web page.

Plaintiffs Request #38 is set out below with Defendants' Response:

38. Any and all documents relating to lawsuits, other than the present one, concerning causes of action regarding extortion, Lanham Act claims, defamation, or claims similar to those brought in this lawsuit.

**RESPONSE:** All responsive documents that are not privileged will be made available for inspection and copying at the offices of Jaburg & Wilk

Xcentric Ventures has been sued dozens of times by companies that were angry about consumer complaints posted on www.ripoffreports.com. Although there may be grounds for an objection to the relevance of the request, Defendants did not raise an objection and have Plaintiff may come to inspect the documents pursuant to Rule 34(b) of the Federal Rules of Civil Procedure. Defendants estimate there are approximately 40 banker's boxes of responsive documents.

10297-8/ASK/LSM/596957_v1

For the reasons stated, including Defendants' adequate responses to Plaintiffs Requests #1, 3, 26, 28, and 38, Plaintiff's motion to compel should be denied.

DATED this 2nd day of July, 2007.

**JABURG & WILK, P.C.**

s/Maria Crimi Speth
Maria Crimi Speth, Esq.
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of July, 2007, I caused the attached document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF Registrants:

Steven Neil Lippman
Shawn L. Birken
Scott W. Rothstein
Rothstein Rosenfeld Adler
Suite 1650
401 E Las Olas Blvd
Ft Lauderdale, FL 33301
Attorneys for Plaintiff

Brian J. Stack
Stack, Fernandez, Anderson,
Harris & Wallace, P.A.
1200 Brickell Ave., Suite 950
Miami, FL 33131-3255
Attorneys for Defendant


_s/Leah Matlack_