**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

CASE NO. 2:04-cv-47-FtM-34SPC

WHITNEY INFORMATION
NETWORK, INC., a Colorado corporation,

    Plaintiff,

v.

XCENTRIC VENTURES, LLC., an
Arizona limited liability company;
BADBUSINESSBUREAU.ORG, an
Arizona limited liability company; and
ED MAGEDSON, an individual,

    Defendants.
_____/

**PLAINTIFF'S MOTION TO COMPEL SWORN ANSWERS TO SECOND AND THIRD SETS OF INTERROGATORIES, BETTER ANSWERS TO SECOND SET OF INTERROGATORIES AND SECOND REQUEST FOR PRODUCTION, SUPPLEMENT TO MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Whitney Information Network, Inc. ("WIN"), by and through its undersigned attorneys, moves this Court to enter an order compelling sworn answers to WIN's second and third sets of interrogatories, better answers to WIN's second set of interrogatories and second request for production and extending the time to respond to the Defendants' Motion for Summary Judgment, Docket entry # 115, (the "Summary Judgment Motion") and states as follows:

On March 30, 2007, WIN propounded its First Request for Production and First Set of Interrogatories on Defendants. On May 2, 2007, Defendants served their Response to Plaintiff's First Request for Production. Despite multiple requests for Defendants to deliver the documents they indicated are responsive and available, Defendants have yet to deliver a single document

1

responsive to Plaintiff's First Request for Production. Accordingly, WIN had no alternative but to file a motion with this Court to compel Defendants to deliver these documents. (WIN's Amended Motion to Compel Responsive Documents to First Request for Production, Docket entry # 114.)

On May 2, 2007, WIN propounded its Second Set of Interrogatories on Defendant Xcentric Ventures, LLC. ("Xcentric Ventures") and its Second Request for Production on all Defendants, and, on May 14, 2007, its Third Set of Interrogatories on Xcentric Ventures. While Defendants did respond to this discovery, their responses are woefully insufficient. In order to obtain the discovery requested and obviate the need to file this Motion, WIN's counsel sent a letter in good faith to Defendants' counsel setting forth precisely what was deficient with Defendants' discovery responses as follows:

> We are in receipt of your clients' discovery responses. Let this act as our good faith attempt to resolve the issues we have with the defendants' responses.
>
> As to the defendants' answers to Plaintiff's Second Set of Interrogatories, in interrogatory 1 you list Mary Jo Baker c/o Maria Crimi Speth. Based upon this response we assume that Ms. Speth will accept service of a subpoena for Ms. Baker (if not, provide Ms. Baker's address). We would like to take Ms. Baker's deposition on August 3 at 2:30 pm, please let us know if this is acceptable to you and Ms. Baker.
>
> As to interrogatories 2, 3 and 4, you contend that these are "contention interrogatories" and refuse to provide any information whatsoever to support any of your clients' affirmative defenses which are the subject of these interrogatories. Contrary to your refusal to respond to these interrogatories you concede that this type of discovery is "not expressly prohibited." Further, the case you cite, In Re Asbestos School Litigation, 1988 WL 128537 (E.D. Pa. 1988), was expressly overruled by In re Asbestos School Litigation, 1989 WL 30674, 1 (E.D.Pa.,1989) ("In any event, plaintiffs must answer to the full extent of their present knowledge and seasonably amend the answers with supplemental answers if the initial answers prove to be incomplete. *Levit v. Filmways, Inc.,* No. 80-586 (D.Del. Feb. 3, 1984)."). Bear in mind that these questions concern your clients' defenses which, pursuant to Rule 11, Fed.R.Civ.P., you must have a good faith basis to

CASE NO. 2:04-cv-47-FtM-34SPC

assert. Although additional information might come up through the course of this litigation which would require a supplement to interrogatory answers, your clients must have some information that would support their affirmative defenses at this time (failing which they need to be withdrawn). Please let me know if you will supplement the answers to interrogatories 2, 3 and 4 and, if so, when you will do so.

Neither the answers to Plaintiff's Second Set of Interrogatories nor Plaintiff's Third Set of Interrogatories are executed in accordance with Rule 33. Please let me know when you will provide such execution.

As to the Second Request for Production, your clients object to request numbers 2 through 7 contending that "WIN's requests contain no exhibits." I personally prepared this request including attaching the exhibits so I have personal knowledge that they were sent to you. Nonetheless, the referenced documents come directly from your clients' website and were included as composite exhibit "G" of the Complaint. Additionally, you waited the entire thirty (30) days to object to these requests without requesting the exhibits. Clearly this is just another dilatory attempt (previous efforts having caused us to file our client's Motion to Compel Tuesday, and then again today, because you refuse to deliver documents despite repeated promises to do so). As a courtesy, I have enclosed the exhibits. Please let me know if you will supplement this response within ten days.

As to requests 8 through 11 and 16, like interrogatories 2, 3 and 4 of Plaintiff's Second Set of Interrogatories these pertain to your clients' defenses. If your clients don't know what they pertain to they do not have a basis to assert these defenses and they must be withdrawn. I would, however, point out to you that the defamation claim stems from the statements made on your client's own website. Please let me know if you will supplement this response within ten days.

Thank you for your cooperation.

June 15, 2007 email from Shawn L. Birken, Esq. to Adam S. Kunz, Esq., a copy of which is attached hereto as Exhibit A. Defendants did not even bother to respond to this good faith effort to resolve the issues now brought before this Court.

While Defendants failed and refused to provide discovery, they did find time to prepare and file their Summary Judgment Motion. In their Summary Judgment Motion, Defendants contend that they have sufficient information to defeat all of WIN's claims, yet in their discovery

CASE NO. 2:04-cv-47-FtM-34SPC

responses served only weeks earlier, they claimed that they did not have sufficient information to respond to the discovery requests. Not only are Defendants attempting to circumvent the written discovery which is the subject of both this Motion and WIN's earlier Amended Motion to Compel Responsive Documents to First Request for Production (Docket entry # 114), they also are now trying to avoid depositions which WIN has scheduled, by prior agreement of the parties, for August 1-3 in Phoenix, Arizona. By failing to properly respond to WIN's discovery, yet simultaneously moving for summary judgment. Defendants are attempting to prevent WIN from obtaining relevant information necessary to, among other things, defend against the Summary Judgment Motion. This Court should not countenance such games.

Parties are entitled to obtain discovery about "any matter, not privileged, that is relevant to the claim or defense of any party." Equal Employment Opportunity Commission v. Staffing Network, L.L.C., 2002 WL 31473840 at *1 (N.D.Ill. 2002). Information is relevant for purposes of discovery "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. (citing Fed. R.Civ. P. 26(b)(1)). It is telling that Defendants challenge only one of the disputed discovery requests on the basis that it is irrelevant. Clearly, the documents and information sought by Plaintiff here are directly relevant to Plaintiff's claims and Defendants' defenses.

**Unsworn Answers to Second and Third Sets of Interrogatories**

"Each interrogatory shall be answered separately and fully in writing under oath" and interrogatories "are to be signed by the person making them …." Fed. R.Civ. P. 33(b)(1) & (2). Xcentric Ventures failed to sign its answers to WIN's second and third sets of interrogatories and continues to refuse to do so. See Defendants' Answers to Plaintiff's Second (May 24) Set of Interrogatories to Defendant Xcentric Ventures, LLC. ("Second Interrogatory Answers"), a copy

4

CASE NO. 2:04-cv-47-FtM-34SPC

of which is attached hereto as Exhibit B; Defendants' Answers to Plaintiff' Third Set of Interrogatories to Defendant Xcentric Ventures, LLC. ("Third Interrogatory Answers"), a copy of which is attached hereto as Exhibit C.  It is axiomatic that unsworn, unverified answers to interrogatories are infirm, necessitating an order compelling compliance with the Federal Rules of Civil Procedure.  <u>Buffalo Carpenters Pension Fund v. CKG Ceiling & Partition Co., Inc.</u>, 192 F.R.D. 95, 98 (W.D. N.Y. 2000) ("As part of that response, defendants provided unsworn answers to each of plaintiffs' seven Interrogatories.  Defendants' answers to the Interrogatories, however, are deficient in form because Charles Stephan did not answer under oath. See Fed.R.Civ.P. 33(b)(1).").  Thus, Xcentric Ventures should be compelled to provide verified answers to WIN's second and third sets of interrogatories.

**<u>Insufficient Responses to Second Set of Interrogatories</u>**

WIN asked Xcentric Ventures in interrogatories 2, 3 and 4 of its Second Set of Interrogatories to:

> 2.   Please state all facts that support your Second Affirmative Defense, Unclean Hands, and include all actions or failure to act which you contend are part of this defense, identify all causes of action you claim are barred by this defense and state why the claim(s) is/are barred.
>
> 3.   Please state all facts that support your Third Affirmative Defense, Truth, and identify each and every "true" statement you rely on in this defense and all facts that evidence the truth of each such statement.
>
> 4.   Please state all facts that support the contention that WIN "is a public figure."

Instead of providing any information, Xcentric Ventures objected to these interrogatories as follows:

> 2.   Objection.  This request is an improper "contention interrogatory".  While not expressly prohibited by the Federal Rules of Civil Procedure, courts

ROTHSTEIN ROSENFELDT ADLER
401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301

generally recognize that, "contention interrogatories such as those propounded by the defendants here are generally not favored in the early stages of discovery." *In Re Asbestos School Litigation*, 1988 WL 128537 (E.D. Pa. 1988)(citing *In Re Convergent Technology Security Litigation*, 108 F.R.D. 328 (N.D. Cal. 1985)(overruled on other grounds by 1989 WL 30674). The practical reasons for this are simple:

> "At this point in the proceedings, forcing the plaintiffs to answer these interrogatories is not justified when balancing the burden imposed upon the plaintiffs in responding to these requests against the likelihood that useful information will be produced." Where the plaintiffs have not had discovery of defendants' documents and no depositions have been conducted, it is futile to compel them to answer interrogatories requiring a recitation of all facts and documents and the identity of all individuals with knowledge of the facts which support the allegations of the complaint. Defendants must know that plaintiffs cannot possibly identify at this juncture all the facts and documents that support or will support their claims. The defendant's suggestion that plaintiffs answer based upon their current knowledge and supplement the responses as discovery proceeds is impracticable and points out the burdensome nature of its requests.

Id. (quoting *County of Suffolk v. Litco*, No. 87CV0646 (E.D.N.Y. 6/13/88 (Slip Opinion)). These same issues are implicated here because: 1.) This case is still in the very early stages; 2.) no depositions have been taken; 3.) Defendants' investigation as to the facts underlying any/all defenses has not yet been completed; and 4.) discovery in this case has only recently begun.

In addition, WIN has never identified the specific facts and defamatory statement(s) which form the basis for its defamation claim. Because Plaintiff has not identified the allegedly defamatory statement(s) at issue, Defendants are not able to identify facts which may establish any equitable defense(s) as to those statement(s).

    3. Objection. This request is an improper "contention interrogatory" (see above). Defendants further object to the request to the extent it asks Defendants to identify "true" statements. Defendants note that under Florida law, Plaintiff bears the burden of proof as to both the fact of publication of defamatory statement and the falsity of those statements. Unless and until such time as Plaintiff has met its burden of establishing these elements, Defendants are under no obligation to establish any affirmative defense(s).

    4. Objection. This request is an improper "contention interrogatory"

>(see above). Subject to and without waiving the foregoing objection, Defendant incorporates their 12th response to WIN's Second Request for Production to Defendants.

Second Interrogatory Answers at pp. 3-4.

Xcentric Ventures' excuse for failing to answer these interrogatories is unpersuasive. First, the case on which Xcentric Ventures relied, In re Asbestos School Litigation, 1988 WL 128537, *1 (E.D. Pa. 1988), does not preclude contention interrogatories (as defendants' acknowledge) and sustained that objection only in that particular case where the defendants could not "advance any cogent reasons why the plaintiff should be put to the task of responding to its requests at this stage" and where the defendants already had produced literally thousands of documents. Further, the Court expressly authorized contention interrogatories as the discovery cut-off approached. Id. This case presents the opposite scenario; the parties are operating under an expedited discovery schedule (the discovery cut-off is October 1, 2007) and Defendants have, to date, failed to produce a single document. More importantly, the case Xcentric Ventures relies on was **overruled** in In re Asbestos School Litigation, 1989 WL 30674, *1 (E.D. Pa. 1989) ("Contention interrogatories may contribute meaningfully toward the objectives of clarifying and narrowing the issues early in the pretrial stage of litigation. … In any event, plaintiffs must answer to the full extent of their present knowledge and seasonably amend the answers with supplemental answers if the initial answers prove to be incomplete."). Courts in the Eleventh Circuit have reached a similar conclusion: "contention interrogatories" are appropriate if discovery had been open and depositions are upcoming. See Donahay v. Palm Beach Tours & Transp., Inc., 2007 WL 1576143, *3 (S.D.Fla. 2007). This is precisely the situation here; three months of the six month discovery period already has passed and depositions (for which WIN

ROTHSTEIN ROSENFELDT ADLER
401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301

needs the requested information to prepare) are set for early August.

The requested discovery pertains to Defendants' affirmative defenses. In filing these defenses, Defendants certified to this Court that there is a good faith basis to assert them. Rule 11, Fed. R.Civ. P. Defendants should have some evidence or information to support the assertion of the affirmative defenses that are the subject of these interrogatories and WIN is entitled to know what that information is.

Finally, it is disingenuous for Xcentric Ventures to claim that it does not have sufficient information to respond to these interrogatories, yet it was able to prepare and file a Motion for Summary Judgment as to all of WIN's claims. Accordingly, Xcentric Ventures' objections should be overruled and Xcentric Ventures should be compelled to provide complete answers to Interrogatories 2, 3, and 4 of Plaintiff's Second Set of Interrogatories to Xcentric Ventures.

### Insufficient Responses to Second Request for Production

In its Second Request for Production of Documents to Defendants, WIN asked the Defendants to produce, among other things:

> 2. Any and all documents relating to, referring to and/or memorializing any and all donations given to any of the DEFENDANTS as solicited on the www.badbusinessbureau.com website.
>
> 3. Any and all documents relating to, referring to and/or memorializing the February 21, 2002 submitted, September 10, 2003 modified, complaint listed under the "False TV Advertisements" category, listed on the website www.badbusinessbureau.com a copy of which is attached hereto as Exhibit "A".
>
> 4. Any and all documents relating to, referring to and/or memorializing the April 18, 2003 submitted, April 18, 2003 modified, complaint from John – St. Louis, Missouri, listed on the website www.badbusinessbureau.com a copy of which is attached hereto as Exhibit "B".

     5. Any and all documents relating to, referring to and/or memorializing the July 22, 2003 submitted, July 22, 2003 modified, complaint from Carol – Missoula, Montana, listed on the website www.badbusinessbureau.com a copy of which is attached hereto as Exhibit "C".

     6. Any and all documents relating to, referring to and/or memorializing the September 1, 2003 submitted, September 1, 2003 modified, complaint from David – Cape Coral, Florida, listed on the website www.badbusinessbureau.com a copy of which is attached hereto as Exhibit "D".

     7. Any and all documents relating to, referring to and/or memorializing the September 10, 2003 submitted, September 10, 2003 modified, complaint from Sharon – Newport News, Virginia, listed on the website www.badbusinessbureau.com a copy of which is attached hereto as Exhibit "E".

Defendants objected as follows:

     2. Objection. This request seeks documents that are not relevant nor likely to lead to any information relevant to any issue in this case.

     3. Objection; WIN's requests contain no exhibits.

     4. Objection; WIN's requests contain no exhibits.

     5. Objection; WIN's requests contain no exhibits.

     6. Objection; WIN's requests contain no exhibits.

     7. Objection; WIN's requests contain no exhibits.

Defendants' Responses to Plaintiff's Second Request for Production ("Second Request Response"), a copy of which is attached hereto as Exhibit D at pp. 2-3.

     Defendants are simply trying to delay providing documents and materials which WIN is rightfully entitled to receive. WIN's undersigned counsel personally prepared this Second Request for Production, including attaching the exhibits. Assuming Defendants' counsel accurately represents that the exhibits somehow became detached; the exhibits were merely provided as a convenience to Defendants' counsel and are not necessary to provide the requested

ROTHSTEIN ROSENFELDT ADLER
401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301

materials because the exhibits refer to documents which come directly from Defendants' own website and further were included as composite exhibit "G" of the Complaint. Defendants' contention that they could not respond to these requests without the exhibits is undermined.

The dilatory nature of Defendants' objections is obvious when this Court considers that Defendants waited 30 days to object to the Second Requests for Production without requesting the exhibits. After Defendants raised this baseless objection, WIN, as a further courtesy, provided another copy of the referenced exhibits to Defendants' counsel; yet, Defendants still refused to provide the requested documents.

>Defendants also were asked to produce:
>
>8.  Any and all documents relating to, referring to and/or memorializing any action or failure to act which constitutes all or part of the affirmative defense of unclean hands.
>
>9.  Any and all documents related to, referring to and/or memorializing the truth of any statement in support of the third affirmative defense.
>
>10. Any and all documents relating to, referring to and/or memorializing any action or failure to act which constitutes all or part of the affirmative defense of the doctrine of incremental harm.
>
>11. Any and all documents relating to, referring to and/or memorializing any action or failure to act which constitutes all or part of the affirmative defense of the Communications Decency Act Immunity.
>
>16. Any and all documents relating to, referring to and/or memorializing the contention in the sixth affirmative defense that "the content of the statements which form the basis for such claims was provided by third parties."

Defendants objected as follows:

>8.  Objection. Plaintiff has never identified the specific false and defamatory statement(s) which form the basis for its defamation claim. Because Plaintiff has not identified the allegedly defamatory statement(s) at issue,

    Defendants are not able to identify materials which may establish WIN's unclean hands as to those statement(s).

    9.    Objection. Plaintiff has never identified the specific false and defamatory statement(s) which form the basis for its defamation claim. Because Plaintiff has not identified the allegedly defamatory statement(s) at issue, Defendants are not able to identify materials which may establish the truth of those statement(s).

    10.    Objection. Plaintiff has never identified the specific false and defamatory statement(s) which form the basis for its defamation claim. Because Plaintiff has not identified the allegedly defamatory statement(s) at issue, Defendants are not able to identify materials which may establish the substantial truth of those statement(s).

    11.    Objection. Plaintiff has never identified the specific false and defamatory statement(s) which form the basis for its defamation claim. Because Plaintiff has not identified the allegedly defamatory statement(s) at issue, Defendants are not able to identify materials which may establish their defense under the Communications Decency Act; i.e., identity of the author(s) of those statement(s).

    16.    Objection. Plaintiff has never identified the specific false and defamatory statement(s) which form the basis for its defamation claim. Because Plaintiff has not identified the allegedly defamatory statement(s) at issue, Defendants are not able to identify materials which may establish the identity of the author(s) of those statement(s).

Second Request Response at pp. 3-5, and 7-8. Similar to Defendants' responses to interrogatories 2, 3 and 4 of WIN's Second Set of Interrogatories, these requests seek to obtain documents which relate to Defendants' own affirmative defenses. If Defendants had a good faith basis to assert these defenses, then they must have some documents or information to support them which they are required to disclose. *Supra* at pp. 7. Defendants' baseless objections are just one more dilatory attempt to forestall WIN's ability to litigate this action and to interfere with WIN's ability to respond to the Summary Judgment Motion.

CASE NO. 2:04-cv-47-FtM-34SPC

**Supplement to Motion to Extend Time to Respond to the Summary Judgment Motion**

A court may refuse to consider or delay consideration of a summary judgment motion in order to allow discovery to be completed. Rule 56(f), Fed. R.Civ. P. "The purpose of Rule 56(f) is to provide non-movants with a much needed tool to keep open the doors of discovery in order to adequately combat a summary judgment motion." Wichita Falls Office Associates v. Banc One Corp., 978 F.2d 915, 919 (5th Cir. 1993). "Such 'continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course' unless 'the non-moving party has not diligently pursued discovery of the evidence.'" Id. at 919 n. 4; International Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1267 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992). Based on the foregoing and as more fully discussed in WIN's pending motion to extend time pursuant to Rule 56(f) to respond to Defendants' Motion for Summary Judgment (Docket entry # 119), this Court should refuse to consider the Summary Judgment Motion or continue the time for WIN to respond to the Summary Judgment Motion until the outstanding and previously scheduled discovery is completed.[1]

**Request For Costs In Obtaining Production**
**Pursuant to Rules 37(a)(3) and (4)**

Federal Rule of Civil Procedure 37(a)(3) provides that "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Rule 37(a)(4) directs that a court **shall** award the party moving to compel responses to discovery requests reasonable expenses, including attorneys' fees, if either the motion to compel is granted

---

[1] WIN would approximate that discovery will be completed and transcripts obtained by August 30, 2007, assuming the depositions currently set for August 1-3, 2007 take place as scheduled and without any inappropriate objections or refusal to testify.

or the non-movant provides responses or discovery after the motion was filed. Rule 37(a)(4) provides, in pertinent part:

> (A) If the motion [to compel] is granted or if the disclosure or requested discovery is provided after the motion is filed, the court shall, after affording an opportunity to be heard, require the party ... whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees ...

Defendants have not provided complete and adequate responses to Plaintiff's discovery requests and have ignored Plaintiff's good faith effort to resolve the issues raised by this Motion. This Court, pursuant to Rule 37(a)(4), is therefore required to order Defendants to pay to Plaintiff the expenses it incurred, including reasonable attorneys' fees, in obtaining an order compelling discovery. Coane v. Ferrara Pan Candy Co., 898 F.2d. 1030 (5th Cir. 1990)(award of attorney's fees as sanction for failure to answer interrogatories and produce documents upheld); Merritt v. International Brotherhood of Boilermakers, 649 F.2d 1013, 1019 (5th Cir. 1981) (award of expenses is mandatory against a party whose conduct necessitated a motion to compel discovery when the opposition to the motion was unjustified and refusing to find that willfulness, bad faith or fault on the part of the non-complying party was a prerequisite to recovery); Rhein Medical Inc. v. Koehler, 889 F. Supp. 1511 (M.D. Fla. 1995)(failure to provide requested audio tapes warranted imposition of costs as sanction, even though tape was provided after motion to compel was filed); Cal Drive Int'l, Inc. v. M/V Tzimin, 127 F.R.D. 213 (S.D. Ala. 1989) (affirming award of attorneys' fees and expenses to party obtaining order compelling discovery).

WHEREFORE, Whitney Information Network, Inc. respectfully requests that this Court enter an order (i) compelling Xcentric Ventures to deliver to Whitney Information Network, Inc.'s

13

CASE NO. 2:04-cv-47-FtM-34SPC

counsel sworn answers to Plaintiff's Second Set of Interrogatories to Defendant Xcentric Ventures and Plaintiff's Third Set of Interrogatories to Defendant Xcentric Ventures; (ii) compelling Xcentric Ventures to answer interrogatories 2, 3 and 4 of Whitney Information Network, Inc.'s Second Set of Interrogatories; (iii) compelling Xcentric Ventures, LLC, Badbusinessbureau.org and Ed Magedson to deliver to Whitney Information Network, Inc.'s counsel all documents responsive to requests 2, 3, 4, 5, 6, 7, 8, 9, 10, 11 and 16 of Whitney Information Network, Inc.'s Second Request for Production of Documents to Defendants; (iv) refusing to consider Defendants' Motion for Summary Judgment or extending the time for Whitney Information Network, Inc. to respond to Defendants' Motion for Summary Judgment until August 30, 2007; (v) awarding Whitney Information Network, Inc. its reasonable fees and costs incurred in briefing this motion; and (vi) granting all other relief this Court deems just and appropriate.

Dated this 3 day of July, 2007.

    Respectfully submitted,

    ROTHSTEIN ROSENFELDT ADLER
    401 East Las Olas Boulevard, Suite 1650
    Fort Lauderdale, Florida 33301
    Tele: 954/522-3456
    Fax: 954/527-8663

    By: /s/ Shawn L. Birken
      Scott W. Rothstein
      Fla. Bar No. 765880
      srothstein@rra-law.com
      Steven N. Lippman
      Fla. Bar No. 709638
      slippman@rra-law.com
      Shawn L. Birken
      Fla. Bar No. 418765
      sbirken@rra-law.com

CASE NO. 2:04-cv-47-FtM-34SPC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3 day of July, 2007, I electronically filed the forgoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day upon all counsel of record identified on the Court delineated Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Shawn L. Birken
Shawn L. Birken

H:\swrdocs\03-8471\Discovery\MOTION to compel second and third rogs.doc

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

Case No.  2:04-cv-47-FtM-34- SPC

WHITNEY INFORMATION
NETWORK, INC., a Colorado corporation,

 Plaintiff,

v.

XCENTRIC VENTURES, LLC., an
Arizona limited liability company;
BADBUSINESSBUREAU.ORG, an
Arizona limited liability company; and
ED MAGEDSON, an individual,

 Defendants.

_____/

**SERVICE LIST**

| | |
|---|---|
| Steven N. Lippman, Esq. | Maria Crimi Speth, Esq. |
| slippman@rra-law.com | Jaburg & Wilk, PC |
| Scott W. Rothstein, Esq. | 3200 North Central Avenue, Suite 2000 |
| srothstein@rra-law.com | Phoenix, AZ 85012 |
| Shawn L. Birken, Esq. | Tele.:  602/248-1089 |
| sbirken@rra-law.com | Fax:    602/248-0522 |
| ROTHSTEIN ROSENFELDT ADLER | mcs@jaburgwilk.com |
| 401 East Las Olas Boulevard, Suite 1650 | *Via CM/ECF* |
| Fort Lauderdale, Florida 33301 | |
| Phone: 954-522-3456 | Denise B. Crockett, Esq. |
| Fax:  954-527-8663 | Brian J. Stack, Esq. |
| *Counsel for Plaintiffs* | Stack Fernandez Anderson & Harris, P.A. |
| *Via CM/ECF* | 1200 Brickell Avenue, Suite 950 |
| | Miami, Florida 33131 |
| | Tel. 305.371.0001 |
| | Fax. 305.371.0002 |
| | Email:  dcrockett@stackfernandez.com |
| | Email: Bstack@stackfernandez.com |
| | *Via CM/ECF* |