## Shawn Birken

| | |
|---|---|
| **From:** | Shawn Birken |
| **Sent:** | Friday, June 15, 2007 4:55 PM |
| **To:** | 'Adam S. Kunz' |
| **Cc:** | Steve Lippman |
| **Subject:** | RE: Discovery responses |
| **Attachments:** | discovery exhibits.pdf |

Adam

We are in receipt of your clients' discovery responses. Let this act as our good faith attempt to resolve the issues we have with the defendants' responses.

As to the defendants' answers to Plaintiff's Second Set of Interrogatories, in interrogatory 1 you list Mary Jo Baker c/o Maria Crimi Speth. Based upon this response we assume that Ms. Speth will accept service of a subpoena for Ms. Baker (if not, provide Ms. Baker's address). We would like to take Ms. Baker's deposition on August 3 at 2:30 pm, please let us know if this is acceptable to you and Ms. Baker.

As to interrogatories 2, 3 and 4, you contend that these are "contention interrogatories" and refuse to provide any information whatsoever to support any of your clients' affirmative defenses which are the subject of these interrogatories. Contrary to your refusal to respond to these interrogatories you concede that this type of discovery is "not expressly prohibited." Further, the case you cite, In Re Asbestos School Litigation, 1988 WL 128537 (E.D. Pa. 1988), was expressly overruled by In re Asbestos School Litigation, 1989 WL 30674, 1 (E.D.Pa.,1989) ("In any event, plaintiffs must answer to the full extent of their present knowledge and seasonably amend the answers with supplemental answers if the initial answers prove to be incomplete. *Levit v. Filmways, Inc.,* No. 80-586 (D.Del. Feb. 3, 1984).") Bear in mind that these questions concern your clients' defenses which, pursuant to Rule 11, Fed.R.Civ.P., you must have a good faith basis to assert. Although additional information might come up through the course of this litigation which would require a supplement to interrogatory answers, your clients must have some information that would support their affirmative defenses at this time (failing which they need to be withdrawn). Please let me know if you will supplement the answers to interrogatories 2, 3 and 4 and, if so, when you will do so.

Neither the answers to Plaintiff's Second Set of Interrogatories nor Plaintiff's Third Set of Interrogatories are executed in accordance with Rule 33. Please let me know when you will provide such execution.

As to the Second Request for Production, your clients object to request numbers 2 through 7 contending that "WIN's requests contain no exhibits." I personally prepared this request including attaching the exhibits so I have personal knowledge that they were sent to you. Nonetheless, the referenced documents come directly from your clients' website and were included as composite exhibit "G" of the Complaint. Additionally, you waited the entire thirty (30) days to object to these requests without requesting the exhibits. Clearly this is just another dilatory attempt (previous efforts having caused us to file our client's Motion to Compel Tuesday, and then again today, because you refuse to deliver documents despite repeated promises to do so). As a courtesy, I have enclosed the exhibits. Please let me know if you will supplement this response within ten days.

7/1/2007



As to requests 8 through 11 and 16, like interrogatories 2, 3 and 4 of Plaintiff's Second Set of Interrogatories these pertain to your clients' defenses. If your clients don't know what they pertain to they do not have a basis to assert these defenses and they must be withdrawn. I would, however, point out to you that the defamation claim stems from the statements made on your client's own website. Please let me know if you will supplement this response within ten days.

Thank you for your cooperation.

Very truly yours,

Shawn



**Shawn L. Birken**
Partner

Las Olas City Centre, Suite 1650
401 East Las Olas Boulevard
Fort Lauderdale, Florida 33301
Direct: (954) 315-7213
Telephone: (954) 522-3456
Facsimile: (954) 527-8663
Email: sbirken@rra-law.com
www.rra-law.com

Rothstein Rosenfeldt Adler
A t t o r n e y s   a t   L a w

IRS Circular 230 Disclosure: Please note that the views expressed herein or in any attachments hereto are not intended to constitute a "reliance opinion" under applicable Treasury Regulations, and accordingly are not intended or written to be used, and may not be used or relied upon, for the purpose of (i) avoiding tax-related penalties that may be imposed by the Internal Revenue Service, or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.

NOTICE: THE INFORMATION CONTAINED IN THIS TRANSMISSION IS ATTORNEY PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPY OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE COLLECT AND DELETE THE MATERIAL FROM ANY COMPUTER. THANK YOU.

7/1/2007

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 2:04-cv-47-FtM-29 SPC

WHITNEY INFORMATION NETWORK, INC.,
a Colorado corporation,

      Plaintiffs,

v.

XCENTRIC VENTURES, LLC., an
Arizona limited liability company;
BADBUSINESSBUREAU.ORG, an
Arizona limited liability company; and
ED MAGEDSON, an individual,

      Defendants.

_____/

**DEFENDANTS' ANSWERS TO
PLAINTIFFS' SECOND (MAY 24) SET OF INTERROGATORIES TO DEFENDANT
XCENTRIC VENTURES, LLC**

    1.    Please identify the names, addresses and telephone numbers of each and every person associated with Defendants that has the title "editor" as testified to by Ben Smith at page 49 of his April 7, 2005 Deposition in <u>Federated Financial Services, Inc. v. XCENTRIC VENTURES, L.L.C., et al.</u>, (a copy of which is attached hereto as Exhibit "A"), and state each person's job duties and responsibilities as "editor".

**RESPONSE:**  For the purpose of this response, Defendants note that when Mr. Smith was talking about employees with the title "editor", he actually meant "content monitor". The only

EXHIBIT
"B"

JUN 1 1 2007

"editor" at Xcentric Ventures is Ed Magedson.  As for content monitors, Defendants incorporate their first response to Plaintiff's Third Set of Interrogatories to Defendants:

Amy Thompson
c/o Maria Crimi Speth

G. Young
c/o Maria Crimi Speth

Heather Norton
c/o Maria Crimi Speth

Kim Jordan
c/o Maria Crimi Speth

Jackie Wynne
c/o Maria Crimi Speth

Kim Smith
c/o Maria Crimi Speth

Lynda Craven
c/o Maria Crimi Speth

C.S. Bowen
c/o Maria Crimi Speth

Paulette Craven
c/o Maria Crimi Speth

Mary Jo Baker
c/o Maria Crimi Speth

As explained in Defendants' second response to Plaintiff's Third Set of Interrogatories, each of the persons listed above except Mary Jo Baker is a currently employed as a content monitor.  The job duty of the content monitors is to review new postings that are submitted to the website www.ripoffreport.com.  Content monitors remove the following information from new postings on ROR: personal financial information, credit card numbers, bank account numbers, social security numbers, obscenities, and threats of violence.   They are not permitted to change or add any content to: (1) any posting; (2) any title or heading of any posting; and/or (3) any other part of ROR.

2

Mary Jo Baker left the company to pursue another job. She was employed from Spring 2002 through February 2005.

2.    Please state all facts that support your Second Affirmative Defense, Unclean Hands, and include all actions or failure to act which you contend are part of this defense, identify all causes of action you claim are barred by this defense and state why the claim(s) is/are barred.

**RESPONSE:**    Objection. This request is an improper "contention interrogatory". While not expressly prohibited by the Federal Rules of Civil Procedure, courts generally recognize that, "contention interrogatories such as those propounded by the defendants here are generally not favored in the early stages of discovery." *In Re Asbestos School Litigation*, 1988 WL 128537 (E.D.Pa. 1988) (citing *In Re Convergent Technology Securities Litigation*, 108 F.R.D. 328 (N.D.Cal. 1985)) (overruled on other grounds by 1989 WL 30674). The practical reasons for this are simple:

> "At this point in the proceedings, forcing the plaintiffs to answer these interrogatories is not justified when balancing the burden imposed upon the plaintiffs in responding to these requests against the likelihood that useful information will be produced." Where the plaintiffs have not had discovery of defendants' documents and no depositions have been conducted, it is futile to compel them to answer interrogatories requiring a recitation of all facts and documents and the identity of all individuals with knowledge of the facts which support the allegations of the complaint. Defendants must know that plaintiffs cannot possibly identify at this juncture all the facts and documents that support or will support their claims. The defendants suggestion that plaintiffs answer based upon their current knowledge and supplement the responses as discovery proceeds is impracticable and points out the burdensome nature of its requests.

*Id.* (quoting *County of Suffolk v. Lilco*, No. 87CV0646 (E.D.N.Y. 6/13/88 (Slip Opinion)). These same issues are implicated here because: 1.) This case is still in the very early stages; 2.) no depositions have been taken; 3.) Defendants' investigation as to the facts underlying any/all defenses has not yet been completed; and 4.) discovery in this case has only recently begun.

3

In addition, WIN has never identified the specific false and defamatory statement(s) which form the basis for its defamation claim. Because Plaintiff has not identified the allegedly defamatory statement(s) at issue, Defendants are not able to identify facts which may establish any equitable defense(s) as to those statement(s).

3.    Please state all facts that support your Third Affirmative Defense, Truth, and identify each and every "true" statement you rely on in this defense and all facts that evidence the truth of each such statement.

**RESPONSE:** Objection. This request is an improper "contention interrogatory" (see above). Defendants further object to the request to the extent it asks Defendants to identify "true" statements. Defendants note that under Florida law, Plaintiff bears the burden of proof as to both the fact of publication of defamatory statement and the falsity of those statements. Unless and until such time as Plaintiff has met its burden of establishing these elements, Defendants are under no obligation to establish any affirmative defense(s).

4.    Please state all facts that support the contention that WIN "is a public figure".

**RESPONSE:** Objection. This request is an improper "contention interrogatory" (see above).

Subject to and without waiving the foregoing objection, Defendants incorporate their 12th response to WIN's Second Set of Requests for Production to Defendants.

5.    Please state all facts that support the contention that Russ Whitney "is a public figure".

**RESPONSE:** Objection. This request is an improper "contention interrogatory" (see above).

Subject to and without waiving the foregoing objection, Defendants incorporate their 13th response to WIN's Second Set of Requests for Production to Defendants.

**JABURG & WILK, P.C.**

Maria Crimi Speth, Esq.
Attorneys for Defendants, XCENTRIC
VENTURES, LLC., et al

5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the original of the foregoing has been furnished, by mail, this

___4___ day of June, 2007, to: Shawn L. Birken, Esq., ROTHSTEIN ROSENFELDT ADLER, Las

Olas City Center, 401 East Las Olas Blvd., Suite 1650, Fort Lauderdale, Florida 33301.

6

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

Case No. 2:04-cv-47-FtM-29 SPC

WHITNEY INFORMATION NETWORK, INC.,
a Colorado corporation,

      Plaintiffs,

v.

XCENTRIC VENTURES, LLC., an
Arizona limited liability company;
BADBUSINESSBUREAU.ORG, an
Arizona limited liability company; and
ED MAGEDSON, an individual,

      Defendants.

_____/

### DEFENDANTS' ANSWERS TO
### PLAINTIFFS' THIRD SET OF INTERROGATORIES TO DEFENDANT XCENTRIC
### VENTURES, LLC

    1.    Please identify the names, last known addresses, last known telephone numbers and social security numbers of each and every person that either worked for Defendants or provided services for Defendants from April, 2001 (one year prior to the first listing containing Plaintiff) up through the date of the answer to this Interrogatory. (Plaintiff will agree to entry of a protective order with regards to the information contained in this Interrogatory).

**RESPONSE:**

Defendants object on the grounds that the social security numbers are confidential and not



EXHIBIT "C"

JUN 1 1 2007

relevant. Subject to and without waiving the foregoing objection, each of the persons below can be contacted through undersigned counsel.

Amy Thompson
c/o Maria Crimi Speth

G. Young
c/o Maria Crimi Speth

Heather Norton
c/o Maria Crimi Speth

Kim Jordan
c/o Maria Crimi Speth

Jackie Wynne
c/o Maria Crimi Speth

Kim Smith
c/o Maria Crimi Speth

Lynda Craven
c/o Maria Crimi Speth

C.S. Bowen
c/o Maria Crimi Speth

Paulette Craven
c/o Maria Crimi Speth

Mary Jo Baker
c/o Maria Crimi Speth

2.    With regard to each person listed in Answer to Interrogatory 1, Third Set of Interrogatories, please list the employees' job title, description of what the employee did for Defendants, the dates of employment and the reason for separation with Defendants if applicable

2

10297-8/MCS/DSG/588250_v2

**RESPONSE:**

Each of the persons listed above except Mary Jo Baker is a currently employed as a content monitor. The job duty of the content monitors is to review new postings that are submitted to the website www.ripoffreport.com. Content monitors remove the following information from new postings on ROR: personal financial information, credit card numbers, bank account numbers, social security numbers, obscenities, and threats of violence. They are not permitted to change or add any content to: (1) any posting; (2) any title or heading of any posting; and/or (3) any other part of ROR.

Mary Jo Baker left the company to pursue another job. She was employed from Spring 2002 through February 2005.

JABURG & WILK, P.C.

Maria Crimi Speth, Esq.
Attorneys for Defendants, XCENTRIC
VENTURES, LLC., et al

10297-8/MCS/DSG/588250_v2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original of the foregoing has been furnished, by mail, this

__4__ day of June, 2007, to: Shawn L. Birken, Esq., ROTHSTEIN ROSENFELDT ADLER, Las

Olas City Center, 401 East Las Olas Blvd., Suite 1650, Fort Lauderdale, Florida 33301.

10297-8/MCS/DSG/588250_v2

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

### Case No. 2:04-cv-47-FtM-29 SPC

WHITNEY INFORMATION NETWORK, INC.,
a Colorado corporation,

      Plaintiff,

v.

XCENTRIC VENTURES, LLC., an
Arizona limited liability company;
BADBUSINESSBUREAU.ORG, an
Arizona limited liability company; and
ED MAGEDSON, an individual,

      Defendants.

_____/

## DEFENDANTS' RESPONSES TO PLAINTIFF'S SECOND
## REQUEST FOR PRODUCTION

Defendants,    XCENTRIC    VENTURES,    LLC    ("XCENTRIC"),

BADBUSINESSBUREAU.ORG ("BBB"), ED MAGEDSON ("MAGEDSON") (collectively

referred to as "DEFENDANTS") by and through counsel undersigned, hereby submits its

Responses to Plaintiff's Second Request for Production as follows.

## RESPONSES TO DOCUMENTS REQUESTED

    1.     Any and all documents relating to, referring to and/or memorializing any and all

advertisements sold by any of the DEFENDANTS pertaining to Russ Whitney, WHITNEY

INFORMATION NETWORK, INC and any of its agents, employees and/or attorneys.

EXHIBIT "D"

JUN 1 1 2007

**RESPONSE:** Defendants are unaware of any responsive documents.


2.      Any and all documents relating to, referring to and/or memorializing any and all donations given to any of the DEFENDANTS as solicited on the www.badbusinessbureau.com website.

**RESPONSE:** Objection.  This request seeks documents that are not relevant nor likely to lead to any information relevant to any issue in this case.


3.      Any and all documents relating to, referring to and/or memorializing the February 21, 2002 submitted, September 10, 2003 modified, complaint listed under the "False TV Advertisements" category, listed on the website www.badbusinessbureau.com a copy of which is attached hereto as Exhibit "A".

**RESPONSE:** Objection; WIN's requests contain no exhibits.


4.      Any and all documents relating to, referring to and/or memorializing the April 18, 2003 submitted, April 18, 2003 modified, complaint from John – St. Louis, Missouri, listed on the website www.badbusinessbureau.com a copy of which is attached hereto as Exhibit "B".

**RESPONSE:** Objection; WIN's requests contain no exhibits.

10297-8/MCS/DAG/588227_v1

5.     Any and all documents relating to, referring to and/or memorializing the July 22, 2003 submitted, July 22, 2003 modified, complaint from Carol – Missoula, Montana, listed on the website www.badbusinessbureau.com a copy of which is attached hereto as Exhibit "C".

**RESPONSE:**  Objection; WIN's requests contain no exhibits.

6.     Any and all documents relating to, referring to and/or memorializing the September 1, 2003 submitted, September 1, 2003 modified, complaint from David – Cape Coral, Florida, listed on the website www.badbusinessbureau.com a copy of which is attached hereto as Exhibit "D".

**RESPONSE:**  Objection; WIN's requests contain no exhibits.

7.     Any and all documents relating to, referring to and/or memorializing the September 10, 2003 submitted, September 10, 2003 modified, complaint from Sharon – Newport News, Virginia, listed on the website www.badbusinessbureau.com a copy of which is attached hereto as Exhibit "E".

**RESPONSE:**  Objection; WIN's requests contain no exhibits.

8.     Any and all documents relating to, referring to and/or memorializing any action or failure to act which constitutes all or part of the affirmative defense of unclean hands.

**RESPONSE:**  Objection.  Plaintiff has never identified the specific false and defamatory statement(s) which form the basis for its defamation claim.  Because Plaintiff has not

3

identified the allegedly defamatory statement(s) at issue, Defendants are not able to identify materials which may establish WIN's unclean hands as to those statement(s).

9.    Any and all documents related to, referring to and/or memorializing the truth of any statement in support of the third affirmative defense.

**RESPONSE:** Objection. Plaintiff has never identified the specific false and defamatory statement(s) which form the basis for its defamation claim. Because Plaintiff has not identified the allegedly defamatory statement(s) at issue, Defendants are not able to identify materials which may establish the truth of those statement(s).

10.    Any and all documents relating to, referring to and/or memorializing any action or failure to act which constitutes all or part of the affirmative defense of the doctrine of incremental harm.

**RESPONSE:** Objection. Plaintiff has never identified the specific false and defamatory statement(s) which form the basis for its defamation claim. Because Plaintiff has not identified the allegedly defamatory statement(s) at issue, Defendants are not able to identify materials which may establish the substantial truth of those statement(s).

4

11.    Any and all documents relating to, referring to and/or memorializing any action or failure to act which constitutes all or part of the affirmative defense of the Communications Decency Act Immunity.

**RESPONSE:** Objection. Plaintiff has never identified the specific false and defamatory statement(s) which form the basis for its defamation claim. Because Plaintiff has not identified the allegedly defamatory statement(s) at issue, Defendants are not able to identify materials which may establish their defense under the Communications Decency Act; i.e., identity of the author(s) of those statement(s).

12.    Any and all documents relating to, referring to and/or memorializing WIN being a public figure.

**RESPONSE:** Objection. Plaintiff has never identified the specific false and defamatory statement(s) which form the basis for its defamation claim. Because Plaintiff has not identified the allegedly defamatory statement(s) at issue, Defendants are not able to identify materials which may establish WIN's public figure/private figure status as it relates to any of those specific statements.

Objection; this request calls for a legal conclusion. Subject to and without waiving the foregoing objection, WIN's websites (including but not limited to: http://www.whitneyinformationnetwork.com/; http://www.russwhitney.com/) establish that WIN is a general-purpose public figure under Florida law. *See e.g., Mile Marker, Inc. v. Petersen Publishing, L.L.C.*, 811 So.2d 841 (Fl.App. 4th Dist. 2002) (setting forth standards for corporate

5

defamation plaintiff).    In addition, ¶ 21 of WIN's First Amended Complaint ("FAC") alleges that "[WIN] spends millions of dollars each year on infomercials and other advertising to promote its products and services."  Assuming this allegation is true, it strongly weighs in favor of finding that WIN is a public figure.  *See Mile Marker*, 811 So.2d at 846 ("Additionally, the level of media access enjoyed by a particular claimant should be considered as part of the public figure calculus.") (citing *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 344, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974)).

      13.    Any and all documents relating to, referring to and/or memorializing Russ Whitney being a public figure.

      **RESPONSE:**   Objection.  Russ Whitney is not a party to this action.  As such, statements of and/or concerning Mr. Whitney are not relevant to this action because WIN cannot recover for defamation which relates to its officers/agents:

> Under the general rule, however, <u>mere statements defamatory of [a corporation's] officers or agents do not defame the corporation.</u>  For example, it has been held <u>not libelous</u> of a *newspaper* to depict its *editor* as degenerate and immoral, <u>not defamatory</u> of a *corporation* to state that an *officer-shareholder* was a "bad man and dangerous character" suspected of arson, <u>not defamatory</u> of an *employment agency* to portray its *employees* as "fakirs, robbers, thieves, and business pirates … devoted to fraudulent practices," and <u>not defamatory</u> of a *company* to state that its *president* was "an evil man … fired from his job."

David A. Elder, *Defamation: A Lawyer's Guide* § 1:1[A][2] at 10–11 (emphasis added) (citing *Adirondack Record v. Lawrence*, 202 App.Div. 251, 195 N.Y.S. 627, 629–30 (1922); *Brayton v. Cleveland Special Police Co.*, 63 Ohio St. 83, 57 N.E. 1085, 1086 (1900); *Hapgoods v.*

6

*Crawford*, 125 App.Div. 856, 110 N.Y.S. 122, 123 (1908); *Afftrex, Ltd. v. General Electric Co.*, 161 App.Div.2d 855, 555 N.Y.S.2d 903, 905 (1990); Restatement (Second) of Torts § 561, comment b (1977)).

Subject to and without waiving the foregoing objection, Mr. Whitney's website establishes his standing as a public figure. *See http://www.russwhitney.com/about_russ.aspx*

14.    Any and all documents relating to, referring to and/or memorializing the contention in the fourth affirmative defense that "Defendants lacked actual malice sufficient to support any defamation based claims."

**RESPONSE**: Defendants are unaware of any responsive documents.

15.    Any and all documents relating to, referring to and/or memorializing the contention in the fourth affirmative defense that "Defendants lacked negligence sufficient to support any defamation based claims."

**RESPONSE**: Defendants are unaware of any responsive documents.

16.    Any and all documents relating to, referring to and/or memorializing the contention in the sixth affirmative defense that "the content of the statements which form the basis for such claims was provided by third parties."

10297-8/MCS/DAG/588227_v1

**RESPONSE:** Objection.  Plaintiff has never identified the specific false and defamatory statement(s) which form the basis for its defamation claim.  Because Plaintiff has not identified the allegedly defamatory statement(s) at issue, Defendants are not able to identify materials which may establish the identity of the author(s) of those statement(s).

Dated: June ____, 2007.

                              **JABURG & WILK, P.C.**

                              _____
                              Maria Crimi Speth
                              Adam S. Kunz
                              3200 N. Central, Suite 2000
                              Phoenix, Arizona 85012
                              (602) 248-1000

10297-8/MCS/DAG/588227_v1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original of the foregoing has been furnished, by mail, this 4 day of June, 2007, to: Shawn L. Birken, Esq., ROTHSTEIN ROSENFELDT ADLER, Las Olas City Center, 401 East Las Olas Blvd., Suite 1650, Fort Lauderdale, Florida 33301.

9