UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 2:04-cv-47-FtM-34SPC

WHITNEY INFORMATION
NETWORK, INC., a Colorado corporation,

    Plaintiff,

v.

XCENTRIC VENTURES, LLC., an
Arizona limited liability company;
BADBUSINESSBUREAU.ORG, an
Arizona limited liability company; and
ED MAGEDSON, an individual,

    Defendants.
_____/

**PLAINTIFF'S RENEWED AMENDED MOTION TO COMPEL DOCUMENTS RESPONSIVE TO FIRST REQUEST FOR PRODUCTION, ADDITIONAL SUPPLEMENT TO MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Whitney Information Network, Inc. ("WIN"), by and through its undersigned attorneys, moves this Court to enter an order compelling the production of documents responsive to WIN's first request for production and extending the time to respond to the Defendants' Motion for Summary Judgment, Docket entry # 115 (the "Summary Judgment Motion"), and states as follows:

**Failure to Provide Documents Responsive to First Request for Production**

On March 30, 2007, WIN propounded its First Request for Production. WIN asked the defendants to produce, among other things:

    3.    Any and all documents evidencing threats, harassments, and/or intimidation by Plaintiffs, RUSS WHITNEY, WHITNEY INFORMATION

    NETWORK, INC, its agents, employees, and/or attorneys against and/or towards DEFENDANTS, XCENTRIC, BBB, and/or MAGEDSON.

    26.    All documents in the possession of DEFENDANTS or any agent of DEFENDANTS that contain information relating to Plaintiffs.

    28.    All documents in the possession of DEFENDANTS of any agent of DEFENDANTS relating to the editing, publishing, review and/or alteration of consumers' complaints.

    38.    Any and all documents relating to lawsuits, other than the present one, concerning causes of action regarding extortion, Lanham Act claims, defamation, or claims similar to those brought in this lawsuit.

Defendants responded:

    3.    Objection, this request seeks documents that are not relevant. Notwithstanding the objection, responsive documents are available at the offices of Jaburg & Wilk and are equally available to Plaintiffs.

    26.    Objection, this response calls for documents protected by the attorney-client privilege and by work product. Defendants will produce any responsive, non-privileged documents for inspection and copying at the offices of Jaburg & Wilk.

    28.    Any responsive documents will be made available for inspection and copying at the offices of Jaburg & Wilk.

    38.    All responsive documents that are not privileged will be made available for inspection and copying at the offices of Jaburg & Wilk.

Responses to Plaintiffs' First Request for Production to Defendants, a copy of which is attached hereto as Exhibit A.

In order to obtain the documents which defendants indicated were available, WIN's counsel told defendants' counsel "all documents that you have, please copy and mail (or email) all responsive documents in your possession. If there are copy costs you may provide the invoice with the documents" May 8, 2007, email from Shawn L. Birken, Esq. to Adam S. Kunz, Esq., a copy of which is attached hereto as Exhibit B. Having received no response WIN's counsel

CASE NO. 2:04-cv-47-FtM-34SPC

followed up, telling defendants' counsel "I have not heard from you with regards to the production of documents. Please send the documents that you have that are responsive to the Request for Production." May 17, 2007, email from Shawn L. Birken, Esq. to Adam S. Kunz, Esq., a copy of which is attached hereto as Exhibit C. Subsequently, the parties' counsel discussed and defendants' counsel agreed to deliver the responsive documents to WIN's counsel but asked for and was afforded additional time to complete this task. After the time sought had passed but the responsive documents were still not delivered, WIN's counsel again followed up with defendants' counsel, May 30 & 31, 2007, emails from Shawn L. Birken, Esq. to Adam S. Kunz, Esq., a copy of each of which is collectively attached hereto as Exhibit D. Defendants did not even bother to respond.

Due to defendants' failure to provide responsive documents, WIN filed its Amended Motion to Compel Responsive Documents to First Request for Production (Docket entry # 114). On July 3, 2007, this Court denied WIN's Amended Motion to Compel due to WIN's failure to comply explicitly with Local Rule 3.04, M.D.Fla. Order (Docket entry # 123). WIN files this motion to, among other things, correct this technical deficiency.

While this Court denied WIN's Amended Motion to Compel, the defendants' response thereto is illustrative. Defendants' Response to Plaintiff's Amended Motion to Compel Responsive Documents to First Request for Production, Docket entry # 122 ("Defendants' Response"). Defendants do not contest that they failed to deliver the responsive documents to WIN's counsel. Defendants acknowledge that at least 40 boxes of materials have not been provided to WIN. Defendants' Response at p. 1. Instead, 2 months after WIN asked defendants to copy the responsive documents at WIN's expense, defendants seek to excuse their

ROTHSTEIN ROSENFELDT ADLER
401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301

CASE NO. 2:04-cv-47-FtM-34SPC

noncompliance by asserting that the document responsive to request number 3 "is equally available to Plaintiff", Defendants' Response at pp. 2-3; some of the documents responsive to request number 26 were attached to the Separate Statement of Facts in Support of Defendants' Motion for Summary Judgment, others "are accessible online" and yet others purportedly "are collected and will be mailed to Plaintiff's counsel on July 3, 2007", Defendants' Response at pp. 3-4; the "most relevant documents" responsive to request number 28 "are the declarations attached to the Separate Statement of Facts" (how defendants determined what are the "most relevant documents" WIN does not know), other documents are located somewhere on defendants' webpage and, for the first time, raised a relevance objection to certain other responsive documents, Defendants' Response at pp. 4-5. As to the documents responsive to request number 38, defendants concede that they have not delivered them bit invite WIN to come to Arizona to view them. Defendants' Response at p. 5. This Court should not condone the game defendants are obviously playing, and should compelling defendants to deliver to WIN's counsel all documents responsive to requests 3, 26, 28 and 38 by July 23, 2007 (which will afford WIN's counsel an opportunity to review and digest these materials in advance of the depositions scheduled, by agreement of the parties, on August 1-3, 2007).

**Supplement to Motion to Extend Time to Respond to the Summary Judgment Motion**

A court may refuse to consider or delay consideration of a summary judgment motion in order to allow discovery to be completed. Rule 56(f), Fed. R.Civ. P. "The purpose of Rule 56(f) is to provide non-movants with a much needed tool to keep open the doors of discovery in order to adequately combat a summary judgment motion." Wichita Falls Office Associates v. Banc One Corp., 978 F.2d 915, 919 (5th Cir. 1993). "Such 'continuance of a motion for summary

CASE NO. 2:04-cv-47-FtM-34SPC

judgment for purposes of discovery should be granted almost as a matter of course' unless 'the non-moving party has not diligently pursued discovery of the evidence.'" Id. at 919 n. 4; International Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1267 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992). It is patently inappropriate for a party to refuse to deliver relevant discovery, use that discovery in a summary judgment motion, and expect its opponent to respond to the summary judgment motion without the benefit of the requested discovery. Based on the foregoing and as more fully discussed in WIN's pending motion to extend time pursuant to Rule 56(f) to respond to Defendants' Motion for Summary Judgment (Docket entry # 119) and WIN's Motion to Compel Sworn Answers to Second and Third Sets of Interrogatories, etc (Docket entry # 124), this Court should refuse to consider the Summary Judgment Motion or continue the time for WIN to respond to the Summary Judgment Motion until the outstanding and previously scheduled discovery is completed.[1]

**Request For Costs In Obtaining Production Pursuant to Rules 37(a)(3) and (4)**

Federal Rule of Civil Procedure 37(a)(3) provides that "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Rule 37(a)(4) directs that a court shall award the party moving to compel responses to discovery requests reasonable expenses, including attorneys' fees, if either the motion to compel is granted or the non-movant provides responses or discovery after the motion was filed. Rule 37(a)(4) provides, in pertinent part:

---

[1] WIN suggest that an appropriate extension would be until August 30, 2007, assuming that WIN receives the discovery at issue in this Motion by July 25, 2007, and the depositions currently set for August 1-3, 2007, take place as scheduled and without any inappropriate objections or refusal to testify (thereby affording a reasonable time to obtain and review the transcripts thereof and prepare a response to the Summary Judgment Motion).

ROTHSTEIN ROSENFELDT ADLER
401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301

CASE NO. 2:04-cv-47-FtM-34SPC

> (A)  If the motion [to compel] is granted or if the disclosure or requested discovery is provided after the motion is filed, the court shall, after affording an opportunity to be heard, require the party ... whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees ...

Defendants have not provided complete and adequate responses to WIN's discovery requests and have ignored WIN's good faith efforts to resolve the issues raised by this Motion without involving this Court. This Court, pursuant to Rule 37(a)(4), is therefore required to order defendants to pay to WIN the expenses it incurred, including reasonable attorneys' fees, in obtaining an order compelling discovery. <u>Coane v. Ferrara Pan Candy Co.</u>, 898 F.2d. 1030 (5th Cir. 1990)(award of attorney's fees as sanction for failure to answer interrogatories and produce documents upheld); <u>Merritt v. International Brotherhood of Boilermakers</u>, 649 F.2d 1013, 1019 (5th Cir. 1981)(award of expenses is mandatory against a party whose conduct necessitated a motion to compel discovery when the opposition to the motion was unjustified and refusing to find that willfulness, bad faith or fault on the part of the non-complying party was a prerequisite to recovery); <u>Rhein Medical Inc. v. Koehler</u>, 889 F. Supp. 1511 (M.D. Fla. 1995)(failure to provide requested audio tapes warranted imposition of costs as sanction, even though tape was provided after motion to compel was filed); <u>Cal Drive Int'l, Inc. v. M/V Tzimin</u>, 127 F.R.D. 213 (S.D. Ala. 1989)(affirming award of attorneys' fees and expenses to party obtaining order compelling discovery).

WHEREFORE, Whitney Information Network, Inc. respectfully requests that this Court enter an order (i) compelling Xcentric Ventures, LLC, badbusinessbureau.org and Ed Magedson to deliver to Whitney Information Network, Inc.'s counsel all documents responsive to requests 3, 26, 28 and 38 of Whitney Information Network, Inc.'s First Request for Production of Documents to

6

CASE NO. 2:04-cv-47-FtM-34SPC

Defendants; (ii) refusing to consider Defendants' Motion for Summary Judgment or extending the time for Whitney Information Network, Inc. to respond to Defendants' Motion for Summary Judgment until August 30, 2007; (iii) awarding Whitney Information Network, Inc. its reasonable fees and costs incurred in briefing this motion; and (iv) granting all other relief this Court deems just and appropriate.

Dated this 6 day of July, 2007.

        Respectfully submitted,

        ROTHSTEIN ROSENFELDT ADLER
        401 East Las Olas Boulevard, Suite 1650
        Fort Lauderdale, Florida 33301
        Tele: 954/522-3456
        Fax: 954/527-8663

        By: /s/ Shawn L. Birken
           Scott W. Rothstein
           Fla. Bar No. 765880
           srothstein@rra-law.com
           Steven N. Lippman
           Fla. Bar No. 709638
           slippman@rra-law.com
           Shawn L. Birken
           Fla. Bar No. 418765
           sbirken@rra-law.com

CASE NO. 2:04-cv-47-FtM-34SPC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6 day of July, 2007, I electronically filed the forgoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day upon all counsel of record identified on the Court delineated Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                    By: /s/ Shawn L. Birken
                        Shawn L. Birken

H:\swrdocs\03-8471\Discovery\MOTION to compel renewed rtp.doc

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

Case No.  2:04-cv-47-FtM-34- SPC

WHITNEY INFORMATION
NETWORK, INC., a Colorado corporation,

    Plaintiff,

v.

XCENTRIC VENTURES, LLC., an
Arizona limited liability company;
BADBUSINESSBUREAU.ORG, an
Arizona limited liability company; and
ED MAGEDSON, an individual,

    Defendants.

_____/

## SERVICE LIST

Steven N. Lippman, Esq.
slippman@rra-law.com
Scott W. Rothstein, Esq.
srothstein@rra-law.com
Shawn L. Birken, Esq.
sbirken@rra-law.com
ROTHSTEIN ROSENFELDT ADLER
401 East Las Olas Boulevard, Suite 1650
Fort Lauderdale, Florida 33301
Phone: 954-522-3456
Fax:  954-527-8663
*Counsel for Plaintiffs*
*Via CM/ECF*

Maria Crimi Speth, Esq.
Jaburg & Wilk, PC
3200 North Central Avenue, Suite 2000
Phoenix, AZ 85012
Tele.:  602/248-1089
Fax:     602/248-0522
mcs@jaburgwilk.com
*Via CM/ECF*

Denise B. Crockett, Esq.
Brian J. Stack, Esq.
Stack Fernandez Anderson & Harris, P.A.
1200 Brickell Avenue, Suite 950
Miami, Florida 33131
Tel. 305.371.0001
Fax. 305.371.0002
Email:  dcrockett@stackfernandez.com
Email: Bstack@stackfernandez.com
*Via CM/ECF*

9