Maria Crimi Speth, #012574
**JABURG & WILK, P.C.**
3200 North Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

### FORT MEYERS DIVISION

| | |
|---|---|
| WHITNEY INFORMATION NETWORK, INC.; a Colorado corporation,<br><br>        Plaintiffs,<br><br>v.<br><br>XCENTRIC VENTURES, LLC, an Arizona limited liability company; BADBUSINESSBUREAU.ORG, an Arizona limited liability company; and ED MAGEDSON, an individual,<br><br>        Defendants. | Case No:  2:04-cv-47-FtM-34SPC<br><br>**RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO DEFENDANTS** |

Defendants, through undersigned counsel, hereby respond to Plaintiffs' First Request for Production to Defendants as follows:

## DOCUMENTS REQUESTED

1.      Any and all written and/or recorded statements taken from DEFENDANTS, DEFENDANTS' agents or employees in this cause, relating to this action or its subject matter or a stenographic, mechanical, electrical, or other recording or transcription of a statement that is a substantial verbatim recital of an oral statement.



RECEIVED
MAY 07 2007
BY:_____



EXHIBIT
A

10297-8/MCS/DAG/583482_v1

Dockets.Justia.com

**RESPONSE:**        Objection, the request is ambiguous.  Notwithstanding the objection, Defendants have never knowingly provided a recorded statement to anyone in connection with this case.

   2.    Any and all documents you intend to use at the trial of this action.

      **RESPONSE:**        Defendants have not yet determined what documents they will use at trial.  See disclosure statement for a listing of the documents designated thus far.

   3.    Any and all documents evidencing threats, harassments, and/or intimidation by Plaintiffs, RUSS WHITNEY, WHITNEY INFORMATION NETWORK, INC., its agents, employees, and/or attorneys against and/or towards DEFENDANTS, XCENTRIC, BBB, and/or MAGEDSON.

      **RESPONSE:**        Objection, this request seeks documents that are not relevant.  Notwithstanding the objection, responsive documents are available at the offices of Jaburg & Wilk and are equally available to Plaintiffs.

   4.    Any and all documents regarding the editing, revision, re-writing, or modification of the article entitled, "Russ Whitney – Scam Alert – Whitney Education Group Cape Coral Florida *Consumer Suggestion…Stop the Russ Whitney Rip Off" submitted on February 21, 2002 and Modified on September 10, 2003.

      **RESPONSE:**        Defendants are not in possession of any responsive documents.

   5.    Any and all documents regarding the editing, revision, re-writing, or modification of the rebuttal article entitled, "Stop the Russ Whitney Rip Off" submitted on April 18, 2003 at 6:28:06 A.M. and modified on April 18, 2003 at 11:49:18 P.M.

10297-8/MCS/DAG/583482_v1

**RESPONSE:**        Defendants are not in possession of any responsive documents.

6.    Any and all documents regarding the editing, revision, re-writing or modification of the rebuttal article entitled "In Today's Society, you must be careful in any dealings with ANY person or persons claiming to have 'the answer' to your financial woes." Submitted on June 26, 2003 at 6:38:39 A.M. and modified on June 26, 2003 at 10:09:16 P.M.

**RESPONSE:**        Defendants are not in possession of any responsive documents.

7.    Any and all documents regarding the editing, revision, re-writing, or modification of the rebuttal article "This is not a get rich quick scheme!!" submitted on July 22, 2003 on 1:03:49 P.M. and modified on July 22, 2003 at 11:42:51 P.M.

**RESPONSE:**        Defendants are not in possession of any responsive documents.

8.    Any and all documents regarding the editing, revision, re-writing, or modification of the rebuttal article "Whitney supporters or employees" submitted on August 1, 2003 at 12:53:23 P.M. and modified on September 1, 2003 at 10:07:52 P.M.

**RESPONSE:**        Defendants are not in possession of any responsive documents.

9.    Any and all documents regarding the editing, revision, re-writing, or modification of the rebuttal article entitled "A shun of a Hun" submitted September 10, 2003 A.M. and modified on September 10, 2003 at 10:58:22 P.M.

3

**RESPONSE:**       Defendants are not in possession of any responsive documents.

10.    Any and all documents regarding the editing, revision, re-writing, or modification of the rebuttal article entitled "Russ Whitney of Whitney Education Group, Inc. High pressures sales tactics.  Seminars "we pay for" are actually infomercials.  Keep you on the phone until you upgrade your package.  Cape Coral Florida *Consumer Suggestion..Russ Whitney is Being Sued" submitted on June 14, 2003 at 3:20:40 A.M. and modified on August 31, 2003 at 9:55:15 P.M.  Author was from Renton, Washington.

**RESPONSE:**       Defendants are not in possession of any responsive documents.

11.    Any and all documents regarding the editing, revision re-writing, or modification of the rebuttal article entitled "Russ Whitney is Being Sued" submitted on June 14, 2003 at 11:40:09 A.M. and modified on June 14, 2003 at 10:11:55 P.M.

**RESPONSE:**       Defendants are not in possession of any responsive documents.

12.    Any and all documents regarding the editing, revision, re-writing, or modification of the rebuttal article entitled "Also Ripped of & sucked in by the fast talking Russ Whitney" submitted on August 31, 2003 3:36:26 P.M. and modified on August 31, 2003 at 9:55:15 P.M.

**RESPONSE:**       Defendants are not in possession of any responsive documents.

4

13.     Any and all documents regarding the editing, revision, re-writing, or modification of the article entitled "Whitney Education Group, Inc. Deceptive company leads you to believe that you can make money in realestate easily.  Cape Coral Florida" submitted on April 8, 2003 at 9:50:47 A.M. and modified on April 8, 2003 at 9:50:47 A.M.

**RESPONSE:**        Defendants are not in possession of any responsive documents.

14.     Any and all documents regarding the editing, revision, re-writing, or modification of the article entitled "Russ Whitney Lied about the 3 day seminar ripoff Cape Coral Florida: submitted and modified on September 24, 2003 at 10:34:14 P.M. Author was located in Scottsdale, Arizona.

**RESPONSE:**        Defendants are not in possession of any responsive documents.

15.     Any and all documents regarding the editing, revision, re-writing, or modification of the article entitled "Russ Whitney ripoff Cape Coral Florida" submitted and modified on September 17, 2003 at 3:37:06 A.M.  Author was located in Phoenix, Arizona.

**RESPONSE:**        Defendants are not in possession of any responsive documents.

16.     Any and all documents regarding the editing, revision, re-writing, or modification of the article entitled "Teach Me To Trade, Russ Whitney, WIN, Teach Me to Trade Russ Whitney, Wealth Information Network deceptive company, slims balls –

watch out for these guys Florida Nationwide * Consumer Comment .. Teach Me To Trade Seminar" submitted on June 5, 2003 at 2:35:09 P.M. and modified on August 14, 2003 at 12:14:18 A.M. Author was located in San Diego, CA.

**RESPONSE:**      Defendants are not in possession of any responsive documents.

17.    Any and all documents regarding the editing, revision, re-writing, or modification of the rebuttal article entitled "Teach Me To Trade Seminar" submitted on August 13, 2003 at 7:09:36 P.M. and modified on August 14, 2003 A.M.

**RESPONSE:**      Defendants are not in possession of any responsive documents.

18.    Any and all documents regarding the editing, revision, re-writing, or modification of the article entitled "Russ Whitney ripoff, dishonest, fraudulent, no service.  Ripped off and scammed screwed others too ripped off and scammed Cape Coral Florida *UPDATE ..russ whitney the scam continues." Submitted on April 15, 2003 at 1:02:20 P.M. and modified on May 21, 2003 at 10:46:39 P.M.  Author was located in Medicine Hat, Alberata.

RESPONSE:      Defendants are not in possession of any responsive documents.

19.    Any and all documents regarding the editing, revision, re-writing, or modification of the rebuttal article entitled "Russ Whitney the scam continues" submitted May 21, 2003 at 2:34:50 A.M. and modified on May 21, 2003 at 10:46:39 P.M.

**RESPONSE:**      Defendants are not in possession of any responsive documents.

6

10297-8/MCS/DAG/583482_v1

20.    Any and all documents regarding the editing, revision, re-writing, or modification of the article entitled "Russ Whitney Deceptive Business practices Cape Coral Florida" submitted and modified on January 21, 2003 at 11:35:54 P.M.  Author located in Evergreen, CO.

**RESPONSE:**      Defendants are not in possession of any responsive documents.

21.    Any and all documents regarding the editing, revision, re-writing, or modification of the article "LeaseComm, Russ Whitney, Inc., EquityCorp, CreditCards, Com.E-Commerce, MPAP Program, Bait & Switch Operation, Unfair, Unethical Business Practices, Corrupt, Greatest Rip-Off Scheme Ever, Unbelievable They They are Abel to Continue This Deception, Western Regional Office: Newark California" submitted and modified on October 16, 2002 at 12:26:48 P.M.  Author was located in Merced, CA.

**RESPONSE:**      Defendants are not in possession of any responsive documents.

22.    Any and all documents regarding the editing, revision, re-writing, or modification of the article entitled "E Commerce Exchange, Russ Whitney Inc., Dot-Com Solutions/Independent Marketing, Inc. Leasecomm, E Com high pressure rip offs: deceptive information; illegal judgment Wobern, Ma,; Irvine, Ca,; Cape Coral, Fl; Sandy, Ut; Draper, Ut." Submitted and modified on April 22, 2002.  Author was located in Manhattan Beach, CA.

7

**RESPONSE:**        Defendants are not in possession of any responsive documents.

23.    Any and all documents evidencing transactions in Florida including, but not limited to, solicited donations, sales of DEFENDANTS' "Do-It-Yourself Guide: How to Get Rip-Off Revenge" on their site, and the number of Florida residents that have posted complaints or responded to posts regarding Plaintiffs, RUSS WHITNEY and WHITNEY INFORMATION NETWORK, INC.

**RESPONSE:**        Defendants are not in possession of any responsive documents.

24.    All documents evidencing the number of hits DEFENDANTS received on their website as a result of the use of the trademarks, Russ Whitney and/or Whitney.

**RESPONSE:**        Defendants are not in possession of any responsive documents.  To Defendants' knowledge no hits have been received as a result of Whitney's trademarks.

25.    All correspondence between Plaintiffs and DEFENDANTS up through the date of the response to Plaintiffs' First Request for Production.

**RESPONSE:**        None.  Defendants are not currently in possession of any responsive documents.

26.    All documents in the possession of DEFENDANTS or any agent of DEFENDANTS that contain information relating to Plaintiffs.

**RESPONSE:**        Objection; this response calls for documents protected by the attorney-client privilege and by work product.  Defendants will produce any

8

responsive, non-privileged documents for inspection and copying at the offices of Jaburg & Wilk.

27.    A list of your customer names and contact information that have submitted complaints relating to Plaintiffs.

**RESPONSE:**    Objection.    The information requested is confidential. The requested information is protected by the privacy policy adhered to by Rip-Off Report and posted on the Rip-off Report website.

In addition, it would violate the First Amendment Rights of the authors of the postings to disclose their names without a showing that their statements are false and defamatory. The Supreme Court of the United States has unequivocally held that the right to remain anonymous is protected by the First Amendment. "Anonymous pamphlets, leaflets, brochures and even books have played an important role in the progress of mankind. Persecuted groups and sects from time to time throughout history have been able to criticize oppressive practices and laws either anonymously or not at all." *Talley v. California*, 362 U.S. 60, *64, 80 S.Ct. 536, **538 (U.S. 1960). "We have recently had occasion to hold in two cases that there are times and circumstances when States may not compel members of groups engaged in the dissemination of ideas to be publicly identified. (citations omitted).    The reason for those holdings was that identification and fear of reprisal might deter perfectly peaceful discussions of public matters of importance. *Id.*, 362 U.S. 60, *65, 80 S.Ct. 536, **539 (U.S. 1960)

> Under our Constitution, anonymous pamphleteering is not a pernicious, fraudulent practice, but an honorable tradition of advocacy and of dissent. Anonymity is a shield from the tyranny of the majority. (citations omitted). It thus exemplifies the purpose behind the Bill of Rights, and of the First Amendment in particular: to protect unpopular individuals from retaliation-and their ideas from suppression-at the hand of an intolerant society. The right to remain anonymous may be abused when it shields fraudulent conduct. But political speech by its nature will

10297-8/MCS/DAG/583482_v1

sometimes have unpalatable consequences, and, in general, our society accords greater weight to the value of free speech than to the dangers of its misuse

*McIntyre v. Ohio Elections Com'n* 514 U.S. 334, *357, 115 S.Ct. 1511, **1524 (U.S.Ohio,1995)

The New Jersey Superior Court, recognizing the First Amendment protection of anonymity, provided an excellent discussion and procedure for this situation:

> We offer the following guidelines to trial courts when faced with an application by a plaintiff for expedited discovery seeking an order compelling an ISP to honor a subpoena and disclose the identity of anonymous Internet posters who are sued for allegedly violating the rights of individuals, corporations or businesses. The trial court must consider and decide those applications by striking a balance between the well-established First Amendment right to speak anonymously, and the right of the plaintiff to protect its proprietary interests and reputation through the assertion of recognizable claims based on the actionable conduct of the anonymous, fictitiously-named defendants.

> We hold that when such an application is made, the trial court should first require the plaintiff to undertake efforts to notify the anonymous posters that they are the subject of a subpoena or application for an order of disclosure, and withhold action to afford the fictitiously-named defendants a reasonable opportunity to file and serve opposition to the application. These notification efforts should include posting a message of notification of the identity discovery request to the anonymous user on the ISP's pertinent message board.

> The court shall also require the plaintiff to identify and set forth the exact statements purportedly made by each anonymous poster that plaintiff alleges constitutes actionable speech.

> The complaint and all information provided to the court should be carefully reviewed to determine whether plaintiff has set forth a prima facie cause of action against the fictitiously-named anonymous defendants. In addition to establishing that its action can withstand a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to R. 4:6-2(f), the plaintiff must produce sufficient evidence supporting each element

10

of its cause of action, on a prima facie basis, prior to a court ordering the disclosure of the identity of the unnamed defendant.

Finally, assuming the court concludes that the plaintiff has presented a prima facie cause of action, the court must balance the defendant's First Amendment right of anonymous free speech against the strength of the prima facie case presented and the necessity for the disclosure of the anonymous defendant's identity to allow the plaintiff to properly proceed.

*Dendrite Intern., Inc. v. Doe No. 3,* 342 N.J.Super. 134, *141-142, 775 A.2d 756,**760 - 761 (N.J.Super.A.D.,2001)

The requested information is also protected by A.R.S. § 12-2237 and A.R.S. § 12-2214. *See also, Bartlett v. Superior Court,* 722 P.2d 346 (App. 1986).

Notwithstanding the objection, Defendants will make available for inspection and copying, a spread sheet that contains partial names, partial addresses and partial IP addresses which is sufficient information to determine that Defendants are not the authors of the postings.

In addition, whatever identity the author publicly provided is available on the Rip-off Report website. Xcentric has access to the name provided by the authors to Xcentric, which may or may not be a real name. Xcentric has the email address of the person who posted the reports. Xcentric has access to the IP addresses from which those postings came.    In some cases, the author provided a telephone number, which may or may not be accurate.

28.    All documents in the possession of DEFENDANTS of any agent of DEFENDANTS relating to the editing, publishing, review and/or alteration of consumers' complaints.

**RESPONSE:**    Any responsive documents will be made available for inspection and copying at the offices of Jaburg & Wilk.

11

29.    All documents in the possession of DEFENDANTS or any agent of DEFENDANTS that contain information relating to Plaintiffs' trademarks.

**RESPONSE:**        None.  Defendants are not currently in possession of any responsive documents.


30.    All documents evidencing DEFENDANTS' revenue from their website through the date of the response to Plaintiffs' First Request for Production.

**RESPONSE:**        Objection.  *See* HyCite.


31.    All documents evidencing the services offered for sale on DEFENDANTS' website known as www.ripoffreport.com and www.ripoffrevenge.com.

**RESPONSE:**        Objection, the interrogatory seeks proprietary information and seeks information that is not relevant.


32.    All documents and records evidencing all work performed by DEFENDANTS regarding Plaintiffs up through the date of the response to this request.

**RESPONSE:**        Defendants are not in possession of any responsive documents.


33.    All documents relating to any and all information regarding DEFENDANTS' bank accounts, checking accounts, money market accounts, or any other business accounts associated with DEFENDANTS' businesses.

**RESPONSE:**        Objection.  The requested information is confidential and proprietary and is not relevant.

10297-8/MCS/DAG/583482_v1

34.    All documents relating to any and all communications between DEFENDANTS and National Grant Conferences regarding payments to Defendant, MAGEDSON, or other DEFENDANTS.

**RESPONSE:**        Objection, the requested information is not relevant.

35.    All documents relating to any and all communications between DEFENDANTS and Incredible Discoveries Inc. regarding payments to Defendant, MAGEDSON, or the other DEFENDANTS.

**RESPONSE:**        Objection, the requested information is not relevant.

36.    All documents relating to any and all communications between DEFENDANTS and Mini Vacations Inc. regarding payments to Defendant, MAGEDSON, or the other DEFENDANTS.

**RESPONSE:**        Objection, the requested information is not relevant.

37.    All documents relating to any and all communications between DEFENDANTS and Sms.ac Inc. regarding payments to Defendant MAGEDSON, or the other DEFENDANTS.

**RESPONSE:**        Objection, the requested information is not relevant.

///

///

///

13

38.    Any and all documents relating to lawsuits, other than the present one, concerning causes of action regarding extortion, Lanham Act claims, defamation, or claims similar to those brought in this lawsuit.

**RESPONSE:**    All responsive documents that are not privileged will be made available for inspection and copying at the offices of Jaburg & Wilk

DATED this _____ day of May, 2007.


                                    **JABURG & WILK, P.C.**


                                    Maria Crimi Speth, Esq.
                                    Attorneys for Defendants


Copy of the foregoing mailed
this _____ day of May, 2007, to:

Shawn L. Birken
Scott W. Rothstein
ROTHSTEIN ROSENFELDT ADLER
401 East Las Olas Boulevard
Suite 1650
Fort Lauderdale, Florida 33301
Attorneys for Plaintiff

14

10297-8/MCS/DAG/583482_v1

Maria Crimi Speth, #012574
JABURG & WILK, P.C.
3200 North Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000
Attorneys for Defendants
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MEYERS DIVISION
WHITNEY INFORMATION NETWORK,
INC.; a Colorado corporation,
v.
Plaintiffs,
XCENTRIC VENTURES, LLC, an
Arizona limited liabili comppany;
BADBUSINESSBUR~AU.ORG, an
Arizona Limited liability company; and ED
MAGEDSON, an individual,
Defendants.
Case No: 2:04-cv-47-FtM-34SPC
RESPONSES TO PLAINTIFFS' FIRST
REQUEST FOR PRODUCTION TO
DEFENDANTS
Defendants, through undersigned counsel, hereby respond to Plaintiffs' First
Request for Production to Defendants as follows;
DOCUMENTS REQUESTED
1. Any and all written and/or recorded statements taken from DEFENDANTS,
DEFENDANTS' agents or employees in this cause, relating to this action or its subject
matter or a stenographic, mechanical, electrical, or other recording or transcription of a
statement that is a substantial verbatim recital of an oral statement.

EXHIBIT
10297-8/MCS/DAG/583482 v1 B~ `'~ '
.......n..nnww~i.»wnwNN.wrwMN
Pr
RESPONSE: Objection, the request is ambiguous. Notwithstanding the
objection, Defendants have never knowingly provided a recorded statement to anyone in
connection with this case.
2. Any and all documents you intend to use at the trial of this action.
RESPONSE: Defendants have not yet determined what documents
they will use at trial. See disclosure statement for a listing of the
documents designated thus far.
3. Any and all documents evidencing threats, harassments, and/or intimidation
by Plaintiffs, RUSS WHITNEY, WHITNEY INFORMATION NETWORK, INC., its
agents, employees, and/or attorneys against and/or towards DEFENDANTS,
XCENTRIC, BBB, and/or MAGEDSON.
RESPONSE: Objection, this request seeks documents that are not
relevant. Notwithstanding the objection, responsive documents are available at the
offices of Jaburg & Wilk and are equally available to Plaintiffs.
4. Any and all documents regarding the editing, revision, re-writing, or
modification of the article entitled, "Russ Whitney - Scam Alert - Whitney Education
Group Cape Coral Florida *Consumer Suggestion... Stop the Russ Whitney Rip Off'
submitted on February 21, 2002 and Modified on September 10, 2003.
RESPONSE: Defendants are not in possession of any responsive
documents.
5. Any and all documents regarding the editing, revision, re-writing, or
modification of the rebuttal article entitled, "Stop the Russ Whitney Rip Off' submitted
on April 18, 2003 at 6:28:06 A.M. and modified on April 18, 2003 at 11:49:18 P.M.
2
t 0297-8/MCS/DAG/583482 v I
RESPONSE: Defendants are not in possession of any responsive
documents.
6. Any and all documents regarding the editing, revision, re-writing or
modification of the rebuttal article entitled "In Today's Society, you must be careful in
any dealings with ANY person or persons claiming to have `the answer' to your financial
woes." Submitted on June 26, 2003 at 6:38:39 A.M. and modified on June 26, 2003 at

10:09:16 P.M.
RESPONSE: Defendants are not in possession of any responsive
documents.
7. Any and all documents regarding the editing, revision, re-writing, or
modification of the rebuttal article "This is not a get rich quick scheme! !" submitted on
July 22, 2003 on 1:03:49 P.M. and modified on July 22, 2003 at 11:42:51 P.M.
RESPONSE: Defendants are not in possession of any responsive
documents.
8. Any and all documents regarding the editing, revision, re-writing, or
modification of the rebuttal article "Whitney supporters or employees" submitted on
August 1, 2003 at 12:53:23 P.M. and modified on September 1, 2003 at 10:07:52 P.M.
RESPONSE: Defendants are not in possession of any responsive
documents.
9. Any and all documents regarding the editing, revision, re-writing, or
modification of the rebuttal article entitled "A shun of a Hun" submitted September 10,
2003 A.M. and modified on September 10, 2003 at 10:58:22 P.M.
3
10297-8/MCS/DAG/583482 vl
RESPONSE: Defendants are not in possession of any responsive
documents.
10. Any and all documents regarding the editing, revision, re-writing, or
modification of the rebuttal article entitled "Russ Whitney of Whitney Education Group,
Inc. High pressures sales tactics. Seminars "we pay for" are actually infomercials. Keep
you on the phone until you upgrade your package. Cape Coral Florida "Consumer
Suggestion..Russ Whitney is Being Sued" submitted on June 14, 2003 at 3:20:40 A.M.
and modified on August 31, 2003 at 9:55:15 P.M. Author was from Renton, Washington.
RESPONSE: Defendants are not in possession of any responsive
documents.
11. Any and all documents regarding the editing, revision re-writing, or
modification of the rebuttal article entitled "Russ Whitney is Being Sued" submitted on
June 14, 2003 at 11:40:09 A.M. and modified on June 14, 2003 at 10:11:55 P.M.
RESPONSE: Defendants are not in possession of any responsive
documents.
12. Any and all documents regarding the editing, revision, re-writing, or
modification of the rebuttal article entitled "Also Ripped of & sucked in by the fast
talking Russ Whitney" submitted on August 31, 2003 3:36:26 P.M. and modified on
August 31, 2003 at 9:55:15 P.M.
RESPONSE: Defendants are not in possession of any responsive
documents.
4
10297-8/MCS/DAG/583482 vl
13. Any and all documents regarding the editing, revision, re-writing, or
modification of the article entitled "Whitney Education Group, Inc. Deceptive company
leads you to believe that you can make money in realestate easily. Cape Coral Florida"
submitted on April 8, 2003 at 9:50:47 A.M. and modified on April 8, 2003 at 9:50:47
A.M.
RESPONSE: Defendants are not in possession of any responsive
documents.
14. Any and all documents regarding the editing, revision, re-writing, or
modification of the article entitled "Russ Whitney Lied about the 3 day seminar ripoff
Cape Coral Florida: submitted and modified on September 24, 2003 at 10:34:14 P.M.
Author was located in Scottsdale, Arizona.
RESPONSE: Defendants are not in possession of any responsive
documents.
15. Any and all documents regarding the editing, revision, re-writing, or
modification of the article entitled "Russ Whitney ripoff Cape Coral Florida" submitted
and modified on September 17, 2003 at 3:37:06 A.M. Author was located in Phoenix,
Arizona.
RESPONSE: Defendants are not in possession of any responsive
documents.
16. Any and all documents regarding the editing, revision, re-writing, or
modification of the article entitled "Teach Me To Trade, Russ Whitney, WIN, Teach Me
to Trade Russ Whitney, Wealth Information Network deceptive company, slims balls
5
10297-8/MCS/DAG/583482 vl
watch out for these guys Florida Nationwide * Consumer Comment .. Teach Me To
Trade Seminar" submitted on June 5, 2003 at 2:35:09 P.M. and modified on August 14,
2003 at 12:14:18 A.M. Author was located in San Diego, CA.
RESPONSE: Defendants are not in possession of any responsive

documents.

17. Any and all documents regarding the editing, revision, re-writing, or modification of the rebuttal article entitled "Teach Me To Trade Seminar" submitted on August 13, 2003 at 7:09:36 P.M. and modified on August 14, 2003 A.M.
RESPONSE: Defendants are not in possession of any responsive documents.

18. Any and all documents regarding the editing, revision, re-writing, or modification of the article entitled "Russ Whitney ripoff, dishonest, fraudulent, no service. Ripped off and scammed screwed others too ripped off and scammed Cape Coral Florida *UPDATE ..russ whitney the scam continues." Submitted on April 15, 2003 at 1:02:20 P.M. and modified on May 21, 2003 at 10:46:39 P.M. Author was located in Medicine Hat, Alberata.
RESPONSE: Defendants are not in possession of any responsive documents.

19. Any and all documents regarding the editing, revision, re-writing, or modification of the rebuttal article entitled "Russ Whitney the scam continues" submitted May 21, 2003 at 2:34:50 A.M. and modified on May 21, 2003 at 10:46:39 P.M.
RESPONSE: Defendants are not in possession of any responsive documents.

6
10297-8/MCS/DAG/583482 vl

20. Any and all documents regarding the editing, revision, re-writing, or modification of the article entitled "Russ Whitney Deceptive Business practices Cape Coral Florida" submitted and modified on January 21, 2003 at 11:35:54 P.M. Author located in Evergreen, CO.
RESPONSE: Defendants are not in possession of any responsive documents.

21. Any and all documents regarding the editing, revision, re-writing, or modification of the article "LeaseComm, Russ Whitney, Inc., EquityCorp, CreditCards, Com.E-Commerce, MPAP Program, Bait & Switch Operation, Unfair, Unethical Business Practices, Corrupt, Greatest Rip-Off Scheme Ever, Unbelievable They They are Abel to Continue This Deception, Western Regional Office: Newark California" submitted and modified on October 16, 2002 at 12:26:48 P.M. Author was located in Merced, CA.
RESPONSE: Defendants are not in possession of any responsive documents.

22. Any and all documents regarding the editing, revision, re-writing, or modification of the article entitled "E Commerce Exchange, Russ Whitney Inc., Dot-Corn Solutions/Independent Marketing, Inc. Leasecomm, E Com high pressure rip offs: deceptive information; illegal judgment Wobern, Ma,; Irvine, Ca,; Cape Coral, Fl; Sandy, Ut; Draper, Ut." Submitted and modified on April 22, 2002. Author was located in Manhattan Beach, CA.

7
10297-8/MCS/DAG/583482 v1

RESPONSE: Defendants are not in possession of any responsive documents.

23. Any and all documents evidencing transactions in Florida including, but not limited to, solicited donations, sales of DEFENDANTS' "Do-It-Yourself Guide: How to Get Rip-Off Revenge" on their site, and the number of Florida residents that have posted complaints or responded to posts regarding Plaintiffs, RUSS WHITNEY and WHITNEY INFORMATION NETWORK, INC.
RESPONSE: Defendants are not in possession of any responsive documents.

24. All documents evidencing the number of hits DEFENDANTS received on their website as a result of the use of the trademarks, Russ Whitney and/or Whitney.
RESPONSE: Defendants are not in possession of any responsive documents. To Defendants' knowledge no hits have been received as a result of Whitney's trademarks.

25. All correspondence between Plaintiffs and DEFENDANTS up through the date of the response to Plaintiffs' First Request for Production.
RESPONSE: None. Defendants are not currently in possession of any responsive documents.

26. All documents in the possession of DEFENDANTS or any agent of DEFENDANTS that contain information relating to Plaintiffs.
RESPONSE: Objection; this response calls for documents protected by the attorney-client privilege and by work product. Defendants will produce any

8
10297-8/MCS/DAG/5 83482v I

responsive, non-privileged documents for inspection and copying at the offices of Jaburg

& Wilk.

27. A list of your customer names and contact information that have submitted complaints relating to Plaintiffs.

RESPONSE: Objection. The information requested is confidential. The requested information is protected by the privacy policy adhered to by Rip-Off Report and posted on the Rip-off Report website.

In addition, it would violate the First Amendment Rights of the authors of the postings to disclose their names without a showing that their statements are false and defamatory. The Supreme Court of the United States has unequivocally held that the right to remain anonymous is protected by the First Amendment. "Anonymous pamphlets, leaflets, brochures and even books have played an important role in the progress of mankind. Persecuted groups and sects from time to time throughout history have been able to criticize oppressive practices and laws either anonymously or not at all." Talley v. California, 362 U.S. 60, *64, 80 S.Ct. 536, **538 (U.S. 1960). "We have recently had occasion to hold in two cases that there are times and circumstances when States may not compel members of groups engaged in the dissemination of ideas to be publicly identified. (citations omitted). The reason for those holdings was that identification and fear of reprisal might deter perfectly peaceful discussions of public matters of importance. Id., 362 U.S. 60, *65, 80 S.Ct. 536, **539 (U.S. 1960)

Under our Constitution, anonymous pamphleteering is not a pernicious, fraudulent practice, but an honorable tradition of advocacy and of dissent. Anonymity is a shield from the tyranny of the majority. (citations omitted). It thus exemplifies the purpose behind the Bill of Rights, and of the First Amendment in particular: to protect unpopular individuals from retaliation-and their ideas from suppression-at the hand of an intolerant society. The right to remain anonymous may be abused when it shields fraudulent conduct. But political speech by its nature will

9

10297-8/MCS/DAG/583482 vi

sometimes have unpalatable consequences, and, in general, our society accords greater weight to the value of free speech than to the dangers of its misuse

McIntyre v. Ohio Elections Com'n 514 U.S. 334, *357, 115 S.Ct. 1511, ** 1524 (U.S.Ohio,1995)

The New Jersey Superior Court, recognizing the First Amendment protection of anonymity, provided an excellent discussion and procedure for this situation:

We offer the following guidelines to trial courts when faced with an application by a plaintiff for expedited discovery seeking an order compelling an ISP to honor a subpoena and disclose the identity of anonymous Internet posters who are sued for allegedly violating the rights of individuals, corporations or businesses. The trial court must consider and decide those applications by striking a balance between the well-established First Amendment right to speak anonymously, and the right of the plaintiff to protect its proprietary interests and reputation through the assertion of recognizable claims based on the actionable conduct of the anonymous, fictitiously-named defendants.

We hold that when such an application is made, the trial court should first require the plaintiff to undertake efforts to notify the anonymous posters that they are the subject of a subpoena or application for an order of disclosure, and withhold action to afford the fictitiously-named defendants a reasonable opportunity to file and serve opposition to the application. These notification efforts should include posting a message of notification of the identity discovery request to the anonymous user on the ISP's pertinent message board.

The court shall also require the plaintiff to identify and set forth the exact statements purportedly made by each anonymous poster that plaintiff alleges constitutes actionable speech.

The complaint and all information provided to the court should be carefully reviewed to determine whether plaintiff has set forth a prima facie cause of action against the fictitiously-named anonymous defendants. In addition to establishing that its action can withstand a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to R. 4:6-2(f), the plaintiff must produce sufficient evidence supporting each element

10

I0297-8/MCS/DAG/583482 vI

of its cause of action, on a prima facie basis, prior to a court ordering the disclosure of the identity of the unnamed defendant.

Finally, assuming the court concludes that the plaintiff has presented a prima facie cause of action, the court must balance the defendant's First

Amendment right of anonymous free speech against the strength of the
prima facie case presented and the necessity for the disclosure of the
anonymous defendant's identity to allow the plaintiff to properly proceed.
Dendrite Intern., Inc. v. Doe No. 3, 342 N.J.Super. 134, * 141-142, 775 A.2d
756,**760 - 761 (N.J.Super.A.D.,2001)

The requested information is also protected by A.R.S. § 12-2237 and A.R.S. § 12-
2214. See also, Bartlett v. Superior Court, 722 P.2d 346 (App. 1986).

Notwithstanding the objection, Defendants will make available for inspection and
copying, a spread sheet that contains partial names, partial addresses and partial IP
addresses which is sufficient information to determine that Defendants are not the authors
of the postings.

In addition, whatever identity the author publicly provided is available on the Rip-
off Report website. Xcentric has access to the name provided by the authors to Xcentric,
which may or may not be a real name. Xcentric has the email address of the person who
posted the reports. Xcentric has access to the IP addresses from which those postings
came. In some cases, the author provided a telephone number, which may or may not
be accurate.

28. All documents in the possession of DEFENDANTS of any agent of
DEFENDANTS relating to the editing, publishing, review and/or alteration of
consumers' complaints.

RESPONSE: Any responsive documents will be made available for
inspection and copying at the offices of Jaburg & Wilk.

11

10297-8/MCS/DAG/583482 vl

29. All documents in the possession of DEFENDANTS or any agent of
DEFENDANTS that contain information relating to Plaintiffs' trademarks.

RESPONSE: None. Defendants are not currently in possession of
any responsive documents.

30. All documents evidencing DEFENDANTS' revenue from their website
through the date of the response to Plaintiffs' First Request for Production.

RESPONSE: Objection. See HyCite.

31. All documents evidencing the services offered for sale on DEFENDANTS'
website known as www.ripoffreport.com and www.ripoffrevenge.com.

RESPONSE: Objection, the interrogatory seeks proprietary
information and seeks information that is not relevant.

32. All documents and records evidencing all work performed by
DEFENDANTS regarding Plaintiffs up through the date of the response to this request.

RESPONSE: Defendants are not in possession of any responsive
documents.

33. All documents relating to any and all information regarding
DEFENDANTS' bank accounts, checking accounts, money market accounts, or any
other business accounts associated with DEFENDANTS' businesses.

RESPONSE: Objection. The requested information is confidential
and proprietary and is not relevant.

12

10297-8/MCS/DAG/583482 v1

34. All documents relating to any and all communications between
DEFENDANTS and National Grant Conferences regarding payments to Defendant,
MAGEDSON, or other DEFENDANTS.

RESPONSE: Objection, the requested information is not relevant.

35. All documents relating to any and all communications between
DEFENDANTS and Incredible Discoveries Inc. regarding payments to Defendant,
MAGEDSON, or the other DEFENDANTS.

RESPONSE: Objection, the requested information is not relevant.

36. All documents relating to any and all communications between
DEFENDANTS and Mini Vacations Inc. regarding payments to Defendant,
MAGEDSON, or the other DEFENDANTS.

RESPONSE: Objection, the requested information is not relevant.

37. All documents relating to any and all communications between
DEFENDANTS and Sms.ac Inc. regarding payments to Defendant MAGEDSON, or the
other DEFENDANTS.

RESPONSE: Objection, the requested information is not relevant.

13

I0297-8/MCS/DAG/583482 vl

38. Any and all documents relating to lawsuits, other than the present one,
concerning causes of action regarding extortion, Lanham Act claims, defamation, or
claims similar to those brought in this lawsuit.

RESPONSE: All responsive documents that are not privileged will

be made available for inspection and copying at the offices of Jaburg & Wilk

DATED this day of May, 2007.

JABURG & WILK, P.C.

Copy f the oregoing mailed
this day of May, 2007, to:

Shawn L. Birken
Scott W. Rothstein
ROTHSTEIN ROSENFELDT ADLER
401 East Las Olas Boulevard
Suite 1650
Fort Lauderdale, Florida 33301
Attorneys for Plaintiff

14

I0297-8/MCS/DAG/583482 vl