Maria Crimi Speth, #012574 (Admitted *Pro Hac Vice*)
**JABURG & WILK, P.C.**
3200 North Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| WHITNEY INFORMATION NETWORK, INC.; a Colorado corporation,<br><br>Plaintiffs,<br><br>v.<br><br>XCENTRIC VENTURES, LLC, an Arizona limited liability company; BADBUSINESSBUREAU.ORG, an Arizona limited liability company; and ED MAGEDSON, an individual,<br><br>Defendants. | Case No: 2:04-CV-47-ftm-34-SPC<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ADDITIONAL TIME PURSUANT TO RULE 56(f), FEDERAL RULES OF CIVIL PROCEDURE TO RESPOND TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT AND INCORPORATED MEMORANDUM OF LAW** |

Defendants Xcentric Ventures, LLC, ("Xcentric"), and Ed Magedson ("Magedson") (collectively, the "Defendants") respectfully oppose Plaintiff's Motion for Additional Time (herein, the "Rule 56(f) Motion").

## I.     INTRODUCTION

Defendants Rule 56(f) Motion should be denied because Plaintiff does not show how additional discovery will permit Plaintiff to rebut the Defendants' evidence and contentions presented in the Motion for Summary Judgment. There is no reason for the Court to expect that the requested discovery will produce any rebuttal.

## II. ARGUMENT OF LAW AND FACT

**A. In the summary judgment proceedings, because of the Communications Decency Act, the relevant issue is whether Plaintiff has any evidence to show that the Defendants created the content on the Website that allegedly defames Plaintiff.**

There is only one basic fact question in Defendant's Motion for Summary Judgment: *does Plaintiff have any evidence to show that Xcentric provided the content of statements posted on the internet webpage www.ripoffreport.com that Plaintiff alleges to be false and defamatory*? The Motion for Summary Judgment ("MSJ") is based on the Communications Decency Act, 47 U.S.C. § 230(c)(1), and lack of jurisdiction. (See MSJ, Document #115)  The Communication Decency Act protects persons who provide interactive computer service from any and all liability for defamation posted online by a third party. (See MSJ, Document #115, p. 6 et seq.)  If Plaintiff has no evidence that Defendants authored defamatory content posted on www.ripoffreport.com (the website is referred to hereafter as the "Website" or "ROR"), the Motion for Summary Judgment must be granted against Plaintiff's defamation claim. (See MSJ, Document #115, p. 9 et seq.)

**B. Plaintiff has no evidence to suggest that Defendants authored the alleged defamatory content.**

Defendants have propounded several discovery requests asking Plaintiff to identify evidence that Defendants created any content on the Webpage that Plaintiff alleges to be defamatory.  Plaintiff's responses admit that Plaintiff has no evidence by stating that Plaintiff is "*without sufficient information*" to admit that. For example, Plaintiffs' Response to Defendants' Non-Uniform Interrogatories and Requests for Admission (attached as Exhibit 1) include the following (emphasis added in each Response):

> 16.   Admit that YOU have no evidence whatsoever that any of the "stories" referred to in ¶ 61 of the COMPLAINT were personally authored/created by DEFENDANTS.

2

RESPONSE: **Without sufficient information** due to Defendants' failure to respond to discovery requests, and therefore deny. Further, there exist multiple lawsuits pertaining to Defendants containing such information.

17. If your response to the request immediately above is anything other than an unconditional admission, please give a full and complete explanation for the denial and state all facts and identify all documents that support and/or explain your denial.

RESPONSE:  See answer to Interrogatory 16.

18. Admit that prior to the filing of the COMPLAINT, YOU had no evidence whatsoever that any of the statements referred to in ¶¶ 9, 10, 35, 38, 39, 40, 48, 49, 58, 59, and/or 60 of the COMPLAINT were personally authored/created by DEFENDANTS.

RESPONSE: **Without sufficient information** due to Defendants' failure to respond to discovery requests, and therefore deny. Further, there exist multiple lawsuits pertaining to Defendants containing such information.

19. If your response to the request immediately above is anything other than an unconditional admission, please give a full and complete explanation for the denial and state all facts and identify all documents that support and/or explain your denial.

RESPONSE:  See answer to Interrogatory 18.

20. Admit that YOU have no evidence whatsoever that any of the statements referred to in ¶ 9, 10, 35, 38, 39, 40, 48, 49, 58, 59, and/or 60 of the COMPLAINT were personally authored/created by DEFENDANTS.

RESPONSE: **Without sufficient information** due to Defendants' failure to respond to discovery requests, and therefore deny. Further, there exist multiple lawsuits pertaining to Defendants containing such information.

21. If your response to the request immediately above is anything other than an unconditional admission, please give a full and complete explanation for the denial and state all facts and identify all documents that support and/or explain your denial.

RESPONSE:  See answer to Interrogatory 20.

22. Admit that prior to the filing of the COMPLAINT, YOU did not investigate whether any of the statements referred to in ¶¶ 9, 10, 35, 38, 39, 40, 48, 49, 58, 59, and/or 60 of the COMPLAINT were personally authored/created by DEFENDANTS.

RESPONSE: Deny.

(Exhibit 1, Plaintiff's Discovery Responses.) These responses make it clear that Plaintiff has no evidence to indicate that Defendants authored any of the alleged defamatory statements by admitting that Plaintiff is "*without sufficient information.*" Plaintiff claims to have investigated this issue, or at least Plaintiff *denies* that it *did not investigate* prior to filing the Complaint (See supra, Response to RFA #22, and at Exhibit 1) but still, Plaintiff is "*without sufficient information*" to admit that it has no evidence. Plaintiff blames the lack of information on Defendant's discovery responses, but in fact, Defendants have provided information as shown below and it simply proves the opposite of what Plaintiff wants: Defendants have not authored any Webpage content about Plaintiff, and Plaintiff cannot rebut that.

The significance of the fact that Plaintiff has no evidence cannot be overstated. Plaintiff has pressed this lawsuit for more than two years, through a federal court appeal, and now admits that it has not a single shred of evidence to support its allegations that Defendants authored any of the alleged defamatory statements. Plaintiff's jurisdictional claims are based on the theory that Defendants committed a tort in Florida by creating false and defamatory Webpage content, but Plaintiff had no evidence of that before making the allegation. Plaintiff filed the lawsuit without any reasonable basis, wasted judicial resources and private resources, and now seeks wasteful delay.

      **C.**    **Plaintiff must show how the requested discovery will produce evidence to rebut the Motion for Summary Judgment in order to qualify for relief under Rule 56(f).**

Plaintiff requests additional time for three depositions. (See Exhibit 2, Letter and Email String confirming agreement on discovery issues, last page and final paragraph.) (See also Notice of Withdrawal of Motions to Compel . . . Document #130, p.2, ¶2, stating in part "As WIN has previously advised this Court, upon completion of these depositions . . . [Ed Magedson, Ben Smith, corporate representative, and a former employee] WIN will be able to formulate a response to Defendant's Motion for Summary Judgment." ) Other discovery disputes mentioned in Plaintiff's Rule 56(f) Motion have

been resolved through Defendant's efforts to meet and confer, and make additional disclosures (Id) and Plaintiff has withdrawn the Motions to Compel related to the discovery disputes. (Motions to Compel are document # 124 and #125, Withdrawal is document # 130.)

Authority cited by Plaintiff in the Rule 56(f) motion states that Plaintiff must show the Court how delay for discovery will produce evidence to rebut the Motion for Summary Judgment, stating that a party seeking delay in summary judgment proceedings pursuant to Rule 56(f)

> may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts, but must show the court how the stay will operate to permit him to rebut, through discovery, the movant's contentions."

Barfield v. Brierton, 883 F.2d 923, 931 (11th Cir. 1989) (cited in Plaintiff's Rule 56(f) Motion at page 5). "The grant or denial of a continuance is within the sound discretion of the trial court." (Id. at 931)  Nothing in Plaintiff's 56(f) Motion or supporting affidavit sets out how the requested discovery will operate to permit Plaintiff to rebut Defendants' summary judgment evidence. "If the district court is dissatisfied with the nonmovant's explanations as to why he cannot rebut the movant's motion for summary judgment, it may refuse to stay consideration of the motion." (Id. at 932).  The Court should not be satisfied.  Plaintiff gave no explanation.

> D.  **Defendants' MSJ proves that Defendants did not author any Website content about Plaintiff Whitney Information Network, Inc., and Rule 56(f) Motion gives no reasonable indication that discovery will rebut the Defendant's proof.**

Defendants have proved that they did not author the content of any statements about Plaintiff. In summary judgment pleadings, Defendants provided 12 sworn declarations proving that Defendants did not provide *any* content to *any* statements about Plaintiff that are posted to the Website. The sworn declarations are found in the Separate Statement of Facts ("SOF") (Document #116), Exhibits 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, and 13. Plaintiff's own customers authored the reports on the Website, not Defendant's

5

employees. (SOF Exhibit 1, Declaration of Edward Magedson.) Written declarations have been provided by all of Defendants' agents or employees who had administrator access to computers that would allow them to add content or change the content of statements posted on the Website. (Id.) Every declaration witness states that it was against Xcentric's policies for employees to author or add content to a report. (SOF, Exhibits 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, and 13.) Every declaration individually avers that the witness did not author or add any content to postings about Plaintiff Whitney Information Network. (Id.) Each witness who made edits states that she (or he) only made minimal edits to content consisting of redacting vulgar words, personal identification information, or threats of violence. (SOF, Exhibits 1, 3, 4, 5, 6, 7, 8, 9, 10, 12, and 13.)

The MSJ evidence includes the declarations of Ed Magedson, Ben Smith, and Mary Jo Baker (SOF Exhibits 1, 11, and 12) who are the witnesses Plaintiff seeks to depose before responding to the Motion for Summary Judgment. (See Rule 56(f) Motion, p. 3, ¶¶ 14-15, and p. 9, identifying the witnesses to be deposed). In light of the declarations, the Court can have no reasonable expectation that these witnesses will provide evidence to rebut the Motion for Summary Judgment.

> Mr. Magedson's declaration (SOF Exhibit 1) states:
>
> 10. Once a story is submitted, the story is held until it can be briefly reviewed by Xcentric's staff of content monitors before it is posted online for other users to view. When a report is reviewed, it is only to confirm that the report does not contain blatantly illegal, inappropriate, or offensive material (i.e., images of pornography, social security numbers, credit card numbers, or other inappropriate material). Any report that contains such material may be deleted or redacted at the discretion of Xcentric staff. Otherwise, reports posted by users of the ROR Sites are not checked for accuracy. As a matter of policy, Xcentric staff does not add to, or rewrite, any of the reports posted by users. (¶ 10);
>
> 11. Xcentric agents do not choose which stories to post. Xcentric agents are instructed to never add content to a report. (¶ 11);
>
> 19. I did not author any of the statements that are the subject of this lawsuit. (¶19);

20.     I did not change, edit, or in any way alter any of the statements that are printed in Exhibit 2. (¶20);

21.     I did not author or modify any of the titles to the statements that are the subject of this lawsuit. I did not add the words "rip-off," "dishonest," or "scam" or any other words to the title or to the content of any report that is printed in Exhibit 2.(¶21);

23.     …It would be a clear violation of Xcentric's rules for any agent of Xcentric to author or post a report or rebuttal, or to add any content or words to any report or any report title, without my express permission. I have not given any agent of Xcentric permission to author or post a report or rebuttal regarding WIN or to add any content to any report or any report title regarding WIN.  <u>All</u> of these reports and/or rebuttals were written by independent third-party users of the ROR Sites. …(¶23)

Mr. Smith's declaration (SOF Exhibit 11) states:

6.     I have reviewed the administrative information available for each of the reports and rebuttals posted on Rip-off Report regarding Russ Whitney or Whitney information systems as set forth in Exhibit 1 to my previous declaration in this case (the "Whitney Reports"). (¶ 6);

13.     None of the IP addresses of any the computers that posted any of the Whitney Reports match the IP address of any computer used by Xcentric or its agents, including the computers used by anyone at my office, the mail server used by Xcentric, the remote access server used by Xcentric, the computers used by agents of Xcentric, and Ed Magedson's personal and work computers. (¶ 13);

14.     For each of the Whitney Reports 1, I reviewed the contact information provided by the author, including the name, email address, mailing address, and telephone number.  None of this identifying information is that of any person who I know to be an agent of Xcentric. (¶ 14);

17.     I do not have authorization to, nor do I, change or add any content to (1) any posting; (2) any title or heading of any posting; and/or (3) any other part of ROR. (¶ 17);

18.     I have reviewed Exhibit 2, which I understand consists of all of the postings about Whitney Information Network, Inc.  I did not author or submit any of these postings.(¶ 18);

Ms. Baker's declaration (SOF Exhibit 12) states:

1.   I was previously employed by XCENTRIC VENTURES, L.L.C. ("Xcentric") as a content monitor. I worked for Xcentric in this position from Spring, 2002 until 2005. (¶ 1);

2.   In my job as a content monitor, I was responsible for reviewing new postings that were submitted to the website www.ripoffreport.com ("ROR"). (¶ 2);

3.   My job was to remove the following information from new postings on ROR: personal financial information, credit card numbers, bank account numbers, social security numbers, obscenities, and threats of violence. (¶ 3);

4.   Except as described in the previous paragraph, I was not permitted to, nor do I, change or add any content to (1) any posting; (2) any title or heading of any posting; and/or (3) any other part of ROR. (¶ 4);

5.   I am aware that Whitney Information Network, Inc. has filed a lawsuit against Xcentric in which it has been alleged that Xcentric created or authored all or part of postings pertaining to Whitney Information Network, Inc. (¶ 5);

6.   I have reviewed Exhibit 2, which I understand consists of all of the postings about Whitney Information Network, Inc. I did not author or submit any of these postings. (¶ 6);

7.   I did not add any content to any posting in Exhibit 2. I also did not add any content to any of the titles or headings in Exhibit 2. I did not add the words, "rip-off," "dishonest," or "scam," or any other words to the postings or titles in Exhibit 2. (¶ 7);

It is not reasonable to expect that one of these witnesses will contradict his (or her) declaration in deposition. All indications are that the declarations are true. Plaintiff's 56(f) motion does not provide any contradictory evidence, or any reason to expect that deposing the witnesses will change their sworn testimony and provide rebuttal evidence. Plaintiff's discovery responses show that Plaintiff has no evidence to contradict, nor any reason to believe there may be evidence to contradict the declarations. Plaintiff's desire to

10297-8/ASK/ASK/599874_v1

conduct depositions is nothing more than Plaintiff's unreasonable effort to drag out the litigation and increase costs as much as possible.

> E. **The Court may deny Rule 56(f) relief when further discovery will not likely produce rebuttal evidence.**

The Court may deny a Rule 56(f) request to stay summary judgment proceedings "when, within the trial court's discretion, the record indicates that further discovery will not likely produce facts necessary to defeat the motion." Fisher v. Met. Life Ins. Co., 895 F.2d 1073, 1078 (5th Cir. 1990). This rule has been applied to circumstances where a plaintiff sought stay of summary judgment proceedings in order to depose a witness, when the witness had already provided an affidavit addressing the point the plaintiff sought to prove. (Id.) The 5th Circuit Court of Appeals upheld the trial courts discretion to deny a stay of summary judgment proceedings. (Id.)

In this case, Plaintiff wants delay to depose witnesses that have already addressed the relevant issues with clear declarations under oath. The Court should find that the record indicates that further discovery will not likely produce facts necessary to defeat the motion, especially because Plaintiff's Rule 56(f) Motion gives no indication how depositions might produce rebuttal evidence. Additionally, forcing three witnesses to submit to full broad depositions could be very wasteful when the dispositive issue is focused and narrow. Full depositions will require days of preparation and testimony.

> F. **Plaintiff should not delay summary judgment proceedings to review irrelevant materials, including files from other litigation.**

Although Plaintiff has agreed that it seeks Rule 56(f) relief based on its desire to take three depositions discussed above, it is apparent in Plaintiffs discovery responses (See Exhibit 1) that Plaintiff also wants to conduct a document review of non-privileged documents in Xcentric's own litigation files about other court cases that do not involve Whitney Information Network, Inc. that does not justify any delay in summary judgment proceedings. In response to Plaintiff's discovery requests, on May 2, 2007 Defendants made non-privileged documents available for inspection. Plaintiff plans to inspect those

9

documents between August 1st and 3rd when Plaintiff's counsel comes to Phoenix for depositions.

Plaintiff's defamation lawsuit puts at issue statements that allegedly defame Plaintiff, Whitney Information Network, Inc. None of the other cases against Xcentric have been about Whitney Information Network, Inc. There is no reason to expect to find evidence in other litigation files about who authored the statements about Whitney Information Network, Inc. Plaintiff's Rule 56(f) Motion has not provided any indication that there has been any evidence in any other case that Xcentric authored any statements posted on the Website. Plaintiff's Rule 56(f) Motion certainly does not show any reason to expect rebuttal evidence in files about past litigation.

It is axiomatic that irrelevant discovery should not delay summary judgment proceedings. According to Write, Miller, & Kane, one factor that will result in denial of relief under Rule 56(f) is "if the discovery sought appears irrelevant to the issues to be adjudicated . . ." (Write, Miller, & Kane, Federal Practice and Procedure, § 2741, p. 438) When a party seeking Rule 56(f) relief does not explain how requested discovery would or could create a fact issue to overcome a summary judgment motion "the mere fleeting mention of a matter, without a description of its likely relevance, will not suffice . . ." Enplanar, Inc. v. Marsh, 11 F.3d 1284, 1292 (5th Cir. 1994) (See also Contemporary Mission, Inc. v. New York Times Co., 842 F.2d 612, 622 , (2nd Cir. 1988) (stating that the trial court was within its discretion to deny Rule 56(f) relief, even though plaintiffs in a defamation case had requested to depose a witness who was not the author and had nothing to do with editing the offending article, but was the author's husband.)

Furthermore, Plaintiff's effort to sift through other lawsuits looking for rebuttal evidence appears to be a last-ditch delay tactic without any basis in prior diligent investigation or discovery. Court cases against Xcentric are public records and Plaintiff has had two years to research them. Nevertheless, Plaintiff's Rule 56(f) motion does not give any indication of any effort to research prior cases against Xcentric, nor describe a single case with any facts or outcomes that suggest Xcentric's litigation files would

10297-8/ASK/ASK/599874_v1

contain rebuttal evidence pertaining to whether Defendants authored any defamation against Plaintiff. Plaintiffs should not be allowed to delay summary judgment proceedings with a last-ditch fishing expedition through Xcentric's litigation files.

### G.    Plaintiff's Rule 56(f) Motion presents irrelevant issues as a distraction.

Plaintiff's Rule 56(f) Motion is written in a way to befuddle an inattentive court and make irrelevant discovery seem to justify delay. Plaintiff's Rule 56(f) motion refers to a great many discovery issues that are unrelated to the Motion for Summary Judgment, that do not justify delay, and that have been resolved through Defendant's efforts to meet and confer.

Discovery that does not relate to Defendant's Communications Decency Act defense cannot delay the Motion for Summary Judgment, because it would be wasteful to delay summary judgment in order to conduct irrelevant and meaningless discovery unrelated to whether Defendants authored some defamatory statement.

Practically all the written discovery that Plaintiff mentions in the Rule 56(f) Motion relates to standard defamation defenses alleged in Defendants' Answer. Those defenses will never be litigated if summary judgment is granted. Those defenses include the defense that statements alleged to be false and defamatory are actually true, and the defense that Plaintiff is a public figure and cannot be defamed, and that Plaintiff has unclean hands. Those defenses come into play only if Plaintiff's case survives the Summary Judgment Motion based on the Communication Decency Act.

However, in the Rule 56(f) Motion, Plaintiff did not set out the text of interrogatories and requests for production that, allegedly, had not been answered. Plaintiff accuses Defendants of "complete avoidance in providing Plaintiff with sufficient discovery" at page 7 of the Rule 56(f) Motion, without stating the questions at issue, and quotes a discovery letter on Page 8 and 9 that identifies Interrogatories and Requests for Production by number, without setting out the questions. In order to understand what discovery issues Plaintiff references in the Rule 56(f) Motion, the Court would have to

11

examine Plaintiff's two motions to compel, Document # 124 and Document #125, along with the oblique references to discovery requests mentioned in the Rule 56(f) Motion. Plaintiff's oblique references hide the issues, and attempt to distract the Court with irrelevant matter.

For example, Plaintiff's Rule 56(f) Motion challenges the sufficiency of Defendant's responses to "**interrogatories 2, 3, and 4**" from Defendants Answers to Plaintiff's Second (May 24) Set of Interrogatories, emphasizing the listing of those interrogatories in **bold type**, implying that the discovery is relevant to the Rule 56(f) request. (See Plaintiffs Rule 56(f) Motion at p. 8)  However, those interrogatories request "Please state all facts that support your Second Affirmative Defense, Unclean Hands . . .", "Please state all facts that support your Third Affirmative Defense, Truth . . .", and "Please state all facts that support the contention that WIN 'is a public figure' . . .". None of those defenses has any bearing on summary judgment issues under the Communication Decency Act.  It is misleading for Plaintiff to claim that delay in summary judgment proceedings is necessary to pursue discovery on obliquely referenced, irrelevant issues.

**H.     Plaintiff's defamation lawsuit is so devoid of merit, Plaintiffs refuse to identify any false and defamatory statements, and delay is wasteful.**

The Court should be aware that, in this defamation lawsuit, Plaintiff refuses to identify any specific statement on the Webpage that it alleges to be false and defamatory -- *not a single one*.  Plaintiff merely references dozens of reports posted on the Website, some of which are favorable to Plaintiff.   Defendants have requested Plaintiff to specifically identify the alleged defamatory statements, which would allow Defendants to gather proof of truth.    Plaintiffs refuse to respond.   The relevant portion of Plaintiffs' Response to Defendants' Non-uniform Interrogatories and Requests for Admission reads as follows (emphasis added):

1.     **Identify each and every specific statement(s) contained on the ROR Sites which YOU contend is/are false and/or defamatory**. For each statement, separately state:

      a.    The exact wording of the statement; e.g. "Whitney Information Network, Inc. defrauds its customers on a regular basis."

      b.    The location (preferably by Bates #) where the statement appears; e.g., "WHITNEY 0025"

      c.    The name(s), if YOU know, of the person(s) who actually authored the statement; e.g., "John Smith". If not known, so state.

      **RESPONSE**: Objection, as this Interrogatory is overly broad and unduly burdensome as it requires individual reference to over two hundred pages of Defendants' website. Notwithstanding and without waiving said objection, WIN directs Defendants to Exhibit G of WIN's Complaint; Exhibit 2 to Defendants' Motion for Summary Judgment. WIN's position relates to the categories, created by Defendants, which include, but are not limited to: False Television Advertisements and Corrupt Companies. WIN's position also includes the actual postings, of which have been edited by Defendants, including but not limited to, omission of certain information contained on the postings.

(Plaintiffs' Response to Defendants' Non-uniform Interrogatories and Requests for Admission, #1) Plaintiff does not identify any specific allegedly defamatory statement, but only points to 200 pages of text from the Website that included favorable reports.

In light of this indication that the defamation lawsuit is a complete sham, there is no reason to delay summary judgment proceedings.

### III.   CONCLUSION

For the reasons given in this Response, the Court should deny Plaintiff's Rule 56(f) motion and summary judgment proceedings should go forward without delay.

DATED this 25th day of July, 2007.

                                    **JABURG & WILK, P.C.**

                                    s/Maria Crimi Speth
                                    Maria Crimi Speth, Esq.
                                    Attorneys for Defendants

10297-8/ASK/ASK/599874_v1

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of July, 2007, I caused the attached document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF Registrants:

Steven Neil Lippman
Shawn L. Birken
Scott W. Rothstein
Rothstein Rosenfeld Adler
Suite 1650
401 E Las Olas Blvd
Ft Lauderdale, FL 33301
Attorneys for Plaintiff

Brian J. Stack
Stack, Fernandez, Anderson,
Harris & Wallace, P.A.
1200 Brickell Ave., Suite 950
Miami, FL 33131-3255
Attorneys for Defendant

s/L. Matlack

10297-8/ASK/ASK/599874_v1