# EXHIBIT 1

## Adam S. Kunz

| | |
|---|---|
| **From:** | Shawn Birken [sbirken@rra-law.com] |
| **Sent:** | Sunday, July 15, 2007 2:03 PM |
| **To:** | Adam S. Kunz |
| **Subject:** | RespInterrogsRFA |
| **Attachments:** | RespInterrogsRFA.doc |

Adam

I have not yet ████████████████████████████████, but will let you know as soon as I do. Here are our unexecuted answers to your first interrogatories/request for admissions. I will get the notarized version to you almost assuredly this week, but I know you said you wanted these for your response to our Rule 56f motion.

Shawn

7/24/2007

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 2:04-cv-47-FtM-29 SPC

WHITNEY INFORMATION NETWORK, INC.,
a Colorado corporation,

    Plaintiffs,

v.

XCENTRIC VENTURES, LLC., an
Arizona limited liability company;
BADBUSINESSBUREAU.ORG, an
Arizona limited liability company; and
ED MAGEDSON, an individual,

    Defendants.

_____/

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NON-UNIFORM INTERROGATORIES AND REQUESTS FOR ADMISSION**

Plaintiff, Whitney Information Network, Inc. ("WIN"), hereby responds to Defendants' Non-uniform Interrogatories and Requests for Admission to Plaintiff as follows:

1. Identify each and every specific statement(s) contained on the ROR Sites which YOU contend is/are false and/or defamatory. For each statement, separately state:

    a. The exact wording of the statement; e.g. "Whitney Information Network, Inc. defrauds its customers on a regular basis."

    b. The location (preferably by Bates #) where the statement appears; e.g., "WHITNEY 0025"

    c. The name(s), if YOU know, of the person(s) who actually authored the statement; e.g., "John Smith". If not known, so state.

RESPONSE: Objection, as this Interrogatory is overly broad and unduly burdensome as

it requires individual reference to over two hundred pages of Defendants' website. Notwithstanding and without waiving said objection, WIN directs Defendants to Exhibit G of WIN's Complaint; Exhibit 2 to Defendants' Motion for Summary Judgment. WIN's position relates to the categories, created by Defendants, which include, but are not limited to: False Television Advertisements and Corrupt Companies. WIN's position also includes the actual postings, of which have been edited by Defendants, including but not limited to, omission of certain information contained on the postings.

2. Considering the statements YOU identified in response to Question # 1, above, do YOU contend that DEFENDANTS actually authored any of these statements?

If YES, for each statement, separately state:

    a. The exact wording of the statement which YOU contend that DEFENDANTS actually authored; e.g., "Whitney Information Network, Inc. defrauds its customers on a regular basis."

    b. The location (preferably by Bates #) where the statement appears; e.g., "WHITNEY 0025"

RESPONSE: WIN is without sufficient information to respond due to Defendants' failure to respond to discovery requests, and therefore deny as to 2a. As to 2b, Admit.

3. Considering the statements YOU identified in response to Question #1 above, list the full name and telephone number of any and all witness(es) who YOU are aware of who will testify that those statements were actually authored by DEFENDANTS. If none, so state.

RESPONSE: As the information is contained on Defendants' website, and the alterations are made by Defendants, specific witnesses cannot be ascertained at this time. WIN further cannot fully respond due to Defendants' failure to respond to discovery requests.

4.   State the full name, title, work email address, and work telephone number of each and every current employee YOU have.

RESPONSE: WIN objects to this interrogatory as overbroad, harassing, seeking confidential information, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Further, the information sought is clearly of a harassing nature.

5.   State the full name, title(s), and telephone number of any past employee who terminated their employment from YOU (whether voluntarily or involuntarily) within the past five (5) years. For all employees listed, please state a full and complete explanation as to why each employee terminated their employment.

RESPONSE: WIN objects to this interrogatory as overbroad, harassing, seeking confidential information, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Further, the information sought is clearly of a harassing nature.

6.   State the name, address, telephone number, fax number, and email address (if known) of each current member of YOUR Board of Directors, including all those who have served as board members within the past five (5) years.

RESPONSE: WIN objects to this interrogatory as overbroad, harassing, seeking confidential information, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Further, the information sought is clearly of a harassing nature.

7.   State the name, address, telephone number, fax number, and email address (if known) of each person/entity who currently owns, or within the past five (5) years has owned, any interest in Whitney Information Network, Inc.

RESPONSE: WIN objects to this interrogatory as overbroad, harassing, seeking confidential information, irrelevant and not reasonably calculated to lead to the discovery of

admissible evidence. Further, the information sought is clearly of a harassing nature.

8. For each person/entity listed in response to Interrogatory #7, state:

a. The total ownership percentage held by that person/entity;

b. The date the person/entity first acquired any ownership interest;

c. The date the person/entity ceased holding any ownership interest (if applicable)

RESPONSE: WIN objects to this interrogatory as overbroad, harassing, seeking confidential information, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Further, the information sought is clearly of a harassing nature.

9. State the name, address, telephone number, and email address (if any) of all current or former customers who YOU claim have refrained from doing business with YOU, or who have stopped doing business with YOU, as a result of information posted about YOU on the ROR Sites.

RESPONSE: Information is being compiled, and this Interrogatory answer will be supplemented when said information is complete.

10. State the total amount of damages YOU claim YOU are entitled to in this case. In addition to the total figure, state:

a. The specific theory which YOU contend supports YOUR entitlement to one or more forms of damages (i.e., lost profits, punitive damages, etc.)

RESPONSE: Undetermined at this time as Defendant has not responded to discovery. Further damage information is being compiled and this Interrogatory will be supplemented. WIN is entitled to compensatory damages for any lost business that it has suffered. WIN will seek punitive damages, the amount of which is a jury question.

11. For each of the following listed cases, state:

    a. A short description of the nature of the case; (i.e., suit to recover money under promissory note);

    b. Whether the case involves any allegations (whether as an affirmative claim for relief, or as a defense) of fraud, misrepresentation, any other tortious conduct, any contractual breach, or any other unlawful conduct by YOU [YES or NO], and if YES, provide a detailed explanation of the allegations against YOU;

    c. The details of any final judgment which has been entered including the date, amount, and the name of the judgment debtor(s), if any.

- Whitney Information Network, Inc. v. Verio, Inc., 2006 WL 66724 (M.D. Fla. Jan.11, 2006).
- Whitney Information Network, Inc. v. Weiss et al, Case Number: 2:2007cv00112
- Wolfe Axelrod Weinberger Associates, LLC v. Whitney Information Network, Inc., Case Number: 2:2007cv00025
- Durham v. Whitney Information Network Inc. et al, Case Number:

RESPONSE: WIN objects to this interrogatory as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Further, the information sought is clearly of a harassing nature.

14. Admit that the COMPLAINT seeks to impose liability upon Defendants for statements appearing on the ROR Sites which were created by persons other than Defendants.

RESPONSE: WIN admits that the Complaint seeks to impose liability upon Defendants for statements appearing on the ROR Sites, but deny that the issues of this case do not pertain to statements created by persons other than Defendants as Defendants have edited the content on the ROR Sites, omitted content and created defamatory categories, and therefore deny.

15. If your response to the request immediately above is anything other than an unconditional admission, please give a full and complete explanation for the denial and state all facts and identify all documents that support and/or explain your denial.

RESPONSE: See answers to Interrogatories 1 and 14.

16. Admit that YOU have no evidence whatsoever that any of the "stories" referred to in ¶ 61 of the COMPLAINT were personally authored/created by DEFENDANTS.

RESPONSE: Without sufficient information due to Defendants' failure to respond to discovery requests, and therefore deny. Further, there exist multiple lawsuits pertaining to Defendants containing such information.

17. If your response to the request immediately above is anything other than an unconditional admission, please give a full and complete explanation for the denial and state all facts and identify all documents that support and/or explain your denial.

RESPONSE: See answer to Interrogatory 16.

18. Admit that prior to the filing of the COMPLAINT, YOU had no evidence whatsoever that any of the statements referred to in ¶¶ 9, 10, 35, 38, 39, 40, 48, 49, 58, 59, and/or 60 of the COMPLAINT were personally authored/created by DEFENDANTS.

RESPONSE: Without sufficient information due to Defendants' failure to respond to discovery requests, and therefore deny. Further, there exist multiple lawsuits pertaining to Defendants containing such information.

19. If your response to the request immediately above is anything other than an unconditional admission, please give a full and complete explanation for the denial and state all facts and identify all documents that support and/or explain your denial.

RESPONSE: See answer to Interrogatory 18.

20. Admit that YOU have no evidence whatsoever that any of the statements referred to in ¶ 9, 10, 35, 38, 39, 40, 48, 49, 58, 59, and/or 60 of the COMPLAINT were personally authored/created by DEFENDANTS.

RESPONSE: Without sufficient information due to Defendants' failure to respond to

discovery requests, and therefore deny. Further, there exist multiple lawsuits pertaining to Defendants containing such information.

21. If your response to the request immediately above is anything other than an unconditional admission, please give a full and complete explanation for the denial and state all facts and identify all documents that support and/or explain your denial.

RESPONSE: See answer to Interrogatory 20.

22. Admit that prior to the filing of the COMPLAINT, YOU did not investigate whether any of the statements referred to in ¶¶ 9, 10, 35, 38, 39, 40, 48, 49, 58, 59, and/or 60 of the COMPLAINT were personally authored/created by DEFENDANTS.

RESPONSE: Deny.

23. If your response to the request immediately above is anything other than an unconditional admission, please give a full and complete explanation for the denial and state all facts and identify all documents that support and/or explain your denial.

RESPONSE: There exist multiple lawsuits pertaining to Defendants containing such information.

By: /s/ Shawn Birken
    Scott W. Rothstein, Esq.
    FBN: 765880
    Shawn L. Birken, Esq.
    FBN: 418765
    ROTHSTEIN ROSENFELDT ADLER
    **Counsel for Plaintiff**
    401 East Las Olas Blvd. Ste 1650
    Fort Lauderdale, Florida 33301
    Tele: 954/522-3456
    Fax: 954/527-8663
    E-Mail: srothstein@rra-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished, by mail, this __16__ day of __July__, 2007, to: Maria Crimi Speth, Esq. 3200 North Central Avenue, Suite 2000, Phoenix, AZ 85012.

ROTHSTEIN ROSENFELDT ADLER

By: /s/ Shawn Birken
    Scott W. Rothstein, Esq.
    Shawn L. Birken, Esq.

H:\swrdocs\03-8471\Discovery\RespInterrogatoriesRFA.doc

8