**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

**WHITNEY INFORMATION NETWORK, INC.**, a Colorado corporation,

**Plaintiff,**

-vs-                                            Case No. **2:04-cv-47-FtM-34SPC**

**XCENTRIC VENTURES, LLC.**, an Arizona limited liability company; **BADBUSINESSBUREAU.ORG**, an Arizona limited liability company and **ED MAGEDSON**, an individual,

**Defendants.**

_____

## ORDER

This cause came on for consideration on the following motion(s) filed herein:

| | |
|---|---|
| **MOTION:** | **ORAL MOTION TO PRECLUDE PLAINTIFF'S IN-HOUSE COUNSEL FROM DEPOSITION (Doc. No. 134 )** |
| **FILED:** | August 1, 2007 |
| **THEREON** it is **ORDERED** that the motion is **GRANTED**. | |

The parties contacted the Court by telephone while they were in deposition regarding a dispute that arose during the video deposition of the Defendant, Ed Magedson. The Honorable Sheri Polster Chappell, United States Magistrate Judge who is assigned to this case was unavailable, and the Honorable Judge Marcia Morales Howard, United States District Judge referred this matter to this Court for resolution. Counsel for Mr. Magedson argued that In-House Counsel for the Plaintiff,

-1-

Whitney Information Network, Inc. should not be permitted to be present by telephone for the deposition of Mr. Magedson based upon the terms of the Protective Order of Confidentiality (Doc. 92). The Protective Order of Confidentiality (Doc. 92) provides in Paragraph 5 that access to confidential materials is limited to counsel of record, and their paralegals, secretaries, administrative and legal personnel working with them as well as outside experts and consultants. The Protective Order of Confidentiality does not provide for parties to have access to confidential information. The Plaintiff represented that In-House Counsel is the representative of the corporation and therefore, the client. The Court finds no prejudice to the Plaintiff by precluding In-House Counsel from the deposition. The Plaintiff may file a motion to allow In-House Counsel to have access to the transcript of the deposition, and can seek to reopen the deposition if good cause is shown. Therefore, the Court will grant the Motion to Preclude Plaintiff's In-House Counsel From Deposition.

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida this 3rd day of August, 2007, *nunc pro tunc* 1st day of August, 2007.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record