## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

Case No. 2:04-cv-47-FtM-34 SPC

WHITNEY INFORMATION
NETWORK, INC., a Colorado corporation,

      Plaintiff,

v.

XCENTRIC VENTURES, LLC., an
Arizona limited liability company;
BADBUSINESSBUREAU.ORG, an
Arizona limited liability company; and
ED MAGEDSON, an individual,

      Defendants.

_____/

### MOTION FOR RELIEF FROM OR TO CLARIFY ORDER
### AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Whitney Information Network, Inc. ("WIN"), by and through its undersigned counsel, hereby moves this Court pursuant to Fed. R.Civ. P. 60 for an relief from or clarification of this Court's March 6, 2007, Protective Order of Confidentiality [Doc. 92], March 14, 2007, Order [Doc. 101] and August 1, 2007, Order [Doc. 135] regarding WIN's counsel's ability to provide the deposition transcripts in this action to WIN, to have a WIN corporate representative attend depositions in this action, and to file the deposition transcripts in this action with this Court and states:

WIN had previously subpoenaed from a third party, among other things, the transcript of a videotaped deposition of defendant, Ed Magedson, in another action, <u>Federated v. Xcentric Ventures, Inc., et al.</u>, Seventeenth Judicial Circuit Court in and for Broward County, Florida, Case No. 04-17721(05). Defendants filed an Amended Motion

for Protective Order and to Quash Subpoena [Doc. 86](the "Amended Motion") in which they sought, among other things, to prevent WIN from obtaining the transcript and video of that deposition. In support of their position, defendants referenced a protective order which the state court had previously entered in the <u>Federated</u> action regarding the use of the video and transcript, Amended Motion at p. 3, Exhibit B, and purported threats to Mr. Magedson, Amended Motion at pp. 4-7. Never have defendants contended that WIN made any threats. On this basis defendants argued that they "have a well-founded concern that the video transcript could well be **publicly disseminated** and used to embarrass, annoy and oppress Mr. Magedson." Amended Motion at p. 7 (emphasis added). Magistrate Judge Chappell entered the Protective Order of Confidentiality [Doc. 92] allowing WIN to get the video transcript but placing certain restrictions on its use.

WIN then noticed Mr. Magedson's deposition. On March 14, 2007, defendants filed a Motion for Protective Order [Doc. 99] in which they requested that "the Court order Plaintiffs to conduct future Depositions subject to an appropriate protective order to prevent disclosure or publication of video transcripts, and any transcripts, and **to limit the use of video and written transcripts to this litigation**, and to protect the safety and security of Mr. Magedson." (pp. 1-2)(emphasis added). The next day, without obtaining any response from WIN, Magistrate Judge Chappell entered an Order [Doc. 101] denying the Motion for Protective Order and observing that the Protective Order of Confidentiality [Doc 92] "is sufficient to cover and protect any video deposition taken of Magedson in this case." WIN never contemplated that this ruling would preclude its corporate representative from attending this or any other deposition in this action or reviewing the transcript thereof.

2

On August 1, 2007, WIN's counsel traveled to Phoenix, Arizona and was set to take the videotaped deposition of Mr. Magedson (who appeared not only in his individual capacity but as a representative of defendant Xcentric Ventures, LLC in accordance with Fed. R.Civ. P. 30(b)(6)) when defendants objected to WIN's in-house counsel attending telephonically as WIN's corporate representative based upon the Protective Order of Confidentiality. The parties contacted the Court to address this issue, which was referred to Magistrate Judge Frazier. Admittedly uninformed about the instant action, Magistrate Judge Frazier found that the Protective Order of Confidentiality did not authorize parties to attend or view depositions designated as confidential and, since he perceived no prejudice, precluded WIN's corporate representative from attending the deposition but indicated that WIN "may file a motion to allow In-House Counsel to have access to the transcript of the deposition…." Order [Doc 135].

WIN seeks relief from or clarification of the foregoing orders in order to provide the deposition transcripts in this action to WIN, have a WIN corporate representative attend depositions in this action, and file deposition transcripts in this action with this Court (including, without limitation, in response to defendants' motion for summary judgment). All protection provided by this Court was premised upon purported threats to Mr. Magedson, none of which are alleged to have been made by WIN. The practical (and WIN verily believes unintended) result, however, of the protection provided is depriving WIN of the ability to be apprised of the progress of this case and to assist its counsel since it can't attend depositions or review the transcript of depositions defendants designate as confidential, including those of defendants Xcentric Ventures, LLC and Mr. Magedson. Additionally, WIN's counsel is prevented from fulfilling their obligation to

3

ROTHSTEIN ROSENFELDT ADLER
Las Olas City Centre, Suite 1650, 401 East Las Olas Boulevard, Fort Lauderdale, Florida 33301

inform WIN as to the status of their representation. Rule 4-1.4, Rules Regulating The Florida Bar. Finally, WIN is prevented from using the deposition transcripts to oppose the defendants' motion for summary judgment. While WIN is suffering this substantial prejudice, defendants would suffer no prejudice since Mr. Magedson's deposition did not contain any information that would inform anyone of his whereabouts, and thus, production and utilization of the deposition transcript would not jeopardize his safety.

Rule 60(b) of the Federal Rules of Civil Procedure states:

> On motion and upon such terms as are just, the court may relieve judgment, order, or proceeding for the following reasons: 1) mistake, inadvertence, surprise, or excusable neglect…or 6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons 1), 2) and 3) not more than one year after the judgment, order, or proceeding was entered or taken.

"The power of a court of equity to vacate or otherwise modify the prospective effect of its decrees is too well established to merit extended discussion." Same Flight Instrument Corporation v. United Control Corp., 576 F.2d 1340, 1343 (9th Cir. 1978); State of Pennsylvania v. Wheeling & Belmont Bridge Co., 15 L.Ed. 435 (1855). The exercise of power under Rule 60, Fed. R.Civ. P. "lies within the discretion of the trial court, guided by traditional principles of equity jurisprudence." Same Flight, 576 F.2d at 1343; System Federation v. Wright, 364 U.S. 642, 648 (1961).

Pursuant to Rule 26(c), Fed. R.Civ. P.:

> [u]pon motion by a party ... the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (1) that disclosure or discovery not be had;
>
> (2) that the disclosure or discovery may be had only on specified terms

4

ROTHSTEIN ROSENFELDT ADLER
Las Olas City Centre, Suite 1650, 401 East Las Olas Boulevard, Fort Lauderdale, Florida 33301

>   and conditions, including a designation of the time or place; [and]
>
>   (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery....

It is critical to remember, however, that this rule protects parties from some hardships, but not from mere inconvenience. Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 (1981). The party seeking the protective order has the burden to show that good cause exists to issue the order by providing particular and specific facts. Id.; Automotive Owners Inc. Co. v. Se Floating Docks, Inc., 231 F.R.D. 426, 429-30 (M.D. Fla. 2005).

   Defendants have never proffered any concern that WIN has or threatened to utilize anything for any improper purpose or in any improper manner. Defendants' reliance on the Protective Order of Confidentiality to preclude WIN's representative from attending a deposition, to see the transcript of the deposition and to prevent its filing with this Court is disingenuous as it was issued to address defendants' concerns about Mr. Magedson's safety (neither WIN nor this Court has commented upon whether or not such concerns are well founded) to preclude people from knowing where the deposition is taking place (which concern is now moot since the deposition has been completed) .

   WIN brought a claim against defendants for defamation. Defendants filed a motion for summary judgment [Doc. 115] contending that they are protected under the Communications Decency Act ("CDA"), 47 U.S.C. § 230. The CDA provides that "no provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). The phrase "interactive computer service is defined as 'any information service, system, or access software provider that provides or enables computer access to

5

ROTHSTEIN ROSENFELDT ADLER
Las Olas City Centre, Suite 1650, 401 East Las Olas Boulevard, Fort Lauderdale, Florida 33301

the Internet and such systems operated or services offered by libraries or educational institutions.' " 47 U.S.C. § 230(f)(2); Hy Cite Corp. v. badbusinessbureau.com, L.L.C., 418 F.Supp.2d 1142, 1147 (D.Ariz. 2005). The phrase "information content provider" is defined as "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service." 47 U.S.C. § 230(f)(3); Hy Cite Corp., 418 F.Supp.2d 1142, 1147. Mr. Magedson's deposition and other depositions which WIN intends to conduct in this action address these issues and WIN intends on using them to oppose the motion for summary judgment.

In Condit v. Dunne, 225 F.R.D. 113 (S.D. N.Y. 2004), the plaintiff's attorney was quoted in the New York Post as stating that the defendant "was in 'deep, deep, trouble' as a result of his deposition testimony and that the 'transcript will be interesting, but the video will be even more interesting.'  Further, in an email correspondence with defense counsel, Mr. Wood stated that 'when the public learns of Mr. Dunne's testimony, whatever reputation he enjoyed will be lost forever in my opinion.'" Condut, 225 F.R.D. at 114.  The defendant moved for protective order to bar the public dissemination of the videotaped deposition of the defendant. Id.  The Court found:

> Though the case law is muddled, the Court is persuaded that defendant fails to allege sufficiently good cause for sealing the videotape transcript of his deposition testimony, with specificity or otherwise.  The Court finds no case law that would support sealing the video under the facts of this case; therefore, the Court finds that movant has failed to satisfy either standard.

Id. at 116.  Therefore, even though the Court heard threats from plaintiff's counsel that the videotaped deposition would be disseminated, the Court did not find good cause to

6

ROTHSTEIN ROSENFELDT ADLER
Las Olas City Centre, Suite 1650, 401 East Las Olas Boulevard, Fort Lauderdale, Florida 33301

seal the videotaped transcript. In the instant matter, there do not exist any evidence, whatsoever, that WIN plans to disseminate the videotape to the public, nor utilize the videotape in any improper manner. Thus, defendants clearly cannot establish good cause to deny WIN the ability to observe and use the deposition transcript and video in this action. Id.; see also Flaherty v. Seroussi, 209 F.R.D. 295 (N.D.N.Y.2001) (Court found that the movant failed to establish good cause for protective order even though plaintiff's counsel stated: "relishes the opportunity to question [the Mayor and is] going to concentrate [his] efforts on knocking Mayor Seroussi's teeth down his throat.")

WIN certifies that a good faith effort to resolve this issue has been made with defendants' counsel and defendants would not agree to the relief sought in this motion until their counsel had a chance to review the deposition transcript (which deposition they attended).

WHEREFORE, Whitney Information Network, Inc. respectfully requests that this Court grant it relief from or clarification of this Court's March 6, 2007, Protective Order of Confidentiality, March 14, 2007, Order and August 1, 2007, Order authorizing it to review the transcript and video of any deposition in this action, to have a corporate representative attend any deposition in this action, and to file the transcript of any deposition conducted in this action with this Court (including, without limitation, in opposition to defendants' motion for summary judgment).

Dated: August 8, 2007

ROTHSTEIN ROSENFELDT ADLER
Las Olas City Centre, Suite 1650, 401 East Las Olas Boulevard, Fort Lauderdale, Florida 33301

>Respectfully submitted,
>
>By: /s/ Shawn L. Birken
>Scott W. Rothstein
>FBN: 765880
>Steven N. Lippman
>FBN: 709638
>Shawn L. Birken
>FBN: 418765
>ROTHSTEIN ROSENFELDT ADLER
>**Counsel for Plaintiffs**
>401 East Las Olas Boulevard, Suite 1650
>Fort Lauderdale, Florida 33301
>Tele: 954/522-3456
>Fax: 954/527-8663
>E-Mail: sbirken@rra-law.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9 day of August, 2007, I electronically filed the forgoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day upon all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>/s/ Shawn L. Birken
>Shawn L. Birken

H:\swrdocs\03-8471\Pleadings\Motion for clarification deposition.doc

8

ROTHSTEIN ROSENFELDT ADLER
Las Olas City Centre, Suite 1650, 401 East Las Olas Boulevard, Fort Lauderdale, Florida 33301

**SERVICE LIST**
United States District Court, Middle District of Florida
Fort Myers Division
Whitney Information Network, Inc., et al. vs. Xcentric Ventures, LLC., et al.
Case No. 2:04-cv-47-FtM-34SPC

Scott W. Rothstein, Esq.
srothstein@rra-law.com
Steven N. Lippman, Esq.
slippman@rra-law.com
Shawn L. Birken, Esq.
sbirken@rra-law.com
ROTHSTEIN ROSENFELDT ADLER
401 East Las Olas Boulevard, Suite 1650
Fort Lauderdale, Florida 33301
Tele: 954/522-3456
Fax: 954/527-8663
**Counsel for Plaintiffs**
  Whitney Information Network, Inc.
   and Russ Whitney
Via CM/ECF

Brian J. Stack, Esq.
Stack, Fernandez, Anderson
Harris & Wallace, P.A.
1200 Brickell Ave., Suite 950
Miami, FL 33131
bstack@stackfernandez.com
Tele.: 305/371-0001
Fax: 305/371-0002
**Counsel for Defendants**
 XCENTRIC VENTURES, LLC.;
 BADBUSINESSBUREAU.ORG.; and
 ED MAGEDSON

Maria Crimi Speth, Esq.
mcs@jaburgwilk.com
Jaburg & Wilk, PC
3200 North Central Avenue, Suite 2000
Phoenix, AZ 85012
Tele.: 602/248-1089
Fax: 602/248-0522
**Of-Counsel for Defendants**
  XCENTRIC VENTURES, LLC.;
  BADBUSINESSBUREAU.ORG.; and ED MAGEDSON

ROTHSTEIN ROSENFELDT ADLER
Las Olas City Centre, Suite 1650, 401 East Las Olas Boulevard, Fort Lauderdale, Florida 33301