UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WHITNEY INFORMATION NETWORK, INC., a
Colorado corporation,

                    Plaintiff,

-vs-                                      Case No. 2:04-cv-47-FtM-34SPC

XCENTRIC VENTURES, LLC., an Arizona limited
liability company; BADBUSINESSBUREAU.ORG,
an Arizona limited liability company and ED
MAGEDSON, an individual,

                    Defendants.
_____

## ORDER

      This matter comes before the Court on the Plaintiff Whitney Information, Inc.'s Motion for Relief from or to Clarify Order (Doc. #137) filed on August 9, 2007.

      On August 1, 2007, a dispute arose during the deposition of Ed Magedson. Xcentric Ventures objected to the Plaintiff's in house counsel attending the deposition of Magedson. As grounds, Xcentric Ventures cited to this Court's Protective Order (Doc. # 92) issued on March 6, 2007. The Parties brought the issue before the Court and the issue was referred to the Honorable Douglas Frazier, United States Magistrate Judge. Judge Frazier held the Protective Order did not authorize Parties to attend the deposition and therefore precluded the Plaintiff's corporate representative. Judge Frazier acknowledged that he was uninformed about the issues surrounding the Protective Order and informed the Parties they could move to reconsider the issues before Judge Chappell, the Judge who issued the original Protective Order. The Plaintiff now moves the Court to clarify the Protective Order.

The Protective Order (Doc. # 92) was issued to prevent the use of Magedson's video deposition in this case from being distributed over the internet or via any other communications avenue to the general public. The Protective Order was not intended to preclude the Plaintiff's Corporate Representative, Counsel, or In House Counsel from attending Ed Magedson's deposition.

Accordingly, it is now

**ORDERED:**

The Plaintiff Whitney Information Network, Inc.'s Motion for Relief from or to Clarify Order (Doc. #137) is **GRANTED**. The Court hereby clarifies its original Protective Order as follows: Access to confidential material shall be limited to authorized persons, solely in the performance of their duties in connection with trial preparation of this case.

Authorized Persons are:

(a) Counsel of record for the parties to this civil action who have consented to the Protective Order and signed the Promise of Confidentiality attached to (Doc. # 92);

(b) Paralegal, secretarial, administrative, and legal personnel working under the direction and control of those counsel of record;

(c) Outside experts and consultants retained by the counsel of record who have first consented to this Protective Order and signed the Promise of Confidentiality attached to (Doc. # 92) and agreed in writing to be bound by its terms; and

(d) Further access may be agreed to by the parties documented in writing or requested by any party by motion filed with this Court and approved by this Court.

(e) The Plaintiff's Corporate Representative and/or In House Counsel may view the deposition of Ed Madgeson after signing the Promise of Confidentiality attached to (Doc. # 92).

The video deposition of Ed Madgeson may not be distributed to any organization or entity that regularly maintains and/or disseminates documents or information regarding documents, including abstracts or summaries, or any other records as a service to its members, subscribers, or others, or the representative of such an organization or entity for the purpose of public distribution or any use outside the of the instant litigation.

**DONE AND ORDERED** at Fort Myers, Florida, this __20th__ day of August, 2007.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record