Maria Crimi Speth, #012574 (Admitted *Pro Hac Vice*)
**JABURG & WILK, P.C.**
3200 North Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| WHITNEY INFORMATION NETWORK, INC.; a Colorado corporation,<br><br>Plaintiffs,<br><br>v.<br><br>XCENTRIC VENTURES, LLC, an Arizona limited liability company; BADBUSINESSBUREAU.ORG, an Arizona limited liability company; and ED MAGEDSON, an individual,<br><br>Defendants. | Case No: 2:04-CV-47-ftm-34-SPC<br><br>**UNOPPOSED MOTION TO ALLOW TELEPHONIC MEDIATION** |

Defendants Xcentric Ventures, LLC, ("Xcentric"), and Ed Magedson ("Magedson") (collectively, the "Defendants") respectfully request an order allowing the parties to conduct the mediation by telephonic conference. Whitney Information Network does not oppose this motion and has agreed to a telephonic mediation. Mediator Jonathon Koch also approved. The mediation will start at 2 p.m. on September 20th.

The Court ordered Mediation to take place by January 3, 2008. The parties selected Jonathon Koch as mediator (See Doc. 108) and selected September 20, 2007 as the date for mediation (See Doc. 112).

In this case telephonic mediation presents the best opportunities for the parties to reach a satisfactory negotiated settlement without and excessive waste of resources. The parties are thoroughly familiar with the case. Defendants have been involved in many

10297-8/ASK/ASK/609930_v1

2

similar cases in the course of defending the business. Plaintiffs have been involved in the case for several years. Defendants' Motion for Summary Judgment is pending, Plaintiff has responded. Both parties have had sufficient experience and preparation in the case to conduct mediation over the telephone.

Without telephonic mediation, Magedson would be required to travel to and from Arizona by ground transportation because of his intense fear of flying. The trip would take several days and impose an unfair detriment to Defendant's business. Additionally, requiring Defendants' attorney to travel to Florida for mediation imposes unnecessary costs for travel and fees. Telephonic mediation also offers greater convenience to the Plaintiff parties.

For the reasons stated, the Court should grant Defendants' unopposed request to allow telephonic mediation at 2 p.m. on September 20th.

DATED this 14th day of September, 2007.

                                              **JABURG & WILK, P.C.**

                                              s/Maria Crimi Speth
                                              Maria Crimi Speth, Esq.
                                              Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of Sept, 2007, I caused the attached document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF Registrants:

Steven Neil Lippman
Shawn L. Birken
Scott W. Rothstein
Rothstein Rosenfeld Adler
Suite 1650
401 E Las Olas Blvd
Ft Lauderdale, FL 33301
Attorneys for Plaintiff

Brian J. Stack
Stack, Fernandez, Anderson,
Harris & Wallace, P.A.
1200 Brickell Ave., Suite 950
Miami, FL 33131-3255
Attorneys for Defendant

s/Debra Gower