Maria Crimi Speth, #012574 (Admitted *Pro Hac Vice*)
**JABURG & WILK, P.C.**
3200 North Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

Attorneys for Defendants

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| WHITNEY INFORMATION NETWORK, INC.; a Colorado corporation,<br><br>        Plaintiffs,<br><br>v.<br><br>XCENTRIC VENTURES, LLC, an Arizona limited liability company; BADBUSINESSBUREAU.ORG, an Arizona limited liability company; and ED MAGEDSON, an individual,<br><br>        Defendants. | Case No:  2:04-CV-47-ftm-29<br><br>**DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY BRIEF IN SUPPORT OF DEFENDANTS' SUMMARY JUDGMENT**<br>**AND**<br>**REQUEST FOR ORAL ARGUMENT ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

      Pursuant to Middle District Local Rule 3.01(c), Defendants respectfully move this Court for an order granting them leave to file a reply brief in support of their Motion for Summary Judgment and setting this matter for oral argument pursuant to Local Rule 3.01(j). Without a reply, this Court may be misled by the inaccurate citations and inadmissible materials proffered by Plaintiff, Whitney Information Network ("WIN").

**I.    INTRODUCTION**

      Defendants respectfully request that this Court grant leave to reply and, in addition, set Defendants' Motion for Summary Judgment for oral argument pursuant to Local Rule 3.01(j) because: 1) the WIN MSJ Response contains serious misstatements of both fact and law; 2) without the benefit of a reply, this Court may be misled into finding

a factual dispute where none actually exists; and 3) oral argument will significantly assist the Court in understanding and resolving the issues underlying the Motion for Summary Judgment.

## II.  ARGUMENT

WIN's MSJ Response suggests that material factual disputes exist even though this is entirely untrue.  WIN also presents a grossly distorted and inaccurate explanation of the law including, but not limited to, its reliance on an unpublished ruling on a 12(b)(6) motion (*MCW, Inc. v. Badbusinessbureau.com, L.L.C*) and its misreading of a case which actually *supports* the Defendants' position in this matter; *Fair Housing Council v. Roommates.com, L.L.C.*, 489 F.3d 921 (9th Cir. 2007).

### A.  The WIN MSJ Contains Materially False Assertions of Fact

As explained in Defendants' MSJ, there is not now, and has never been, any evidence whatsoever to support that Defendants created defamatory content *about* WIN. WIN cites an unpublished decision from Texas, *MCW, Inc. v. Badbusinessbureau.com, L.L.C.*, in which WIN <u>falsely</u> states that "The MCW court <u>found</u> that defendants created 'titles and various headings' such as 'Con Artist,' 'Scam' and 'Ripoff' … ." Resp. at 6.

This argument is blatantly false because, as the *MCW* ruling itself explains, the opinion cited by WIN was a ruling on a <u>12(b)(6) Motion to Dismiss</u>.  In that context, even if there is no evidence to support them, "the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff."  *MCW*, 2004 WL 833595, *6.  Thus, the *MCW* Court's ruling that "Defendants created titles" is not a "finding;" it simply explained what MCW's Complaint *alleged*.  Suggesting that this ruling demonstrates the existence of a factual dispute in *this* case is wholly without merit.

In addition, the *MCW* court never even discussed the Defendants' creation of categories which is part of WIN's claim in this case.  Despite this, the Ninth Circuit has expressly found that simply providing a list of categories for a user to choose from is <u>*not*</u>

2

<u>sufficient</u> to cause the website to lose CDA immunity. *See Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1124–25 (9th Cir. 2003).

Moreover, WIN relies on the deposition testimony of a man named Dickson Woodard, but fails to disclose the following critical points: (1) Woodard's deposition was taken in an unrelated case in which Defendants were not a party; (2) Defendants were not present at Woodard's deposition and did not have notice of the deposition and thus, pursuant to Fed.R.Civ.P. 32 the deposition can not be used "at trial or upon the hearing of a motion;" (3) Woodard himself authored a report about a company unrelated to any party in this action and gave that testimony in an effort to deflect his own liability; (4) Woodard has no relationship whatsoever with Plaintiffs and had no personal knowledge upon which to base his assertions; and (5) Woodard never mentions the reports about WIN anywhere in his deposition. Given the opportunity to reply, Defendants will submit the declaration of Dickson Woodard explaining all of the above.

### B. The WIN MSJ Misstates the Law

In its Response, WIN provides a lengthy discussion of the Ninth Circuit's recent opinion in *Fair Housing Council v. Roommates.com*, arguing that this case demonstrates that Defendants' CDA argument fails. A full discussion of *Roommates* will be part of Defendants' proposed Reply brief, but the case actually contradicts WIN's position:

> <u>We conclude that Roommate's involvement is insufficient to make it a content provider of these comments</u>. Roommate's open-ended question suggests no particular information that is to be provided by members; … . <u>Roommate is therefore not "responsible, in whole or in part, for the creation or development of" its users' answers to the open-ended "Additional Comments" form</u>, **and is immune from liability for publishing these responses**.

*Roommates*, 2007 WL 1412650, * 19–20 (emphasis added) (footnotes omitted).

### III. CONCLUSION

This case has lingered long enough. It can and should be resolved by summary judgment. Explaining why this is so requires a Reply brief, and Defendants respectfully

3

request leave to file one. Defendants further request that the Court set oral argument on Defendants' Motion for Summary Judgment at such date as is convenient to the Court.

DATED this 14th day of September, 2007.

**JABURG & WILK, P.C.**

s/Maria Crimi Speth
Maria Crimi Speth, Esq.
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of September, 2007, I caused the attached document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF Registrants:

Steven Neil Lippman
Shawn L. Birken
Scott W. Rothstein
Rothstein Rosenfeld Adler
Suite 1650
401 E Las Olas Blvd
Ft Lauderdale, FL 33301
Attorneys for Plaintiff

Brian J. Stack
Stack Fernandez Anderson
& Harris, P.A.
1200 Brickell Ave., Suite 950
Miami, FL 33131-3255
Attorneys for Defendant

s/Debra Gower