UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 2:04-cv-47-FtM-34 SPC

WHITNEY INFORMATION
NETWORK, INC., a Colorado corporation,

    Plaintiff,
v.

XCENTRIC VENTURES, LLC., an
Arizona limited liability company;
BADBUSINESSBUREAU.ORG, an
Arizona limited liability company; and
ED MAGEDSON, an individual,

    Defendants.

_____/

**RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY BRIEF IN SUPPORT OF DEFENDANTS' SUMMARY JUDGMENT AND REQUEST FOR ORAL ARGUMENT**
**AND INCORPORATED MEMORANDUM OF LAW**

    Plaintiff, Whitney Information Network, Inc. ("WIN"), hereby files this Response to Defendants' Motion for Leave to File Reply Brief in Support of Defendants' Summary Judgment and Request for Oral Argument and states:

    On September 27, 2005, WIN filed its First Amended Complaint [Court Document No. 56] against defendants, Xcentric Ventures, LLC, Badbusinessbureau.org and Ed Magedson, alleging a cause of action for defamation *per se* based upon derogatory comments about WIN contained on the "Rip-off Report" website. On June 21, 2007, each of the defendants filed their Motion for Summary Judgment and, Alternatively, Motion for Reconsideration Re: Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Personal Jurisdiction and Motion for Sanctions [Court

Document No. 115] (the "Summary Judgment Motion") in which they contend that the Communications Decency Act, 47 U.S.C. § 230(c)(1)("CDA"), grants them immunity from WIN's claim. Alternatively, defendants again seek dismissal for lack of personal jurisdiction (despite this Court's and the Eleventh Circuit's determinations to the contrary). Because defendants are responsible, at least in part, for the creation or development of the content on the "Rip-off Report" website they lose the protection of the CDA. Further, since Mr. Magedson is not the owner or operator of the website he is not entitled to the protection of the CDA. Additionally, the defendants have conclusively been determined to be subject to personal jurisdiction in this Court.

   Defendants filed the instant Motion for Leave to File a Reply Brief, arguing that WIN somehow misconstrued certain law, fact, and included a deposition of a non-party in another action.  These are all arguments that the Court can address without the need to file another memorandum, especially where WIN would be unable to respond.  This Court can clearly construe the holdings of the cases cited without the need for explanation by Defendants.  WIN relies almost exclusively on Defendant's, Magedson, deposition.  Although not admissible in trial, the deposition of Dickson Woodard is clearly admissible to combat summary judgment when the statements can be reduced to admissible form at trial.  <u>Church of Scientology Flag Service Org., Inc. v. City of Clearwater</u>, 2 F.3d 1514, 1530 (11th Cir.1993), *cert. denied,* 513 U.S. 807 (1994) (inadmissible hearsay may be considered by a court when ruling on a summary judgment motion.)

2

ROTHSTEIN ROSENFELDT ADLER
Las Olas City Centre, Suite 1650, 401 East Las Olas Boulevard, Fort Lauderdale, Florida 33301

### A. Reply Standard

Local Rule 3.01(c), Middle District of Florida states: "No party shall file any reply or further memorandum directed to the motion or response allowed in (a) and (b) unless the Court grants leave." This rule was implemented to, among other things, allow for a limit on the total number of pages utilized in memoranda and to limit judicial intrusion. See generally Local Rule 3.01(b), Middle District of Florida. "Motions for relief from page limitations are disfavored and will not be granted without a specific showing of good cause." Lockheed Martin Corp. v. The Boeing Company, 2003 WL 22962782 at *7 (M.D. Fla. 2003). This Rule is appropriate as it allows the moving party to set forth its arguments and allows the responding party the ability to rebut the moving party's position. Each side is allowed its proverbial one bite at the apple. Defendants have already set forth their position and WIN has provided its opposition. The summary judgment has been fully briefed, yet now Defendants want to make additional argument without WIN having the benefit of responding. Most significantly, since Defendants seek to attack facts set forth in WIN's opposition, which were almost exclusively taken from Defendant's, Magedson, deposition, they tacitly admit that issues of material fact exist such that summary judgment is not appropriate. U.S. v. National Semiconductor Corp., 2005 WL 189748, *3 (CIT 2005) ("Undoubtedly, the parties would rather that this matter be summarily resolved, but the reality is that the parties argue contrary interpretations of fact. As observed in *ITT Industries:* The Court cannot undertake this analysis on summary judgment.")

It should also be noted that Defendants' Motion for leave to file a Reply Brief, which would act as a way to circumvent this District's page limitation, violates Local

3

Rule 3.01(d), M.D.Fla., which states: "A motion requesting leave to file either a motion in excess of twenty-five (25) pages, a response in excess of twenty (20) pages, or a reply or further memorandum shall not exceed three (3) pages, shall specify the length of the proposed filing, and shall not include, as attachment or otherwise, the proposed motion, response, reply, or other paper." Defendants' motion is four (4) pages and would be longer had they complied with the formatting rules of the Middle District of Florida (Defendants' Motion contains one and a half spacing and one inch margins) and does not set forth the length of the proposed filing. As such, Defendants' motion is violative of the Middle District Local Rules and should be denied. It is a well settled principle of law that "'non-compliance with any [federal or] local rule is a practice to be <u>strongly condemned</u> and one which will be penalized if the circumstances warrant such action.'" <u>Wiss v. Weinberger</u>, 415 F. Supp. 293, 294 n.4 (E.D. Penn 1976) (emphasis added) (citations omitted); <u>see</u> <u>also</u> <u>Miranda v. Southern Pac. Transp. Co.</u>, 710 F.2d 516, 520 (9th Cir. 1983)(court imposed sanctions for failure to conform to local rules).

Accordingly, Defendants' Motion for Leave to File Reply Brief should be **DENIED**.

Dated: September 26, 2007

Respectfully submitted,

By: /s/ Shawn L. Birken
Scott W. Rothstein
Florida Bar No.: 765880
Steven N. Lippman
Florida Bar No.: 709638
Shawn L. Birken
Florida bar No.: 418765
ROTHSTEIN ROSENFELDT ADLER
**Counsel for Plaintiffs**
401 East Las Olas Boulevard, Suite 1650
Fort Lauderdale, Florida 33301
Tele: 954/522-3456
Fax: 954/527-8663
E-Mail: sbirken@rra-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of September, 2007, I electronically filed the forgoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day upon all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Shawn L. Birken
Shawn L. Birken

H:\swrdocs\03-8471\Pleadings\response motion leave reply.doc

5

ROTHSTEIN ROSENFELDT ADLER
Las Olas City Centre, Suite 1650, 401 East Las Olas Boulevard, Fort Lauderdale, Florida 33301

**SERVICE LIST**
United States District Court, Middle District of Florida
Fort Myers Division
Whitney Information Network, Inc. vs. Xcentric Ventures, LLC., et al.
Case No. 2:04-cv-47-FtM-34SPC

Scott W. Rothstein, Esq.
srothstein@rra-law.com
Steven N. Lippman, Esq.
slippman@rra-law.com
Shawn L. Birken, Esq.
sbirken@rra-law.com
ROTHSTEIN ROSENFELDT ADLER
401 East Las Olas Boulevard, Suite 1650
Fort Lauderdale, Florida 33301
Tele: 954/522-3456
Fax: 954/527-8663
**Counsel for Plaintiff**
  Whitney Information Network, Inc.

Brian J. Stack, Esq.
Stack, Fernandez, Anderson, Harris & Wallace, P.A.
1200 Brickell Ave., Suite 950
Miami, Florida 33131
bstack@stackfernandez.com
Tele.: 305/371-0001
Fax: 305/371-0002
**Counsel for Defendants**
 Xcentric Ventures, LLC, badbusinessbureau.org and EdMagedson

Maria Crimi Speth, Esq.
mcs@jaburgwilk.com
Jaburg & Wilk, PC
3200 North Central Avenue, Suite 2000
Phoenix, Arizona 85012
Tele.: 602/248-1089
Fax: 602/248-0522
**Counsel for Defendants**
 Xcentric Ventures, LLC, badbusinessbureau.org and EdMagedson