# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

WHITNEY INFORMATION NETWORK, INC., a
Colorado corporation,

                Plaintiff,

-vs-                                              Case No. 2:04-cv-47-FtM-34SPC

XCENTRIC VENTURES, LLC., an Arizona limited
liability company; BADBUSINESSBUREAU.ORG,
an Arizona limited liability company and ED
MAGEDSON, an individual,

                Defendants.
_____

## ORDER

      This matter comes before the Court on the Plaintiff Whitney Information Network, Inc.'s Motion for Sanctions (Doc. #154) filed on October 19, 2007. The Plaintiff filed a Supplement to the Motion for Sanctions (Doc. # 158) on October 31, 2007. The Defendant filed its Response (Doc. # 161) on November 5, 2007. The Motion is therefore, ripe for review.

      The Plaintiff alleges that during the deposition of Ed Magedson taken on August 1, 2007, the Defense Counsel passed a note to Magedson while questioning was taking place. The Plaintiff therefore, moves to have the Maria Crimi Speth, the Defendant's Counsel, *pro hoc vice* status revoked and deny her the right to appear before the Middle District, and impose the costs and fees for the retaking of Magedson's deposition in Arizona. As grounds for the retaking of the deposition, the Plaintiff states that Magedson filed an errata sheet stating that he was in error in his deposition

testimony, when he said he did not author three (3) e-mails suggesting that an individual should post a comment on RipOffReport.com. Magedson's errata sheet states he did in fact author and send those e-mails. As a result, the Plaintiff argues that Speth should be removed from the case and that it should be allowed to redepose Magedson at Magedson's expense.

The Defendant responds the note was passed during a break in the questioning and further that the instant Motion was brought for the purpose of delay. The Defendant further argues that Magedson's errata sheet applied to e-mails written in regards to another company and has nothing to do with the Plaintiff's Complaint.

Rule 30(b)(6) of the Federal Rules of Civil Procedure instructs that the examination and cross-examination of deponents should generally proceed as it would at trial. Quantachrome Corp. v. Micrometrics Instruments Corp., 189 F.R.D. 697, 701 (11th Cir. 1999). The Plaintiff relies on Hall v. Clifton Precision, 150 F.R.D. 525, 527 (E.D. Penn. 1993), for the proposition that no communications should occur between a counsel and deponent during a deposition. The Hall Court ruled that a witness and his attorney may not confer during a deposition even if during a break in questioning or lunch recess. Id. at 529.

Whether counsel can speak with a deposition witness during a break is still an unsettled question. *See* Steven Baicker-McKee, William M. Janssen, and John B. Corr, *Federal Civil Rules Handbook 2007*, (West 2007) (citing to Hall, 150 F.R.D. at 527; In Re Stratosphere Corp. Securities Litigation, 182 F.R.D. 614, 620 (D. Nev. 1998)). The Court cannot find a Middle District nor Eleventh Circuit case that directly contradicts nor supports the absolute ban the Plaintiff contends the Hall decision requires. Further, the parties have not supplied the court with any applicable law on the issue. However, it is clear from the language of the statute that passing a note during a deposition

is not proper conduct, and should not be repeated. Nevertheless, after a review of the Motions, Responses, and Eleventh Circuit case law regarding the incident, the Court does not find good cause to sanction the Defendant nor its counsel Speth. The note was passed during a break with no question pending albeit while the deposition was in session. The note does not seem to be relevant to the errata sheet which the Plaintiff relies upon to compel Magedson to appear at a new deposition for that reason.

Notwithstanding the Court's determination that sanctions are not appropriate at this point in time, the Court cautions both parties that depositions should be limited to what they are intended to be under the Federal Rules, a question and answer session between a lawyer and a witness aimed at uncovering the facts of the lawsuit. Collins v. International Dairy Queen, 1998 LEXIS 8254 *4 (11th Cir. June 3, 1998). The Rules are designed to insure that the testimony taken during the deposition is completely that of the deponent rather than a version of the testimony which has been edited or glossed by the deponent's lawyer. Id. Counsel for both parties should be aware that future disruptive conduct such as note passing, unwarranted communications, suggestions or cautions that indicate how a witness should answer, may lead to sanctions by this Court. The parties are reminded that discovery in this district should be practiced with a spirit of cooperation and civility. M.D. Fla. Rules of Discovery I(A)(1), an attitude that has been woefully lacking in this particular case for quite some time.

Accordingly, it is now

**ORDERED:**

The Plaintiff Whitney Information Network, Inc.'s Motion for Sanctions (Doc. #154) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___21st___ day of November, 2007.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record